IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-3747-NRN

KEVIN O'ROURKE, NATHANIEL L. CARTER, LORI CUTUNILLI, LARRY D. COOK, ALVIN CRISWELL, KESHA CRENSHAW, NEIL YARBROUGH, and AMIE TRAPP,

Plaintiffs, on their own behalf and of a class of similarly situated persons,

v.

DOMINION VOTING SYSTEMS INC., a Delaware corporation, FACEBOOK, INC., a Delaware corporation, CENTER FOR TECH AND CIVIC LIFE, an Illinois non-profit organization, MARK E. ZUCKERBERG, individually, PRISCILLA CHAN, individually, BRIAN KEMP, individually, BRAD RAFFENSPERGER, individually, GRETCHEN WHITMER, individually, JOCELYN BENSON, individually, TOM WOLF, individually, KATHY BOOCKVAR, individually, TONY EVERS, individually, ANN S. JACOBS, individually, MARK L. THOMSEN, individually, MARGE BOSTELMAN, individually, JULIE M. GLANCEY, DEAN KNUDSON, individually, ROBERT F. SPINDELL, JR, individually, and DOES 1-10,000,

Defendants.

---

**DEFENDANT FACEBOOK, INC.'S MOTION TO STAY DISCLOSURES AND DISCOVERY PENDING RULING ON MOTION TO DISMISS**

---

Pursuant to Fed. R. Civ. P. 26(c), Defendant Facebook, Inc. respectfully requests a stay of discovery pending the Court's ruling on its Motion to Dismiss (Doc. 23). Following efforts to confer pursuant to D.C.Colo.LCivR 7.1, Plaintiffs oppose the motion.

## I.   INTRODUCTION

This case is merely the latest in a series of summarily dismissed actions seeking to overturn the results of the 2020 Presidential election. Equity requires a stay of disclosures and discovery in this case while the Court evaluates Facebook's Motion to Dismiss, which establishes that the Court lacks personal and subject matter jurisdiction over Plaintiffs' claims against Facebook, along with multiple other independent bases for dismissing Plaintiffs' claims.

To force Facebook to engage in burdensome, expensive, and likely wasteful disclosures and discovery while its Motion to Dismiss remains pending would be unjust. Plaintiffs' claims have been rejected by numerous courts across the country, and Plaintiffs make no allegations to show they can bring these claims against Facebook in this jurisdiction or at all.

By contrast, the relief Facebook seeks in this motion is narrow, temporary, and targeted to avoid these harms: a brief stay of disclosures and discovery while the Court considers its Motion to Dismiss. This brief stay will not materially delay the progress of this case. There is no reason to believe Plaintiffs will be prejudiced by such a stay.

The Court must construe the Federal Rules of Civil Procedure, including Rule 26(c), to secure a resolution of this matter that is just, speedy, and inexpensive. *See* Fed. R. Civ. P. 1. Staying disclosures and discovery pending a ruling on Facebook's Motion to Dismiss materially advances the goal of a just and inexpensive resolution, without meaningfully detracting from the speedy resolution of this matter. The Court should grant this motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that Facebook violated their First and Fourteenth Amendment rights by monitoring its platform for election misinformation and in connection with purported donations of money to organizations that later contributed funds to aid the administration of the 2020 election. Similar claims regarding the election and assertions that votes were diluted or diminished by the fact that others engaged in election-related conduct have been summarily dismissed by courts across the country.[1] The same is true of Plaintiffs' challenges to the propriety of Defendant Center for Tech and Civic Life's donations related to the election.[2]

Plaintiffs filed this Complaint on December 22, 2020, 49 days after the November 3 general election, and 11 days after each state certified the results of the election. Compl. (Doc. 1). Facebook was served with this lawsuit on January 5, 2021 and, following a stipulated 21-day

---

[1] *Feehan v. Wisc. Elections Comm.*, 2020 WL 7250219, at *9 (E.D. Wisc. Dec. 9, 2020); *Bognet v. Secretary Commonwealth of Penn.*, 980 F.3d 336, 354–55 (3d Cir. 2020) ("conceptualization of vote dilution" meaning that "state actors counted other ballots [even] in violation of state election law—is not a concrete harm"); *Wood v. Raffensperger*, 981 F.3d 1307, 1314–15 (11th Cir. 2020) (rejecting "vote dilution" standing theory based on counting of others' votes or "arbitrary and disparate treatment" theory based on alleged "preferred class" of voters); *Bowyer v. Ducey*, 2020 WL 7238261, at *5 (D. Ariz. Dec. 9, 2020) (voters lacked standing to bring constitutional claims based on allegations that officials allowed other votes to be counted and thus diluted their voters because "these allegations are nothing more than generalized grievances that any . . . who voted could make if they were so allowed" and collecting cases); *King v. Whitmer*, 2020 WL 7134198, at *9–11 (E.D. Mich. Dec. 7, 2020) (same); *Trump v. Kemp*, 2021 WL 49935, at *4–6 (N.D. Ga. Jan. 5, 2021) (same); *Shipley v. Chicago Bd. of Election Comm'rs*, 947 F.3d 1056, 1062 (7th Cir. 2020) (similar).

