Ex. 2

# SOFTWARE LICENSE AGREEMENT

This Agreement (the "Agreement") is made or the January 1, 2020 (the "Effective Date")

BETWEEN

**DOMINION VOTING SYSTEMS, INC.**, located at 1201 18th Street, Suite 210, Denver, CO 80202 ("Dominion")

AND

**DUPAGE COUNTY, IL** located at 421 N. County Farm Road, Wheaton, Il 60187 ("Customer")

**WHEREAS** The Customer seeks to purchase software licenses from Dominion and Dominion is agreeable to providing such software licenses subject to the following terms and conditions:

**NOW IT IS HEREBY AGREED AS FOLLOWS:**

**1. Definitions.**

1.1. "Party" or "Parties" Dominion and Customer may hereinafter be referred to individually as a Party and collectively as the Parties.

1.2. "Software" means software and firmware licensed by Dominion hereunder, in object code form, including all documentation therefore.

1.3. "Specifications" means descriptions and data regarding the features, functions and performance of the Software, as set forth in user manuals or other applicable documentation provided by Dominion.

1.4. "Third-Party Products" means any software or hardware obtained from third-party manufacturers or distributers and provided by Dominion hereunder.

**2. Term.** This Agreement is effective as of the Effective Date and expires on December 31, 2020 (the "Term"). On expiration of the Term (a) the licenses granted in this Agreement will automatically terminate, (b) Customer shall cease any further use of the Software, and (c) return the Software pursuant to Section 6.2 herein. Notwithstanding such expiration or termination, Section 5 (Payment) to the extent any payment is due and Section 8 (Confidential Information) will survive any expiration or termination of this Agreement in accordance to their respective terms. The terms of this Agreement that do not survive expiration or termination will nonetheless be effective in determining the Parties' rights and obligations for events taking place before such expiration or termination.

3. License Terms.

3.1. License to Software. Subject to the terms of this Agreement, Dominion grants Customer a non-exclusive, non-transferrable license to use the Software solely for the Customer's own internal business purposes and solely in conjunction with Dominion's products. This License shall only be effective during the Term and cannot be transferred or sublicensed. This License includes the types and numbers of copies specified in Schedule A of the Software identified therein.

3.2. Print Copyright License. Subject to the Print Copyright License terms and conditions as defined in Schedule B to this Agreement, Dominion grants to Customer a non-exclusive, non-transferable print copyright license as defined in Schedule B.

3.3. Third-Party Products. Subject to the terms of this Agreement and when applicable, Dominion agrees to sublicense any software that constitutes or is contained in Third-Party Products, in object code form only, to Customer for use during the Term as part of the System for the purposes described in Section 3.1 of this Agreement. This sublicense is conditioned on Customer's continued compliance with the terms and conditions of the end-user licenses contained on or in the media on which such software is provided.

3.4. No Other Licenses. Other than as expressly set forth in this Agreement, (a) Dominion grants no licenses, expressly or by implication, and (b) Dominion's entering into and performing the Agreement will not be deemed to license or assign any intellectual property rights of Dominion to Customer or any third party. Without limiting the foregoing sentence, Customer agrees to use each copy of the Software outlined in Schedule A hereto, with which the copy is supplied, agrees not to use any Software as a service bureau for elections outside the Customer's jurisdiction and agrees not to reverse engineer or otherwise attempt to derive the source code of any Software. The Customer shall have no power to transfer or grant sub-licenses for the Software. Any use of all or any portion of the Software not expressly permitted by the terms of this Agreement is strictly prohibited.

3.5. Upgrades. In the event that Dominion, at its sole discretion, certifies a software upgrade under the applicable provisions of the election laws and regulations of the Customer's State, Dominion may make the certified software upgrade available to the Customer at no additional costs to the Customer.

3.6. Certification Requirement. Notwithstanding any other terms of this Agreement, Dominion shall not provide, and shall not be obligated to provide under this Agreement any upgrade, enhancement or other software update that has not been certified under the applicable provisions of the election laws and regulations of the Customer's State.

