IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-3747-NRN

KEVIN O'ROURKE,
NATHANIEL L. CARTER,
LORI CUTUNILLI,
LARRY D. COOK,
ALVIN CRISWELL,
KESHA CRENSHAW,
NEIL YARBROUGH and
AMIE TRAPP,

    Plaintiffs,

v.

DOMINION VOTING SYSTEMS, INC., a Delaware corporation,
FACEBOOK, INC., a Delaware corporation,
CENTER FOR TECH AND CIVIC LIFE, an Illinois non-profit organization,
MARK E. ZUCKERBERG, individually,
PRISCILLA CHAN, individually,
BRIAN KEMP, individually,
BRAD RAFFENSPERGER, individually,
GRETCHEN WHITMER, individually,
JOCELYN BENSON, individually,
TOM WOLF, individually,
TONY EVERS, individually,
ANN S. JACOBS, individually,
MARK L. THOMSEN, individually,
MARGE BOSTELMAN, individually,
JULIE M. GLANCEY, individually,
DEAN KNUDSON, individually,
ROBERT F. SPINDELL, JR., individually, and
DOES1-10,000,

    Defendants.

---

**DEFENDANTS GOVERNOR GRETCHEN WHITMER'S AND SECRETARY OF STATE JOCELYN BENSON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2) AND 12(b)(6)**


# TABLE OF CONTENTS

Page

Table of Contents ............................................................................................................... i

Index of Authorities .......................................................................................................... ii

Introduction ....................................................................................................................... 1

Statement of Facts ............................................................................................................. 2

Argument ........................................................................................................................... 5

I.     The Michigan Defendants' motion to dismiss must be granted where this Court lacks personal jurisdiction over Defendants. ................................... 5

        A.     Legal standard ....................................................................................... 5

        B.     Plaintiffs cannot satisfy their burden of demonstrating personal jurisdiction. ............................................................................................. 5

II.    The Michigan Defendants' motion to dismiss must be granted where Plaintiffs have failed to state a claim against Defendants. .............................. 7

        A.     Legal standard ....................................................................................... 7

        B.     Plaintiffs fail to state a claim as to Governor Whitmer and Secretary Benson. ................................................................................. 8

Conclusion and Relief Requested ................................................................................... 13

# INDEX OF AUTHORITIES

Page

**Cases**

*Albright v. Oliver*, 510 U.S. 266 (1994)..........................................................................11

*Arizona State Legislature v. Arizona Independent Redistricting Comm.*, 576 U.S. 787 (2015) ................................................................................................................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)............................................................................7

*AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054 (10th Cir. 2008) ........5

*Bailey v Antrim County, et al.*, Antrim Circuit Court No. 20-9238 ............................3

*Bally, et al. v. Whitmer, et al.,* Case No. 1:20-cv-1088 (W.D. Mich, 2020)...................2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..........................................................7

*Bennett v. Yoshina*, 140 F.3d 1218 (9th Cir. 1998).......................................................11

*Bognet v. Secretary Commonwealth of Pennsylvania*, 980 F.3d 336 (3rd Cir. 2020) .................................................................................................................... 8, 10

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ............................................ 6, 7

*Bush v. Gore*, 531 U.S. 98 (2000).....................................................................................9

*Carson v. Simon*, 978 F.3d 1051 (8th Cir. 2020) ..........................................................9

*Cook v. Gralike*, 531 U.S. 510 (2001) .............................................................................8

*Daimler AG v. Bauman*, 571 U.S. 117 (2014)......................................................... 6, 7

*Davis v. Secretary of State*, 2020 WL 5552822  (Mich. Ct. App., Sept. 16, 2020)........ 4

*Donald J. Trump for President, Inc. v. Boockvar*, No. 2:20-CV-966, 2020 WL 5997680 (W.D. Pa. Oct. 10, 2020) ....................................................................10

*Donald J. Trump for President, Inc. v. Cegavske*, No. 2:20-CV-1445 JCM (VCF), 2020 WL 5626974 (D. Nev. Sept. 18, 2020)....................................................9

*Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008) ................................................................................................................................5

*Gamza v. Aguirre*, 619 F.2d 449 (5th Cir. 1980).........................................................11

