IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action NO. 1:20-cv-3747-NRN

KEVIN O'ROURKE, *et al.*,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., *et al.*,

Defendants.

---

**GEORGIA DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO AMEND**

---

Defendants Governor Brian Kemp and Secretary of State Brad Raffensperger ("Georgia Defendants") respond as follows to Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 48):

**Introduction**

Plaintiffs' proposed amended complaint seeks to add 152 additional named plaintiffs from 33 different states, only three of which are Georgia residents. The factual allegations remain the same debunked myths and conspiracy theories regarding the presidential election in Georgia that have been repeatedly rejected by courts, as shown in the Georgia Defendants' motion to dismiss (Doc. 47). More importantly, the amended complaint still suffers from the same jurisdictional defects as the current complaint—namely, the lack of personal jurisdiction over the Georgia Defendants and Plaintiffs' lack of Article III standing, even with the addition of

the proposed new plaintiffs. Because the amended complaint would still be subject to dismissal, the Court should deny the amendment as futile and dismiss the action with prejudice.

## Argument

The Court has discretion in considering whether leave to amend Plaintiffs' complaint should be granted. *TV Comm'ns Network, Inc. v. Turner Network Television*, 964 F.2d 1022, 1028 (10th Cir. 1992). While Rule 15(a) provides that leave to amend a complaint should be freely given, "a district court may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (holding that district court did not abuse its discretion in denying leave to amend where the amended complaint would be futile). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (quoting *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint"); *TV Comm'ns Network*, 964 F.2d at 1028 ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.").

For the reasons discussed further below, the proposed amended complaint fails to cure the jurisdictional defects in the current complaint and would still be subject to dismissal. Therefore, the amendment would be futile and leave to amend should be denied.

**A. The amended complaint still fails to state a basis for personal jurisdiction over the Georgia Defendants.**

As shown in the Georgia Defendants' motion to dismiss, the original Complaint failed to allege any facts that would establish sufficient minimum contacts with Colorado for the exercise of personal jurisdiction over the Georgia Defendants in this Court, and the proposed amended

complaint fails to remedy this defect. The amendment also purports to add the Georgia Attorney General as a defendant, but does not include *any* specific factual allegations against him, including any facts supporting personal jurisdiction. Indeed, nowhere in the lengthy amendment are there any factual allegations that establish a basis for specific or general jurisdiction over the Georgia Defendants, for the official actions they took in Georgia pertaining to a Georgia election. Plaintiffs fail to allege that the Georgia Defendants' actions were purposefully directed at residents of Colorado or that the litigation results from alleged injuries that arise out of or relate to those activities. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004).

Plaintiffs' motion to amend alludes to "contractual relations" between the State of Georgia and Dominion as a basis for personal jurisdiction (*see* Doc. 48 at 5), but that basis is too tenuous and remote to establish personal jurisdiction over Governor Kemp and Secretary Raffensperger. Plaintiffs cite to no authority that a contractual relationship between co-defendants can subject a non-resident defendant to jurisdiction in any state in which the co-defendant is domiciled. And the law is clear that, even in a dispute between Dominion and the State of Georgia, the contract between the parties to provide voting equipment would still be insufficient by itself to establish jurisdiction over the Georgia Defendants in Colorado.[1] *See Benton*, 375 F.3d at 1077 ("A contract between an out-of-state party and a resident of the forum state cannot, standing alone, establish sufficient minimum contacts with the forum."); *Ruggieri v. Gen. Well Serv., Inc.*, 535 F. Supp. 525, 535 (D. Colo. 1982) ("Jurisdiction is not proper in

---

[1] Additionally, the contract between Dominion and the Georgia Secretary of State expressly provides that the agreement is governed by Georgia law and any judicial action arising out of the agreement is to be brought in a Georgia court. (See Doc. 39-4 at 36).

Colorado merely because one of the parties to the contract was a Colorado resident."); *Automated Quill, Inc. v. Chernow*, 455 F. Supp. 428, 432 (D. Colo. 1978) ("The mere existence of a contract executed by a Colorado resident is insufficient to confer personal jurisdiction over an absent non-resident defendant."); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically satisfy sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). Accordingly, the contract between Dominion and the Georgia Secretary of State is insufficient for the Court to exercise jurisdiction over the Georgia Defendants in this action.

Because the proposed amended complaint does not cure the lack of personal jurisdiction over the Georgia Defendants, leave to amend should be denied as futile. *See TV Comm'ns Network*, 964 F.2d at 1028 (holding that district court did not abuse its discretion by denying leave to amend complaint where plaintiff had made no showing it could cure deficiencies in current complaint); *Parker v. WI Waterstone, LLC*, 790 F. App'x 926, 930 (10th Cir. 2019) (holding amendment would be futile because it did not cure jurisdictional defect); *Strauss v. Angie's List, Inc.*, No. 2:17-CV-02560-HLT-TJJ, 2018 U.S. Dist. LEXIS 187068, at *50 (D. Kan. Nov. 1, 2018) (denying request to amend complaint because court lacked personal jurisdiction over defendants, making amendment futile).

