**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-3747-NRN

KEVIN O'ROURKE, et al.,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., et al.,

Defendants.

---

**GOVERNOR TOM WOLF'S AND ACTING SECRETARY VERONICA DEGRAFFENREID'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

---

Plaintiffs in this case traffic in many of the same specious assertions that gave birth to an unprecedented effort to undermine Pennsylvania's 2020 general election. In that way, this case is no different from any of the frivolous litigation that has preceded it. In some ways, however, this case is more reckless than its forerunners because the basis for this Court's jurisdiction is as flimsy as conceivable, and by this point plaintiffs' claims already have been universally rejected. Those jurisdictional and substantive flaws are as clear from the proposed amended complaint as they were from the initial complaint. So granting plaintiffs leave to file their proposed amended complaint, or any amended complaint, would be futile. Indeed, with slight exceptions at the margins, the motion that defendants would file seeking dismissal of the amended complaint would be nearly indistinguishable from the one already filed seeking dismissal of the original complaint.

Justice demands that this frivolous litigation ends swiftly. The motion for leave should be denied and this case, and the false narrative about the 2020 election, should be put to rest.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) allows a party, with leave of the court, to amend a pleading. While courts "should freely give leave when justice so requires," FED. R. CIV. 15(a)(2), "freely give leave" does not mean always. Denying a motion for leave to amend a complaint is justified "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Jensen v. W. Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020).

## ARGUMENT

The federal rules' solicitousness of useful amendments to pleadings is not an invitation to prolong irredeemably flawed litigation. For that reason, courts need not allow parties to make futile amendments to their pleadings. *Jensen*, 968 F.3d at 1202. An "amendment is futile if the complaint, as amended, would be subject to dismissal." *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015).

---

[1] At the March 11, 2021 status hearing, the Court ruled that plaintiffs are not entitled to amend the complaint as of a right under Rule 15(a)(1), and required them to formally move for leave to amend. If the Court revisits that decision and dockets the amended complaint, the Court should then immediately dismiss the amended complaint *sua sponte* rather than require defendants to file a new motion to dismiss. As laid out in defendants' motion to dismiss, ECF No. 49, and again in this brief, this Court does not have jurisdiction, the existing Pennsylvania defendants are entitled to immunity under Eleventh Amendment, and plaintiffs' claims are all patently frivolous. Each is grounds for *sua sponte* dismissal. *See City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) (approving of *sua sponte* dismissal for a lack of subject-matter jurisdiction); *U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) (ruling district court may raise Eleventh–Amendment immunity *sua sponte*); *McKinney v. State of Okl., Dep' of Hum. Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) (approving of *sua sponte* dismissal when "patently obvious" that plaintiff cannot prevail); *Bueno v. Chekush*, 355 F. Supp. 3d 987, 997–98 (D. Colo. 2018) (dismissing claims *sua sponte* because defendants were entitled to sovereign immunity).

Plaintiffs' proposed amended complaint is a model of futility. It does nothing to address that this Court does not have jurisdiction over any of the meritless claims against Governor Tom Wolf and Acting Secretary Veronica Degraffenreid, or over the equally insubstantial claim against newly added defendant Attorney General Josh Shapiro.

## I. Plaintiffs' Proposed Amendment Does Not Cure the Absence of Jurisdiction

Governor Wolf and Acting Secretary Degraffenreid's motion to dismiss identified three jurisdictional reasons to dismiss plaintiffs' complaint: (1) neither defendant is subject to personal jurisdiction in Colorado; (2) the Eleventh Amendment immunizes both defendants; and (3) no plaintiff has standing. The proposed amendment resolves none of the three.

First, as described in defendants' motion to dismiss, Mot. to Dismiss at 5–7, ECF No. 49, neither Governor Wolf nor Acting Secretary Degraffenreid has directed any activity at Colorado. The original complaint's allegations against the Pennsylvania defendants related to acts affecting only the casting and counting of votes in Pennsylvania. Compl. ¶¶ 214–257, ECF No. 1. The same is true of the proposed amended complaint both as it relates to Governor Wolf and Acting Secretary Degraffenreid, and also as it relates to Attorney General Shapiro. Proposed Am. Compl. ¶¶ 527–587, ECF No. 48-1.

Second, Governor Wolf and Acting Secretary Degraffenreid remain entitled to immunity under the Eleventh Amendment.[2] Mot. to Dismiss at 7–8. Counts I–III of the original and proposed amended complaint assert various constitutional claims based on allegations that Pennsylvania officials improperly administered the 2020 general election. That election is over,

---

[2] The proposed amended complaint still is not clear on whether the suit is against Governor Wolf and Acting Secretary Degraffenreid in each official's official or personal capacity. The proposed amendment adds new defendants that are explicitly named in their official capacity, suggesting that the defendants named "individually" are being sued in their personal capacity. But the proposed amendment still contains language communicating that plaintiffs are using "individually" to mean that the defendants have lost the protection that the Eleventh Amendment affords official state actors, and thus would be subject to the exception identified in *Ex Parte Young*. Am. Compl. ¶¶ 581, 584–585.

so the remedies plaintiffs seek for these three counts, which include a request for damages, *see* Proposed Am. Compl. at 115, are necessarily retrospective. And while the proposed amended complaint would add Pennsylvania plaintiffs, Am. Compl. ¶¶ 170–177, the Eleventh Amendment applies to suits brought by citizens of the defendant state, *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *see also Allen v. Cooper*, 140 S. Ct. 994, 1000 (2020) (explaining that reach of Eleventh Amendment is not limited to its text).

