# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03747

KEVIN O'ROURKE, et al.,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., et al.,

Defendants.

---

## PLAINTIFFS' MOTION TO STRIKE THE STATE OF GEORGIA'S APPEARANCE AND MOTION TO DISMISS, PURSUANT TO F.R.C.P. 12(f)

---

COME NOW the Plaintiffs, by and through counsel, and, pursuant to F.R.C.P. 12(f), respectfully moves the Court to strike the State of Georgia's Appearance [Doc. 37], and Motion to Dismiss [Doc.47].

As grounds therefore, the Plaintiffs state as follows:

### I.    INTRODUCTION

Plaintiffs filed their complaint on December 22, 2020 [Doc. 1], and moved for leave to amend [Doc. 48] on March 15, 2021. Although Defendants, Brian Kemp and Brad Raffensperger, each held office within the State of Georgia, at the time of the 2020 Presidential election (Election), Plaintiffs, in accordance with *Ex parte Young*, 209 U.S. 123 (1908), have asserted claims against each of them, only in their individual capacities, for violations of the Constitution. Individuals who violate the Constitution are stripped of their official capacity. The State is not liable. Plaintiffs have properly averred claims specifically against these Defendants, in their individual capacities, and not as officials of the State.

## II. THE STATE OF GEORGIA'S ENTRY AND MOTION MUST BE STRICKEN

On March 9, 2021, an entry of appearance was made "on behalf of Defendants Governor Brian Kemp, Secretary of State Brad Raffensperger" [Doc. 37], by a Georgia Assistant Attorney General. However, neither "Governor Brian Kemp," nor "Secretary of State Brad Raffensperger," as officials in their State capacities, were sued as part of this lawsuit.

Further, neither "Governor Brian Kemp," nor "Secretary of State Brad Raffensperger," were served with a summons in their official capacities. In fact, to date, personal service has not been obtained on Defendants, Brad Kemp and Brad Raffensperger, in their individual capacity, which would otherwise require them to appear and respond.

The Attorney General of Georgia has improperly entered his appearance on behalf of Defendants that do not exist, that is, persons in their official capacities. Further, an Attorney General has no authority to act as a private lawyer on behalf of an individual citizen of the respective state. The individuals named herein from Georgia were stripped of official capacity by their unconstitutional and *ultra vires* conduct. An entry of appearance on behalf of a governor and secretary of state in their official capacity acts as an entry of appearance on behalf of the respective State, itself.

Yet, the Plaintiffs have not sued a State. Additionally, no State may preemptively cloak public officials who have committed unconstitutional acts with immunity, nor appear in the matter to defend them. As such, the State Attorney General lacks standing to appear on behalf of unnamed parties, outside the claims and jurisdiction of the Court. The Court cannot dismiss claims against persons in certain capacities when no claims were made.

The Georgia Attorney General misunderstands Plaintiffs' Complaint, and the alleged legal capacities of each proper Defendant [Doc. 1, ¶¶ 19-20]. Alternately, the State is erroneously characterizing this case and attempting to impart immunity on individual Defendants, contrary to *Ex parte Young*.

In *Ex parte Young*, the Supreme Court stated:

> The answer to all this is the same as made in every case where an official claims to be acting under the authority of the State. The act to be enforced is alleged to be unconstitutional, and if it be so, the use of the name of the State to enforce an unconstitutional act to the injury of complainants is a proceeding without the authority of and one which does not affect the State in its sovereign or governmental capacity. It is simply an illegal act upon the part of a state official in attempting by the use of the name of the State to enforce a legislative enactment which is void because unconstitutional. If the act which the state Attorney General seeks to enforce be a violation of the Federal Constitution, the officer in proceeding under such enactment comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States. It would be an injury to complainant to harass it with a multiplicity of suits or litigation generally in an endeavor to enforce penalties under an unconstitutional enactment, and to prevent it ought to be within the jurisdiction of a court of equity. If the question of unconstitutionality with reference, at least, to the Federal Constitution be first raised in a Federal court that court, as we think is shown by the authorities cited hereafter, has the right to decide it to the exclusion of all other courts.

*Id.* at 159-160.

F.R.C.P. 12(f) states:

> **Motion to Strike**. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Here, the appearances and motion filed by the Michigan Attorney General on behalf of state officials in their official capacities are immaterial and impertinent, and must be stricken.

A State Attorney General may enter an appearance for the purpose of intervening in a matter, pursuant to F.R.C.P. 24(a)(1), but only for the purpose of defending the constitutional questions raised for judicial review in § 1983 actions, pursuant F.R.C.P. 5.1.

However, the Georgia Attorney General has not filed a motion to intervene, nor is it apparent that the office is here to address the constitutional challenge outlined in the Amended Complaint, which has not been accepted. Accordingly, the improper appearance of the State Attorney General for what appears to be an attempt to impart immunity on its state actors is itself unconstitutional, and represents an improper attempt by other state actors to further deprive Plaintiffs of their civil rights.

### III. GOVERNMENT OFFICIALS HAVE WRONGFULLY APPEARED FOR A STATE WITHOUT STANDING

The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent. *Seminole Tribe of Fla.* v. *Florida,* 517 U.S. 44, 54 (1996). To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Hutto v. Finney*, 437 U.S. 678, 690-691 (1978).

However, the Plaintiffs have not sued a State, or any State official in his or her respective official capacity. Individual Defendants holding official positions have only been sued in their individual capacity for their *ultra vires* actions that have infringed upon the Plaintiffs' constitutional rights, and in violation of each of their respective oaths of office.

Accordingly, each individual Defendant has been divested of official capacity for their respective unconstitutional acts, and, as such, are each personally liable in their individual capacities. *Ex parte Young*, 209 U.S. at 160. Therefore, if properly served, these Defendants

must appear in their individual capacity for the Court to entertain any motions on their behalf. The Defendants herein named have not made an appearance, nor have they moved the Court.