[2] *See, e.g.*, *Texas Voters All. v. Dallas Cnty.*, 2020 WL 6146248, at *5 (E.D. Tex. Oct. 20, 2020) (rejecting Plaintiffs' argument "that the grants create a public-private partnership between the Counties and the CTCL that is constitutionally impermissible"); *Iowa Voter All. v. Black Hawk County*, 2021 WL 276700, at *5 n. 3 (N.D. Iowa Jan. 27, 2021) (observing Court was "thoroughly unconvinced that the counties violated any particular law by accepting the CTCL grants"); *Wisconsin Voters All. v. City of Racine*, No. 20-cv-01487, ECF No. 49 (E.D. Wis. Oct. 19, 2021) (same).

extension of time within which to respond to the Complaint, filed a Motion to Dismiss on February 16, 2021. The parties' proposed scheduling order is due on March 4, 2021.

### III. ARGUMENT

#### A. Applicable Legal Standard

Under Fed. R. Civ. P. 26(c), "the Court has discretion to stay discovery while a dispositive motion is pending." *Mariani v. Titeflex Corp.*, 2013 WL 6688966, at *1 (D. Colo. Dec. 19, 2013). Rule 26 "is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." *Dabney v. Maddock*, 2011 WL 7479164, at *11 (N.D.N.Y. Nov. 29, 2011).

While such stays are disfavored as a general matter, courts regularly have observed that staying discovery is particularly appropriate where, as here, a motion to dismiss challenging a court's jurisdiction is pending. *See, e.g.*, *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (stay of discovery not an abuse of discretion where defendant filed motion to dismiss challenging subject matter jurisdiction); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (30-day stay of discovery appropriate in light of pending motion to dismiss for lack of personal jurisdiction); *Mariani*, 2013 WL 6688966, at *1 ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."); *Lindhurst v. USA, Soc. Sec. Admin.*, 2012 WL 5381576, at *1 (D. Colo. Oct. 31, 2012) (collecting cases).

Similarly, courts have been particularly willing to stay discovery where, again as here, a ruling on a defendant's motion to dismiss may dispose of all, or substantially all, of the claims in a case. *See, e.g.*, *Knight v. Valley Country Club*, 2015 WL 12550894, at *1 (D. Colo. Feb. 18,

3

2015) ("[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action.") (citation omitted); *Spencer Trask Software & Info. Serv's, LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery pending determination of motion to dismiss where court found defendants presented "substantial arguments" for dismissal of many if not all claims in lawsuit); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When determining whether to stay discovery, courts in this District consider the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2. Here, these factors weigh heavily in favor of a stay.

### B.  Prejudice to Plaintiffs from a Stay

Plaintiffs will suffer no prejudice from staying disclosures and discovery until after the Motion to Dismiss is resolved. Plaintiffs have demonstrated no urgency in prosecuting this action, having waited 49 days after the November 3, 2020, election to file suit, and 63 days after the election to serve Facebook with the Complaint. Several courts have dismissed election-related claims filed *earlier* than the Complaint under the doctrine of laches. *See, e.g., King*, 2020 WL 7134198, at *6–7 (denying claims related to alleged electoral interference and influence on laches ground where filed 21 days after the election and collecting cases); *Trump v. Wisc. Elections*

4

*Comm'n*, 983 F.3d 919, 925–26 (7th Cir. 2020) (affirming dismissal of suit brought after election seeking to challenge rules' impact on election based on the doctrine of laches and collecting cases).

### C. Burden on Facebook of Proceeding with Discovery

If the Court were to allow Plaintiffs to seek discovery while considering Facebook's Motion to Dismiss, Facebook would face a significant burden. Plaintiffs' wide-ranging Complaint makes clear that the scope of the information they will seek will be extremely broad. They will likely pursue confidential and sensitive information regarding how Facebook identified election misinformation spread on its platform, how it enforced its platform policies against those spreading election misinformation, and whether, how, and why Facebook donated to specific organizations and not others (though Plaintiffs do not specifically allege that Facebook actually donated any money or to whom it did so). The latter topic improperly threatens to chill and burden Facebook's exercise of its First Amendment rights. Given the significant shortcomings in the Complaint, it is manifestly unfair to force Facebook to engage in time-consuming and expensive discovery while its Motion to Dismiss remains pending.