4. Payment. In consideration of the grant of the license, the Customer shall pay Dominion the annual Software License Fee set forth in Schedule A of the Agreement pursuant to the terms set forth in Illinois law, specifically the Local Government Prompt Payment Act (50 ILCS 505/1, et seq.). Customer is responsible for all sales, excise, personal property or other taxes or duties on the amounts paid or products or services provided under this Agreement. If Customer is exempt from such taxes or duties, Customer shall provide Dominion with a tax exemption certificate.

## 5. Termination.

6.1 <u>Termination for Cause</u>. If either Party materially breaches this Agreement and does not cure the breach within 30 days after receiving written notice of the breach from the non-breaching Party, the non-breaching Party may terminate this Agreement as of a termination date specified in that notice or in a subsequent notice delivered within the 30-day period. If the breach cannot be completely cured within the 30-day period, no default will occur if the Party receiving the notice begins curative action within the 30-day period and thereafter proceeds with diligence and in good faith to cure the breach as soon as practicable.

6.2 <u>Return of Software</u>. Upon termination or expiration of this Agreement, Customer shall (i) forthwith return to Dominion all Software in its possession or control, or, if so requested by Dominion, destroy all such Software from any electronic media, and certify in writing to Dominion that it has been destroyed.

## 6. Warranties.

7.1 <u>Software</u>. Dominion warrants that the Software will function substantially in accordance with the Specification. If the Customer believes that the Software is not functioning substantially in accordance with the Specifications, the Customer shall provide Dominion with written notice of the material failure within thirty (30) days of discovering the material failure, provided that the Customer can reproduce the material failure to Dominion. The Customer's exclusive remedy under this warranty shall be, at Dominion's sole option (a) return of the Annual Software License Fee set forth in Schedule A paid by the Customer (if any) for the Software, or (b) Dominion shall use reasonable efforts to correct the material failure of the Software. The foregoing warranty shall be void in the event of the Software (i) having been modified by any party other than Dominion or (ii) having been used by the Customer for purposes other than those for which the Software was designed by Dominion.

7.2. <u>Third-Party Products</u>. The warranties in this Section 7 do not apply to any Third-Party Products. However, to the extent permitted by the manufacturers of Third-Party Products, Dominion shall pass through to Customer all warranties such manufacturers make to Dominion regarding the operation of such Third-Party Products

7.3. <u>NO OTHER WARRANTIES.</u> EXCEPT FOR THE WARRANTIES SPECIFICALLY PROVIDED IN THIS SECTION 7 AND SECTION 4, DOMINION DISCLAIMS ALL OTHER REPRESENTATIONS AND WARRANTIES, WHETHER WRITTEN, ORAL, EXPRESS, IMPLIED OR STATUTORY, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND ANY WARRANTY BASED ON A COURSE OF DEALING, COURSE OF PERFORMANCE OR USAGE OF TRADE.

## 8. Confidential Information.

Customer acknowledges that the Software and related documentation (collectively, the "Information") (i) constitutes confidential and proprietary trade secrets, disclosure of which would materially injure Dominion's business and competitive position, and (ii) is exempt from disclosure under, the terms of any applicable freedom of information, open public records act or similar statute ("FOIA Statute").

Customer therefore agrees, to the maximum extent permitted by law, to keep confidential and not to disclose any of the Information to any other person or entity, or use such Information for any purpose other than as expressly permitted by this Agreement. Customer shall limit disclosure to employees of Customer having a need to know to perform their duties to Customer who have agreed in writing to be bound by the restrictions of this Section 8. Customer shall take any and all action necessary or appropriate to assert all applicable or potentially applicable exemptions from disclosure under the FOIA Statute and take all other legally permissible steps to resist disclosure of the Information including, without limitation, commencement or defense of any legal actions related to such disclosure. In the event Customer receives a request for Information under the FOIA Statute, Customer shall inform Dominion of such request within ten (10) days of Customer's knowledge or such shorter period as necessary under the FOIA Statute to avoid prejudice to Dominion's ability to oppose disclosure. Dominion shall use its best efforts to assist and support Customer's exercise of any statutory exemption in denying a records request under the Freedom of Information Act (5 ILCS 140/1 et seq.). In the event that Customer becomes subject to fines, costs or fees pursuant to Section 11 of the Freedom of Information Act (5 ICLS 140/11) relying upon Dominion's claim that the information requested is exempt, Dominion shall indemnify Customer for those fines, fees and costs, notwithstanding any other provisions in this agreement. In the event Customer is required by court order to disclose any of the Information, Customer shall give written notice to Dominion at the earlier as soon as reasonably practical after the imposition of such an order.