*Gill v. Whitford*, 138 S. Ct. 1916 (2018) ............................................................................ 9

*Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984) .............................. 6

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ........................................................ 5

*Johnson, et al. v. Benson, et al.*, 951 N.W.2d 310 (Mich. 2020) .................................... 2

*Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332 (7th Cir. 1987) .............................. 11

*King, et al. v. Whitmer, et al.*, 2020 WL 7134198 (E.D. Mich., Dec. 7, 2020) ........ 8, 10

*Lance v. Coffman*, 549 U.S. 437 (2007) .......................................................................... 8

*Minn. Voters All. v. Ritchie*, 720 F.3d 1029 (8th Cir. 2013) ........................................ 11

*Northeast Ohio Coalition for the Homeless v. Husted,* 696 F.3d 580 (6th Cir. 2012) ................................................................................................................................. 12

*Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415 (10th Cir. 1988) ............................................ 5

*Romstad v. City of Colorado Springs*, 650 F. App'x 576 (10th Cir. 2016) ................. 12

*Rucho v. Common Cause*, 139 S. Ct. 2484 (2019) .......................................................... 9

*Ryan, et al. v. Benson,* Michigan Court of Claims, 20-00198 ........................................ 4

*Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056 (7th Cir. 2020) .................... 11

*Surefoot LC v. Sure Foot Corp.,* 531 F.3d 1236 (10th Cir. 2008) ............................... 12

*Texas v. Pennsylvania, et al.*, 592 U.S. ___ (2020) ........................................................ 2

*Wood v. Raffensperger*, No. 1:20-CV-04651-SDG, 2020 WL 6817513 (N.D. Ga. Nov. 20, 2020) .................................................................................................................. 9

**Rules**

D.C. Colo. L. Civ. R. 7.1 .................................................................................................... 1

Fed. R. Civ. P. 8(a)(2) ........................................................................................................ 7

Michigan Defendants Governor Gretchen Whitmer and Secretary of State Jocelyn Benson respectfully submit this Motion to Dismiss. Defendants sought concurrence in their motion pursuant to D.C. Colo. L. Civ. R. 7.1.

## INTRODUCTION

This case is one of the last of a series of lawsuits filed since Michigan held its general election on November 3, 2020, and it alleges a similar litany of far-fetched claims of fraud and irregularity in the conducting of the November election. Many of these made-up and misrepresented "fraud" claims have already been rejected by multiple courts. Indeed, the U.S. Supreme Court was twice presented with the same or similar claims of irregularities in Michigan's election, and declined both times to hear the case. *See Texas v. Pennsylvania, et al.*, 20-220155 and *King, et al. v. Whitmer, et al.,* 20-815. And a post-election audit conducted in numerous jurisdictions in Michigan, including the City of Detroit, confirmed the accuracy and integrity of the November 2020 general election.[1]

Plaintiffs' complaint offers nothing other than conspiracy theories fed by misunderstandings of Michigan law and unaccompanied by any actual evidence of fraud. The only thing new about this case is its forum—Colorado—a state with which Michigan Defendants Governor Gretchen Whitmer and Secretary of State Jocelyn Benson have had no contact supporting personal jurisdiction. Accordingly, the complaint must be dismissed as to these Defendants, and there are numerous

---

[1] *See* More than 250 audits confirm accuracy and integrity of Michigan's election, March 2, 20201, available at https://www.michigan.gov/sos/0,4670,7-127-93094-553386--,00.html, (accessed March 15.)

1

other grounds supporting dismissal as well.  This case must join the rest of the failed lawsuits seeking to overturn the will of the people.