### B. The amended complaint still fails to establish Article III standing.

Like the current complaint, the proposed amended complaint lacks a sufficient factual showing that the named Plaintiffs have suffered an injury in fact such that they can demonstrate Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "[T]he

4

requirement of an 'injury in fact,' requires 'an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.'" *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1181 (10th Cir. 2010) (quoting *Lujan*, 504 U.S. at 560).

While the current complaint does not include a single Georgia voter as a named plaintiff, the amended complaint seeks to add three Georgia voters as plaintiffs. But this does not fix the problem, because the amended complaint still fails to demonstrate that the named Plaintiffs (including the proposed Georgia Plaintiffs) have suffered a concrete and particularized injury. Although Plaintiffs point to their generalized right to vote that they claim has been injured, they fail to even allege how the acts of the Georgia Defendants have affected them in a "personal and individual way." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Plaintiffs continue to erroneously argue that there is some sort of nationalized right to vote in a presidential election that entitles any American voter to sue officials in another state if that voter is unhappy with the way that state administered its election. (*See* Doc. 48 at 12).

Plaintiffs' broad theory has no basis in law. To the contrary, courts have been clear that Plaintiffs' generalized grievance regarding the State of Georgia's administration of its election is insufficient to establish an injury in fact. *See Gill v. Whitford*, 138 S. Ct. 1916, 1930 (2018); *Lance v. Coffman*, 549 U.S. 437, 440–41 (2007) (holding that "a generalized grievance that is plainly undifferentiated and common to all members of the public" is not sufficient for standing). As noted in the Georgia Defendants' motion to dismiss, the Eleventh Circuit recently held that even *Georgia voters* lack standing to assert generalized grievances regarding Georgia's

administration of the 2020 presidential election. *Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020). As the Court explained in *Wood*,

> A generalized grievance is "undifferentiated and common to all members of the public." *Lujan*, 504 U.S. at 575 (internal quotation marks omitted). Wood cannot explain how his interest in compliance with state election laws is different from that of any other person. Indeed, he admits that any Georgia voter could bring an identical suit. But the logic of his argument sweeps past even that boundary. All Americans, whether they voted in this election or whether they reside in Georgia, could be said to share Wood's interest in "ensur[ing] that [a presidential election] is properly administered."

*Id.* Accordingly, Plaintiffs' addition of three Georgia voters as plaintiffs still does not cure their lack of standing because their claim is still a generalized grievance that this Court lacks jurisdiction to consider.

Additionally, the fact that Plaintiffs are seeking class certification under Rule 23 does not obviate their need to establish Article III standing, because "even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Spokeo*, 136 S. Ct. at 1547 n.6 (2016) (citation omitted); *see also Clark v. Strad Energy Servs.*, No. 17-cv-1242-WJM-KMT, 2018 U.S. Dist. LEXIS 128942, at *12 (D. Colo. Aug. 1, 2018) (holding that "a plaintiff lacks standing to bring class claims on behalf of a class under the laws of states to which plaintiff has never been subject or where plaintiff has never resided").

There is simply no legal basis upon which to find that 152 voters in 33 different states have standing to sue the Georgia Defendants for official actions they took as state officials in administering the Georgia election. Because the Court would still lack subject matter jurisdiction to consider Plaintiffs' amended complaint, the amendment would be futile and leave to amend should be refused. *See Hutchinson v. Pfeil*, 211 F.3d 515, 523 (10th Cir. 2000) (holding that

because plaintiff in the original complaint lacked standing and the addition of proposed plaintiffs in amended complaint failed to cure this defect, the futile amendment was properly rejected).

For these reasons and those shown in the Georgia Defendants' motion to dismiss, as well as the pending motions to dismiss of the remaining Defendants, the Court should dismiss the action with prejudice without granting Plaintiffs leave to amend. *See Brereton*, 434 F.3d at 1219.

Respectfully submitted, this 29th day of March, 2021.

<u>/s/ *Charlene S. McGowan*</u>
Charlene S. McGowan
Georgia Bar No. 697316
Assistant Attorney General

Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
cmcgowan@law.ga.gov
404-458-3658 (tel)

*Attorney for Brian Kemp and Brad Raffensperger*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE FILE AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record via electronic notification.

Dated: March 29, 2021.

*/s/ Charlene S. McGowan*
Charlene S. McGowan
Assistant Attorney General