Third, plaintiffs still do not have standing because, as in the original complaint, the alleged injuries are just generalized grievances. Instead of fixing this problem, the proposed amended complaint actually amplifies it. The proposed amended complaint alleges that the interests it seeks to vindicate belong to "every registered voter," Proposed Am. Compl. ¶ 664, and that defendants' allegedly unconstitutional acts "hurt[] every registered voter in the country irrespective of voter affiliation," *id.* ¶ 677. Later, in what is perhaps the proposed amended complaint's most compelling statement against plaintiffs' own standing, the amended complaint alleges that:

> "The Defendants, and each of them, have participated in conduct and actions resulting in, among other things, unconstitutional agreements, illegal modifications of election law, illegal administration of the federal election process, the unconstitutional certification of the Election, all of which has damaged the Plaintiffs, but, more broadly, every registered voter in America, all of whom have an interest in free and fair elections to determine the President of the United States of America." *Id.* ¶ 693.

Consistent with the general nature of the injuries that plaintiffs hope to vindicate, the class they want to certify is all registered voters in the country. *Id.* ¶ 240.

Also like the original complaint, the proposed amended complaint gestures at the notion that plaintiffs' injuries here are vote dilution or disadvantage, *id.* ¶¶ 8, 661, 676, 679, 714, and also announces an interest in general compliance with the law, *id.* ¶¶ 662–663. Those theories are unchanged from the original complaint, and for the same reasons discussed in defendants'

4

motion to dismiss, *see* Mot. to Dismiss at 8–10, they would not allow plaintiffs to survive a motion to dismiss.

Plaintiffs' motion for leave does not articulate an answer to these jurisdictional problems that is any more cogent than what can be inferred from the proposed amended complaint. Plaintiffs begin by defending Colorado as a convenient forum, and thus proper for venue. Mot. for Leave at 5, ECF No. 48. That inverts the issues. Venue and personal jurisdiction are distinct, and a venue's convenience is not considered unless a court's jurisdiction is secure. *See, e.g.*, *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *see also* 28 U.S.C. § 1391(b). Separately, plaintiffs maintain that Pennsylvania's hiring of a Colorado-based company to perform a service for Pennsylvanians, in Pennsylvania, subjects Pennsylvania officials to jurisdiction in Colorado. Mot. for Leave at 5. But hiring a Colorado-based company to perform services in Pennsylvania, which bear only on Pennsylvanians, is not activity purposefully directed at Colorado, which is the relevant inquiry. *See Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, No. 19-368, Slip. Op. at 5–6 (U.S. Mar. 25, 2021) (explaining standard for personal jurisdiction).

For standing under Article III, plaintiffs' motion states broadly that plaintiffs may seek nominal damages, that voting is a constitutionally protected right, and that there is a national interest in the presidential election. Mot. for Leave at 6–8. None of that has anything to do with the Article III flaw in this case: Plaintiffs have not suffered any individualized, concrete injury.

To the extent that plaintiffs believe every single voter in the country is individually injured by any supposed impropriety in the election of a federal official, Mot. for Leave at 6–8, the Supreme Court already rejected that outlandish argument when Texas made it just a few months ago. In its motion to file a bill of complaint in the Supreme Court challenging

5

Pennsylvania's election, Texas argued that it had standing because it had an individualized interest in the election of federal officials, including the Vice President, who would represent Texas. *See* Brief in Support of Motion for Leave to File at 12–15, *Texas v. Pennsylvania*, No. 22O155 (U.S. Dec. 7, 2020). The Supreme Court denied Texas's motion for leave "for lack of standing under Article III of the Constitution" because "Texas has not demonstrated a judicially cognizable interest in the manner in which another State conducts its elections." *Texas v. Pennsylvania*, No. 22O155, 2020 WL 7296814, at *1 (U.S. Dec. 11, 2020). Plaintiffs' theory of standing is no different.

Given the absence of jurisdiction, the proposed amendment is a quintessential example of futility. The motion for leave to amend should be denied first for this reason.

## II. Plaintiffs' Proposed Amendment Does Not State Any Claim for Relief

Independent of jurisdiction, granting leave to amend would be futile because the proposed amended complaint does not advance claims to relief that are any more plausible than the baseless claims brought in the original complaint. As in the original complaint, Counts I-III of the proposed amended complaint have at their core the same type of allegation: State actors violated state election laws in ways that violate the federal Constitution. But in support of those counts, the proposed amended complaint repeats false representations about Pennsylvania law.