State officials lawfully acting in their official capacity stand in the place of the State, and are effectively actions by the State. Nonetheless, no State is authorized to immunize and defend a State official's unconstitutional actions. *Id.* Accordingly, no State, and no state actor in any official capacity has standing to be in these proceedings to make any demands of this Court—particularly in defense of the unconstitutional actions of individual persons.

A defense is insufficient as a matter of law if it is patently frivolous, or if it is clearly invalid as a matter of law. In such cases, a determination should be made, and the defenses stricken, in order to avoid unnecessary time and money in litigating invalid, spurious issues. *See United States v. 416.18 Acres of Land,* 514 F.2d 627, 637 (7th Cir. 1975). If a defense is insufficient as a matter of law it must be stricken, pursuant to F.R.C.P. 12(f).

The Georgia Attorney General, appearing here, has done so only on behalf of Defendants in their official capacities, i.e., they have appeared on behalf of the State of Georgia. Defenses raised by the Georgia Attorney General are not applicable to these actors in their individual capacities, and have no merit as applied to individual Defendants, only to the State. But the State is not a proper party. Moreover, the Georgia Attorney General has no authority to defend these Defendants in their individual capacities. As such, the State's motion is clearly invalid as a matter of law.

Accordingly, the appearance of the Georgia Attorney General, on behalf of the Defendants in their official capacities, for the State of Georgia, and its Motion to Dismiss, must be stricken pursuant to F.R.C.P. 12(f).

### IV. THIS COURT LACKS PERSONAL JURISDICTION OVER THE STATE AND PERSONS IN THEIR OFFICAL CAPACITY

No public officials in their official capacities have been sued, or served with a summons to appear in this matter. Suing any public officer in their official capacity is tantamount to suing the State. Accordingly, no State or public official in their official capacity has been properly brought before this Court. As such, this Court lacks jurisdiction over any Defendant, in his or her official capacity, appearing by and through the Georgia Attorney General.

The Georgia Attorney General, on behalf of the State of Georgia, may seek to intervene in this matter, but only upon proper motion in accordance with F.R.C.P. 24, if applicable under F.R.C.P. 5.1.

### V. THIS COURT LACKS PERSONAL JURISDICTION OVER INDIVIDUAL DEFENDANTS

On April 2, 2021, the Court granted an extension of time of sixty days for the Plaintiffs to personally serve the individual Defendants [Doc. 67]. Accordingly, this Court remains without personal jurisdiction over the Defendants named in this action, in their individual capacities. There exist no waivers of service in the court of record, and the appearances by the Georgia Attorney General do not allege to waive personal service, or aver representation of the Defendants, individually.

### VI. ATTORNEYS GENERAL ARE CONFLICTED BY DUTIES OWED TO THE STATE

The Georgia Attorney General, and his staff, are state officials, who owe a duty to their State, by reason of their office. Attorneys General may not appear as private attorneys for individual defendants, without creating a conflict of interest with the people of the State, whom the Georgia Attorney General has a duty to represent, in his own official capacity.

The representation of private individuals, who, as alleged, have been stripped of their official character for acts taken in conflict with the Constitution, and conflicts with the interest of the people who the Georgia Attorney General swore to serve.

As the Kentucky Supreme Court stated many years ago:

> It is true that at common law the duty of the Attorney General was to represent the *king,* he being the embodiment of the state. *See Hancock v. Terry Elkhorn Mining Company, Inc.*, Ky., 503 S.W.2d 710. But under the democratic form of government now prevailing the people are the king, Ky. Const. sec. 4, so the Attorney General's duties are to that sovereign rather than to the machinery of government.

*Commonwealth Ex Rel. Hancock v. Paxton*, 516 S.W.2d 865, 867 (1974).

The Plaintiffs, for themselves and others similarly situated, have brought an action against specific state actors, in their individual capacities for violations of their constitutional restraints. Instead of defending the rights of the people of his State, the Attorney General has appeared in an adversarial position to defend the machinery of government. Whatever the case may be, Georgia is not at risk, and has not been sued.

## VII. CONCLUSION

No person in his or her official capacity is a party in this matter. As such, the Attorney General of Georgia has no standing to challenge Plaintiffs' claims, nor does this Court have jurisdiction to entertain a motion to dismiss claims against parties that are not before the Court in their proper capacity. Accordingly, the appearances by the State of Georgia, and its motion to dismiss must be stricken.

## VIII. CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)

Plaintiffs' counsel communicated by with counsel from the State of Georgia, by sending electronic mail today, at the same time as counsel email the Attorney General from Michigan. However, counsel never received a response and no agreement as to resolution has been made.

Respectfully submitted this 5th day of April, 2021.

*PLAINTIFFS COUNSEL:*

By: *s/Ernest J. Walker*　　　　　　　　By:　*s/ Gary D. Fielder*
Ernest J. Walker (MI P58635)　　　　　　　Gary D. Fielder (CO 19757)
ERNEST J. WALKER LAW OFFICE　　　　　　LAW OFFICE OF GARY FIELDER
1444 Stuart St.　　　　　　　　　　　　　1444 Stuart St.
Denver, CO 80204　　　　　　　　　　　　Denver, CO 80204
(720) 306-0007　　　　　　　　　　　　　(720) 306-0007
ernestjwalker@gmail.com　　　　　　　　gary@fielderlaw.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 5, 2021, a copy of the foregoing document was electronically filed with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Gary D. Fielder*
Gary D. Fielder, Esq.
Law Office of Gary Fielder
1444 Stuart St.
Denver, CO 80204
(720)306-0007
gary@fielderlaw.net