Facebook believes the Court should dismiss the Complaint entirely, and its Motion to Dismiss raises multiple independent grounds for dismissing Plaintiffs' claims. *First*, Plaintiffs' allegations are facially insufficient to assert personal jurisdiction over Facebook in Colorado. Plaintiffs fail to make any allegation that Facebook is at home in Colorado, that Facebook's allegedly unlawful conduct took place in Colorado, or that any purported conduct in Colorado "gave rise to the liabilities sued on." *Daimler AG v. Bauman*, 571 U.S. 117, 126–28 (2014). Plaintiffs do not allege Facebook engaged in any relevant conduct at all in Colorado. *Second*, Plaintiffs fail to show they have standing to bring any constitutional claim. In none of the 84 pages

5

and more than 400 paragraphs of their Complaint do Plaintiffs explain what their concrete, personalized injury is with any reasonable specificity or how any judicially sanctioned remedy could redress it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). *Third*, Plaintiffs never explain how Facebook's action could be treated as those of a state actor—a preliminary requirement for their constitutional claims under 42 U.S.C. § 1983. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001); *Raiser v. Kono*, 245 F. App'x 732, 736 (10th Cir. 2007). *Fourth*, Facebook's alleged conduct, which includes fact-checking and removal of user posts perpetuating misinformation, *see* Compl. ¶¶ 51–52, is the kind of editorial function protected by Section 230 of the Communications Decency Act, which bars any finding of liability here. *Silver v. Quora, Inc.*, 666 F. App'x 727, 729 (10th Cir. 2016). *Fifth*, imposing liability on an entity simply by virtue of its alleged charitable donations would impermissibly burden First Amendment activities (though it is unclear what precise conduct Plaintiffs seek to challenge in this regard, as they do not allege that Facebook made any specific donations to any specific organization and thus appear merely to be attempting to chill Facebook's general right to donate to any organizations of its choosing). *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958) (recognizing right to donate to non-profits implicates First Amendment rights). And the list of defects goes on.

      This Court has observed that the burden of conducting discovery that is not otherwise necessary is a significant factor weighing in favor of a stay. *See, e.g.*, *Knight*, 2015 WL 12550894, at *2 ("[T]here is certainly a burden on Defendants if a stay is not put in place. Defendants may be forced to conduct discovery which may not otherwise be necessary."). That is the case here. The prejudice to Facebook proceeding with discovery weighs strongly in favor of a stay.

### D.  Convenience of the Court and Conservation of Judicial Resources

Staying disclosures and discovery in this case will further judicial efficiency and conserve scarce judicial resources. Given Plaintiffs' expansive, unfounded, and repeatedly rejected theory of the case, and their purported desire to represent all 160 million voters in America, it is highly likely that if discovery aimed at Facebook were to proceed on Plaintiffs' claims as currently constituted, disputes would follow. These disputes may require the Court's attention, whether through telephone conferences or motions practice.

"[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed." *Advanced Career Techs., Inc. v. Does*, 2014 WL 3749218, at *1 (D. Colo. July 30, 2014) (citations omitted). Staying disclosures and discovery on claims that later are dismissed—particularly on jurisdictional grounds—will relieve this Court from having to needlessly go to the trouble of overseeing scheduling issues and adjudicating discovery disputes. A proposed scheduling order is not set to be entered until March 4, 2021. Entering the stay will require far fewer judicial resources than an effort to shepherd the parties through discovery on claims that do not survive the Motion to Dismiss.

### E.  Interest of Nonparties

Staying disclosures and discovery, pending a decision on the Motion to Dismiss, is in the interest of potential non-party witnesses. Facebook may depose multiple non-party witnesses, including those who allege various misdeeds in conclusory fashion in the Complaint's lengthy appendage of additional materials. It is clearly in the interest of these nonparties that discovery involving them be stayed, since the stay may result in their depositions being rendered unnecessary.

7

### F. Interest of the Public

The public has an overwhelming interest in staying disclosures and discovery while the Court considers whether Facebook has been hauled before the Court improperly to answer a meritless, jurisdictionally deficient suit that seeks to burden protected First Amendment conduct. Staying such disclosures and discovery will ensure that Facebook's (and other's) resources are not needlessly diverted. It will also further the public's general interest in the "efficient and just resolution" of this matter. *See Hedin v. Amedisys Holding, L.L.C.*, 2013 WL 6075796, at *2 (D. Colo. Nov. 19, 2013). "Avoiding wasteful efforts by the Court clearly serves this interest," *id.*, and counsels in favor of a stay here.

## IV. CONCLUSION

For all these reasons, Defendant respectfully requests that the Court issue an Order staying disclosures and discovery pending a ruling on Facebook's Motion to Dismiss.

8

Dated: February 16, 2021

Respectfully submitted,

/s/ Joshua S. Lipshutz

Joshua S. Lipshutz
**GIBSON DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, NW
Washington, DC  20036
Telephone: 202.955.8217
Facsimile: 202.530.9614
Email: jlipshutz@gibsondunn.com

Ryan T. Bergsieker
Natalie J. Hausknecht
**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street, Suite 4200
Denver, CO  80202-2642
Telephone: 303.298.5700
Facsimile: 303.298.5907
Email: rbergsieker@gibsondunn.com
nhausknecht@gibsondunn.com

Craig B. Streit
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: 415.393.8225
Facsimile: 415.374.8487
Email: cstreit@gibsondunn.com

*Attorneys for Facebook, Inc.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2021, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

*/s/ Joshua S. Lipshutz*
Joshua S. Lipshutz