**9.    Prohibited Acts.** The Customer shall not, without the prior written permission of Dominion:

9.1.    Transfer or copy onto any other storage device or hardware or otherwise copy the Software in whole or in part except for purposes of system backup;

9.2.    Reverse engineer, disassemble, decompile, decipher or analyze the Software in whole or in part;

9.3.    Alter or modify the Software in any way or prepare any derivative works of the Software or any part of parts of the Software;

9.4.    Alter, remove or obstruct any copyright or proprietary notices from the Software, or fail to reproduce the same on any lawful copies of the Software.

**10.    Limitation of Liability.** Dominion's total aggregate liability for any loss, damage, costs or expenses under or in connection with this Agreement and in connection with this Agreement howsoever arising, including without limitation loss, damage, costs or expenses caused by breach of contract, negligence, strict liability, breach of statutory or any other duty shall in no circumstances exceed the total contract dollar amount of this Agreement. Neither party shall be liable for any loss of profits, loss of business, loss of data, loss of use or any other indirect, incidental special or consequential loss or damage whatsoever, howsoever arising, incurred by either Party or any third party, whether in an action in contract, negligence or other tort, even if the parties or their representatives have been advised of the possibility of such damages.

## 11. General provisions.

**11.1 Entire Agreement.** This Agreement and its Schedules constitute the entire agreement between the Customer and Dominion with respect to the Services, and hereby supersedes and terminates any prior agreements or understandings relating to such subject matter. No addendum, waiver, consent, modification, amendment or change of the terms of this Agreement shall bind either Party unless in writing and signed by the Customer and Dominion.

**11.2 Severability.** If any provision hereof should be held invalid, illegal or unenforceable in any respect in any jurisdiction, then, to the fullest extent permitted by law, (i) all other provisions hereof shall remain in full force and effect in such jurisdiction and shall be liberally construed in order to carry out the intentions of the Parties as nearly as may be possible and (ii) such invalidity, illegality or unenforceability shall not affect the validity, legality or enforceability of such provision in any other jurisdiction.

**11.3 Notices.** Any notice by a Party under this Agreement shall be in writing and either personally delivered, delivered by facsimile or sent via reputable overnight courier (such as Federal Express) or certified mail, postage prepaid and return receipt requested. Notices shall be sent to the address of the Parties set forth in the first paragraph hereof, or in any case to such other address of which either Party may from time to time notify the other in accordance with this Section 18.3. All notices shall be deemed effective on the date of actual receipt.

**11.4 Governing Law and Jurisdiction.** The validity, construction and interpretation of this Agreement, and the rights and duties of the Parties, shall be governed by and construed in accordance with the laws of the Customer's state identified on Page 1 of this Agreement.

**11.5 No Waiver.** The waiver by either Party of a breach of a default of any provision of this Agreement by the other Party shall not be construed as a waiver of any succeeding breach of the same or any other provision, nor shall any delay or omission on the part of either Party to exercise or avail itself of any right, power or privilege that it has, or may have hereunder, operate as a waiver of any right, power or privilege by such Party.

**11.6 Section Headings.** Captions and section headings hereof are for reference purposes only and shall not control or alter the meaning of this Agreement as set forth in the text.

**11.7 Force Majeure.** Neither Party shall be liable in damages, or shall be subject to termination of this Agreement by the other Party, for any delay or default in performing any obligation hereunder if that delay or default is due to any force majeure event, including without limitation any natural disasters act of any government or other authority or statutory undertaking, act of terrorism, industrial dispute, fire, explosion, accident, power failure, flood, riot or war (declared or undeclared); provided that, in order to excuse its delay or default hereunder, a Party shall notify the other of the force majeure event,

specifying the nature and particulars thereof and the expected duration thereof; and provided, further, that within fifteen (15) calendar days after the termination of force majeure event, such Party shall give notice to the other Party specifying the date of termination thereof.