## STATEMENT OF FACTS

Plaintiffs' fundamental allegations regarding Governor Whitmer and Secretary Benson raise the same alleged errors in the conducting of Michigan's November 3, 2020, general election that were rejected by other state and federal courts.  (Compl., ¶¶ 127-190.)[2]  Indeed, Plaintiffs' complaint incorporates numerous allegations from complaints in these defunct cases.  (*Id.*)

For example, Plaintiffs' borrow heavily from the pleadings filed in *Texas v. Pennsylvania, et al.*, a case brought by Texas in the U.S. Supreme Court to challenge how other states conducted their elections, including Michigan's.  The Supreme Court denied the petition determining that "Texas ha[d] not demonstrated a judicially cognizable interest in the manner in which another State conducts its elections."[3]  Plaintiffs also incorporate and quote from the pleadings and affidavits filed in *Johnson, et al. v. Benson, et al.*, 951 N.W.2d 310 (Mich. 2020), an original action in Michigan's highest court.  But the Michigan Supreme Court denied that petition because it was "not persuaded that it [could] or should grant the requested relief."  *Id.*  Similarly, Plaintiffs quote from the complaint filed in *Bally, et al. v. Whitmer, et al.,* Case No. 1:20-cv-1088 (W.D. Mich, 2020), but that case was voluntarily dismissed shortly after it was filed.

---

[2] Plaintiffs Nathaniel L. Carter and Kesha Crenshaw are allegedly registered voters in the State of Michigan. (Compl., ¶¶ 7, 11.)
[3] See December 11, 2020, order in *Texas v. Pennsylvania, et al.*, 592 U.S. ___ (2020), No. 20-155, available at 121120zr_p860.pdf (supremecourt.gov).

2

Plaintiffs also discuss and attach a "preliminary report" of a purported forensic exam of a single Dominion Voting Systems tabulator used in Antrim County, Michigan, and generated in connection with pending state-court litigation in that county.  *See Bailey v Antrim County, et al.*, Antrim Circuit Court No. 20-9238.  As Plaintiffs note, the report concludes that Dominion software is designed to perpetuate errors and fraudulent results.  (Compl., ¶ 174.)  This report, however, has largely been repudiated and a post-election audit revealed no irregularities in vote totals.[4]  Moreover, Michigan legislators have stated that there is no evidence of fraud perpetuated by Dominion Voting Systems.[5]  In any event, this litigation is ongoing and a Michigan judge will determine, after discovery and the exchange of expert reports, whether there is any merit to the claims in that case that the election-night reporting error was due to fraudulently designed software, rather than human error.

As far as specific conduct by the Defendants, Plaintiffs allege that Secretary Benson acted contrary to Michigan law by mailing applications for absent voter ballots to registered voters in May 2020.  Plaintiffs' argue that this action resulted in a "flood" of mail-in ballots.  (Compl., ¶¶ 129-135.)  But the Michigan courts held that the Secretary's mailing did not violate Michigan election law.  *See Davis v.*

---

[4] *See* Antrim County audit shows 12-vote gain for Trump, 12/17/20, The Detroit News, available at https://www.detroitnews.com/story/news/local/michigan/2020/12/17/antrim-county-audit-shows-12-vote-gain-trump/3938988001/ (accessed March 15).
[5] *See* statement by State Senator Ed McBroom, available at https://www.detroitnews.com/story/news/local/michigan/2020/12/17/antrim-county-audit-shows-12-vote-gain-trump/3938988001/ (accessed March 15).

3

*Secretary of State*, 2020 WL 5552822 at *1 (Mich. Ct. App., Sept. 16, 2020), leave denied 951 N.W.2d 911 (Mich., Dec. 28, 2020.)  Plaintiffs also complain that in June 2020 the Secretary created a platform for requesting an absent voter ballot application online that did not require signature verification.  (Compl., ¶ 136.)  However, the online program was only available to registered voters who possessed a Michigan driver's license or state identification card and had electronically stored signatures on file that could be verified.[6]  Moreover, a Michigan court declined to enjoin operation of the platform.  *See Election Integrity Fund, et al. v. Secretary of State*, Case No. 20-00169, Michigan Court of Claims.[7]

With respect to Governor Whitmer, Plaintiffs complain that she should not have certified Michigan's election results on November 23, 2020 and should not have certified the vote of Michigan's electors on December 14, 2020, because of the allegations of election irregularities.  (Compl., ¶¶ 184-188.)  But these were ministerial acts by the Governor under the relevant statutes, *see* Mich. Comp. Laws §§ 168.46, 47, 3 U.S.C. §§ 5-7, and no court had enjoined any part of the process.  And of course, on January 6, 2021, Congress convened in a joint session as required by 3 U.S.C. § 15 to count the electoral votes of the fifty states and the District of Columbia.  Congress counted Michigan's 16 electoral votes for President-elect

---

[6] *See Michigan Department of State launches online absentee voter application*, 6/12/20, available at https://www.michigan.gov/sos/0,4670,7-127--531796--,00.html, (accessed March 15).