Plaintiffs still allege that Pennsylvania law requires signature verification of votes cast through either a no-excuse, mail-in ballot or an absentee ballot. Am. Compl. ¶¶ 529–532, 552–555(a). That is false. *In re Nov. 3, 2020 Election*, 240 A.3d 591, 611 (Pa. 2020), *cert. denied,* No. 20-845, 2021 WL 666798 (Feb. 22, 2021) (holding that "county boards of elections are prohibited from rejecting absentee or mail-in ballots based on signature comparison conducted by county election officials or employees").

6

Plaintiffs still allege that allowing counties to contact voters to cure ministerial errors on their no-excuse, mail-in ballot or absentee ballot violates Pennsylvania law. Am. Compl. ¶¶ 533–540, 557. That is false. *In re Canvass of Absentee & Mail-in Ballots of Nov. 3, 2020 Gen. Election*, 241 A.3d 1058, 1078 (Pa. 2020), *cert. denied,* No. 20-845, 2021 WL 666798 (Feb. 22, 2021) (holding that ministerial errors on mailed ballot do not disqualify ballot); *see also Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, 830 F. App'x 377, 384 (3d Cir. 2020) (holding that Pennsylvania's election code "says nothing about what should happen if a county notices [ministerial] errors before election day" and that counties may contact voters to correct errors); *Donald J. Trump for President, Inc. v. Boockvar*, No. 20-cv-2078, 2020 WL 6821992, at *12 (M.D. Pa. Nov. 21, 2020) (holding it is "perfectly rational" for county to contact voter about ministerial error).

Plaintiffs still allege that some Pennsylvania counties did not allow poll watchers the access those watchers are entitled to under state law. Am. Compl. ¶¶ 555(c)–556. That is false. *See In re Canvassing Observation*, 241 A.3d 339, 349–51 (Pa. 2020), *cert. denied,* No. 20-845, 2021 WL 666798 (Feb. 22, 2021) (holding that county boards of elections had properly positioned poll watchers).

Plaintiffs still allege that Pennsylvania broke its promise to segregate all mailed ballots received between election day and the following Friday. Am. Compl. ¶ 546. That is false. *See* Official Returns, https://www.electionreturns.pa.gov/ (notifying public that "[t]he vote totals for President and Representative in Congress do not include any votes from mail ballots received between 8 p.m. on election day and 5 p.m. the following Friday.").

Plaintiffs still allege irregularities in the logging of mailed ballots in the state's election registry, Am. Compl. ¶¶ 549–551, while omitting critical aspects of Pennsylvania's election

7

code, including that no-excuse, mail-in ballots are distinct from absentee ballots, 25 Pa. Stat. § 3146.6 (absentee); 25 Pa. Stat. § 3150.16 (no-excuse), and that a voter can request and cast a no-excuse, mail-in ballot in person, 25 Pa. Stat. § 3146.5(b)(2).

Because Counts I-III in plaintiffs' proposed amended complaint falsely characterize state law and misrepresent ways in which state officials deviated from state law, the claims in the proposed amended complaint that depend on those misrepresentations will not survive a motion to dismiss under Rule 12(b)(6).

Finally, the proposed amended complaint would add one new count against Attorney General Shapiro. The claim is that Pennsylvania's recent bipartisan, no-excuse mail-in voting statute is facially unconstitutional. Am. Compl. ¶¶ 844–858. But the proposed amended complaint offers no insight into what makes that statute facially unconstitutional. The proposed complaint fails to identify which constitution—Pennsylvania's or the nation's—the statute supposedly violates, to say nothing of which provision in the unspecified constitution plaintiffs believe is implicated.[3]

## CONCLUSION

Because amending the complaint is futile, the motion for leave to do so should be denied. Alternatively, if plaintiffs are allowed to amend the complaint, the amended complaint should be dismissed *sua sponte*.

---

[3] An earlier facial challenge to the same statute—a case that plaintiffs borrowed from in their original complaint, Compl. ¶¶ 234–236—unsuccessfully argued the same statute offended Pennsylvania's Constitution. *See Kelly v. Commonwealth*, 240 A.3d 1255 (Pa. 2020), *cert. denied*, No. 20-810, 2021 WL 666795 (U.S. Feb. 22, 2021).

Dated: March 29, 2021    Respectfully submitted,

JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania

MICHAEL J. FISCHER
Chief Deputy Attorney General

/s/ Jacob Boyer
JACOB BOYER
Deputy Attorney General
Pennsylvania Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(267) 768-3968
jboyer@attorneygeneral.gov

*Attorneys for Governor Tom Wolf and
Acting Secretary of the Commonwealth
Veronica Degraffenreid*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2021 I electronically filed the foregoing Opposition to Plaintiffs' Motion for Leave to Amend with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Jacob Boyer
Jacob Boyer

10