11.8 <u>Execution in Counterparts</u>. This Agreement may be executed in counterparts, each of which counterparts, when so executed and delivered, shall be deemed to be an original, and all of which counterparts, taken together, shall constitute one and the same instrument.

11.9 <u>Assignment</u>. Neither Party may assign any rights or delegate any obligations under this Agreement without the prior written consent of the other Party.

11.10 <u>No Third Party Beneficiaries</u>. Dominion and Customer agree that this Agreement is for the benefit of the parties hereto and is not intended to confer any rights or benefits on any third party, and that there are no third-party beneficiaries of this Agreement or any part or specific provision of this Agreement, and no third party shall have any right to enforce this Agreement or any provision hereof.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the Effective Date.

**DOMINION VOTING SYSTEMS, INC.**

███████████████
AUTHORIZED SIGNATURE

John Poulos
PRINTED NAME

President & CEO
TITLE

1/23/2020
DATE

**DUPAGE COUNTY, IL**

███████████████
AUTHORIZED SIGNATURE

Scott Mackey
PRINTED NAME

Deputy County Clerk
TITLE

1/24/20
DATE

███████████████

Jean Kaczmarek

DuPage County Clerk

1/24/20

## SCHEDULE A

## PRICING AND PAYMENT SCHEDULE

1. <u>Annual Software License Fee</u>

For the period beginning January 1, 2020 through December 31, 2020 to be paid annually within 30 days of the Customer's receipt of the Dominion invoice.

| Quantity | Product Description | Unit Price | Total Annual Fee |
|---|---|---|---|
| 1 | SLA-GEMS Software License | $25,000.00 | $25,000.00 |
| 1 | SLA-Security Key Card Tool Software License | $1,600.00 | $1,600.00 |
| 1 | SLA-VC Programmer Software License | $750.00 | $750.00 |
| 850 | SLA-AVOS Software License | $5.00 | $4,250.00 |
| 732 | SLA-TSX Software License | $5.00 | $3,660.00 |
| | | Total Annual Fee | $35,260.00 |

## SCHEDULE B

## PRINT COPYRIGHT LICENSE TERMS AND CONDITIONS

1. **Definitions.** For the purposes of this Agreement, the following are defined terms:

    1.1. "Derivative Works" shall mean any work that is based upon or derived from Dominion's voting systems' ballots, including without limitation, sample ballots and voting booklets.

    1.2. "Voting Systems' Ballots" shall mean any ballot created for use with any voting system owned or licensed by Dominion.

2. **Print Copyright License and Use.**

    1.1. <u>Copyright License Grant</u>. Dominion grants to the Customer a non-exclusive, non-transferable copyright license to print, reproduce, distribute or otherwise copy Dominion's Voting Systems' Ballots or any Derivative Works (collectively the "Materials") pursuant to the terms and conditions of this Schedule B.

    1.2. <u>Copyright License Use.</u> Other than as expressly set forth herein, (a) Dominion grants no other licenses, expressly or by implication, and (b) Dominion's entering into and performing the Agreement will not be deemed to license or assign any intellectual property rights of Dominion to Customer or any third party, (c) the copyright license granted herein cannot be transferred or sublicensed and the Voting Systems' Ballots or Derivative Works cannot be reproduced by any third party without the prior written consent of Dominion, including without limitation:

    (i) any commercial or non-commercial printer
    (ii) any third party vendor using ballot on demand system.

    2.3. <u>Rights and Interests</u>. All right, title and interest in the Material, including without limitation, any copyright, shall remain with Dominion.

3. **No Copyright Warranties.** DOMINION DISCLAIMS ALL REPRESENTATIONS AND WARRANTIES, WHETHER WRITTEN, ORAL, EXPRESS, IMPLIED OR STATUTORY, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND ANY WARRANTY BASED ON A COURSE OF DEALING, COURSE OF PERFORMANCE OR USAGE OF TRADE.