[7] Also still pending in Michigan is a state-court lawsuit challenging the legality of grants to jurisdictions provided by the Center for Tech and Civic Life in connection with the 2020 election cycle.  *See Ryan, et al. v. Benson,* Michigan Court of Claims, 20-00198.

4

Biden. And at the end of the joint session, President Biden was certified the winner. With that declaration, the November 3, 2020, presidential election concluded.

## ARGUMENT

**I.  The Michigan Defendants' motion to dismiss must be granted where this Court lacks personal jurisdiction over Defendants.**

### A.  Legal standard

The purpose of a motion to dismiss under Rule 12(b)(2) is to determine whether the Court has personal jurisdiction over a defendant. The plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). A plaintiff can satisfy its burden by making a prima facie showing. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court will accept the well-pleaded allegations of the complaint as true in determining whether plaintiff has made a prima facie showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further. *Id.*

### B.  Plaintiffs cannot satisfy their burden of demonstrating personal jurisdiction.

The Due Process Clause permits the exercise of personal jurisdiction over nonresident defendants when two conditions are met. First, a defendant must have "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Second, if sufficient minimum contacts are shown, due process

5

requires that the exercise of personal jurisdiction over the defendant would not offend "traditional notions of fair play and substantial justice." *Id.*

The "minimum contacts" standard can be met in two ways. First, a court may, consistent with due process, exercise *specific* jurisdiction over a nonresident defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (internal quotations omitted). Where a court's exercise of jurisdiction does not directly arise from or relate to a defendant's forum-related activities, the court may nevertheless maintain *general* personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 415-16 (1984). But to be subject to general jurisdiction in a forum state, a defendant's affiliations with that state must be "so 'continuous and systematic' as to render [it] essentially at home" there. *Daimler AG v. Bauman,* 571 U.S. 117, 127 (2014) (internal quotation marks and citation omitted).

Here, Plaintiffs' allegations fail to establish personal jurisdiction under the traditional "minimum contacts" test. They devote 63 paragraphs in their complaint to describing perceived irregularities in the conducting of the November 3, 2020 general election *in* the State of Michigan. (Compl., ¶¶ 127-190.) But none of these paragraphs describe any actions by Governor Whitmer or Secretary Benson that were "purposefully directed at residents" of the State of Colorado. *Burger King*

6

*Corp.*, 471 U.S. at 472. Nor have Plaintiffs alleged that Governor Whitmer or Secretary Benson engage in continuous and systematic contacts with Colorado that would render Defendants at home in the State. *Daimler*, 571 U.S. at 127. As a result, this Court should dismiss Plaintiffs' claims against Governor Whitmer and Secretary Benson for lack of personal jurisdiction.

## II. The Michigan Defendants' motion to dismiss must be granted where Plaintiffs have failed to state a claim against Defendants.

The Michigan Defendants observe that Dominion Voting Systems and Facebook have filed motions to dismiss as well. Governor Whitmer and Secretary Benson concur in the able arguments made by counsel in those briefs and have endeavored to keep similar arguments limited in the instant filing.

### A. Legal standard

Defendant also moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). Under modern federal pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint will survive a motion to dismiss if the plaintiff alleges facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs must "nudge[ ] [their] claims across the line from conceivable to plausible." *Id.* at 555. "[L]abels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* at 555.

7

### B. Plaintiffs fail to state a claim as to Governor Whitmer and Secretary Benson.

In Count I Plaintiffs allege a violation of the Electors Clause of the U.S. Constitution based on the theory that Defendants violated state law mandating the manner in which electors are chosen. (Compl., ¶¶ 292-325.)

However, a federal court in Michigan rejected a similar, if not the same exact argument, as to these Defendants in *King, et al. v. Whitmer, et al.*, 2020 WL 7134198 (E.D. Mich., Dec. 7, 2020). There, the court concluded that the plaintiff voters and electors did not have standing to bring their claim because claims that laws have not been followed are generalized grievances insufficient to support standing, particularly where any claim belonged to the Michigan Legislature, and not the plaintiffs. (*Id.* at *10) (citing *Lance v. Coffman*, 549 U.S. 437, 442 (2007) (rejecting idea that "private citizens acting on their own behalf" can bring an Election Clause claim); *Arizona State Legislature v. Arizona Independent Redistricting Comm.,* 576 U.S. 787 (2015); *Bognet v. Secretary Commonwealth of Pennsylvania*, 980 F.3d 336 (3rd Cir. 2020)).

The court further concluded that the plaintiffs' claims were without merit because case law did not support interpreting the Electors and Elections Clauses to be violated any time a state may violate its own election laws. (*Id.* at *11) (citing *Cook v. Gralike*, 531 U.S. 510 (2001); *Arizona State Legislature,* 575 U.S. 787.) *See also Bognet*, 980 F.3d at 343-344, 349; *Donald J. Trump for President, Inc. v. Cegavske*, No. 2:20-CV-1445 JCM (VCF), 2020 WL 5626974, at *4 (D. Nev. Sept. 18, 2020); *Wood v. Raffensperger*, No. 1:20-CV-04651-SDG, 2020 WL 6817513, at *5

8

(N.D. Ga. Nov. 20, 2020), aff'd, 981 F.3d 1307 (11th Cir. 2020) (December 5, 2020, decision); Cf. *Carson v. Simon*, 978 F.3d 1051, 1057 (8th Cir. 2020) (holding that Republican presidential electors had standing to bring Electors Clause claim under Minnesota law) (October 29, 2020 decision).

This Court should likewise conclude that Plaintiffs' lack standing to bring their Electors Clause claim, and that the claim is otherwise without merit.

In Count II, Plaintiffs allege a violation of the Equal Protection Clause based on the administration of the November 2020 election. (Compl., ¶¶ 326-350.) Plaintiffs' theory is rather unclear, but they cite *Bush v. Gore*, 531 U.S. 98, 107 (2000) as prohibiting differential standards in the treatment or tabulating of ballots. (*Id.*, ¶¶ 331-332.) Plaintiffs allege that "every registered voter in America" has been damaged, and that "equal protection violations in one state can and do . . . *dimmish the weight* of votes cast by citizens of other states that lawfully abide by the election structure set forth in the Constitution." (*Id.*, ¶¶, 334, 343) (emphasis added.) It thus appears that Plaintiffs are alleging a vote-dilution, equal protection claim on behalf of themselves and all registered voters. But such a claim would be meritless.

A vote-dilution claim is generally only viable, and a party only has standing to assert such a claim, where the law devalues certain voters' votes over another group of voters' votes. *See, e.g., Rucho v. Common Cause*, 139 S. Ct. 2484, 2501 (2019); *Gill v. Whitford*, 138 S. Ct. 1916, 1929-30 (2018); *Bush,* 531 U.S. at 104-05, and the cases cited therein. But here, Plaintiffs' claims of harm in counting

9

supposedly invalid ballots allegedly affected *all* voters, not just Plaintiffs. And, as above, other federal courts have rejected similar claims regarding the November 2020 election. *See, e.g., Bognet*, 980 F.3d at 354-55 ("Put another way, '[a] vote cast by fraud or mailed in by the wrong person through mistake,' or otherwise counted illegally, 'has a mathematical impact on the final tally and thus on the proportional effect of every vote, but no single voter is specifically disadvantaged.' ") (citations omitted); *Wood*, 2020 WL 6817513, at *8–10 (concluding that vote-dilution injury is not "cognizable in the equal protection framework"); *Donald J. Trump for President, Inc. v. Boockvar*, No. 2:20-CV-966, 2020 WL 5997680 at *45-46 (W.D. Pa. Oct. 10, 2020)). This includes the court in *King*, which rejected similar claims against Governor Whitmer and Secretary Benson based on some of the same allegations of election irregularities presented here. *See King*, 2020 WL 7134198 at *9, 12-13 ("Plaintiffs fail to establish that the alleged injury of vote-dilution can be redressed by a favorable decision from this Court," and "With nothing but speculation and conjecture that votes for President Trump were destroyed, discarded or switched to votes for Vice President Biden, Plaintiffs' equal protection claim fails.").[8]

---

[8] Plaintiffs make several allegations regarding racial discrimination in their Equal Protection Clause claim. (Compl., ¶¶ 335-342.) But these appear to be included only to avoid any claim by Defendants that the purported unlawful actions were necessary to avoid racial discrimination.

10

Because Plaintiffs' lack standing to bring their Equal Protection Clause claim, and where they otherwise fail to state a claim, this Court should dismiss Count II.

In Count III, Plaintiffs allege a violation of the Due Process Clause based on the theory that the election was administered in a manner that was fundamentally unfair thereby diluting Plaintiffs' votes. (Compl., ¶¶ 351-362.) To the extent this claim is pled as a vote-dilution claim, such claims are analyzed under equal protection, not due process, and fail for the reasons stated above. *See, e.g.*, *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (specific amendment applies over generalized concept of substantive due process). But even if Plaintiffs' allegations were construed as a "fundamental fairness" due process claim, their claim still fails. "The Constitution is not an election fraud statute," *Minn. Voters All. v. Ritchie*, 720 F.3d 1029, 1031 (8th Cir. 2013), and it "d[oes] not authorize federal courts to be state election monitors." *Gamza v. Aguirre*, 619 F.2d 449, 454 (5th Cir. 1980). Even "a deliberate violation of state election laws by state election officials does not transgress against the Constitution." *Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1062 (7th Cir. 2020) (quoting *Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332, 342 (7th Cir. 1987)).

The kind of unconstitutional irregularities that courts have entertained under the Due Process Clause consist of widespread disenfranchisement through system-wide process failures. *See Bennett v. Yoshina*, 140 F.3d 1218, 1226-27 (9th Cir. 1998); *Northeast Ohio Coalition for the Homeless v. Husted,* 696 F.3d 580, 597

11

(6th Cir. 2012). But here, Plaintiffs complain instead of widespread *enfranchisement*, and essentially seek to *disenfranchise* voters. And in that case, they fail to state a claim under the Due Process Clause.

Counts IV and V do not pertain to Defendants Whitmer and Benson. In Count VI Plaintiffs request declaratory relief. (Compl., ¶¶ 404-406.) But to obtain declaratory relief Plaintiffs' must present the Court with an "actual controversy" similar to the "case or controversy" requirement of standing. *See Surefoot LC v. Sure Foot Corp.,* 531 F.3d 1236, 1240 (10th Cir. 2008). But for the reasons discussed above, Plaintiffs have not and cannot do so where they lack standing to bring their claims. Finally, in Count VII Plaintiffs request permanent injunctive relief based on the other alleged violations. (Compl., ¶¶ 407-409.) This claim must be dismissed because an "injunction" "is not an independent cause of action," but rather a "remedy" if a plaintiff can show his or her legal rights have been violated. *Romstad v. City of Colorado Springs*, 650 F. App'x 576, 585 n.7 (10th Cir. 2016) (citation omitted). Where there is no violation, there is no right to an injunction. *Id.* Because Plaintiffs' substantive claims fail, their request for injunctive relief fails as well.[9]

---

[9] To the extent Defendants might have been sued in their individual capacity, they would be entitled to assert the defense of qualified immunity should this case not be dismissed outright.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, Defendants Governor Gretchen Whitmer and Secretary of State Jocelyn Benson request that this Court grant their motion to dismiss.

Dated: March 15, 2021

Respectfully submitted,

Dana Nessel
Michigan Attorney General

*s/Heather S. Meingast*
Heather S. Meingast (P55439) (Michigan)
Michigan Assistant Attorney General
Attorney for Defendants Whitmer & Benson
PO Box 30736
525 West Ottawa
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 15, 2021, a copy of the foregoing document was electronically filed with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Heather S. Meingast*
Heather S. Meingast (P55439) (Michigan)
Michigan Assistant Attorney General
Attorney for Defendants Whitmer & Benson
PO Box 30736
525 West Ottawa
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov