IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03747-NRN

KEVIN O'ROURKE,
NATHANIEL L. CARTER,
LORI CUTUNILLI,
LARRY D. COOK,
ALVIN CRISWELL,
KESHA CRENSHAW,
NEIL YARBROUGH, and
AMIE TRAPP,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., a Delaware corporation,
FACEBOOK, INC., a Delaware corporation,
CENTER FOR TECH AND CIVIC LIFE, an Illinois non-profit organization,
MARK E. ZUCKERBERG, individually,
PRISCILLA CHAN, individually,
BRIAN KEMP, individually,
BRAD RAFFENSPERGER, individually,
GRETCHEN WHITMER, individually,
JOCELYN BENSON, individually,
TOM WOLF, individually,
KATHY BOOCKVAR, individually,
TONY EVERS, individually,
ANN S. JACOBS, individually,
MARK L. THOMSEN, individually,
MARGE BOSTELMAN, individually,
JULIE M. GLANCEY,
DEAN KNUDSON, individually,
ROBERT F. SPINDELL, JR, individually, and
DOES 1-10,000,

Defendants.

**ORDER DENYING PLAINTIFFS' MOTIONS TO STRIKE MOTIONS TO DISMISS OF MICHIGAN AND GEORGIA (Dkt. ##68 & 69)**

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court on Plaintiffs' Motions to Strike Michigan's Appearance and Motion to Dismiss Pursuant to F.R.C.P. 12(f) (Dkt. #68) and Plaintiffs' Motion to Strike the State of Georgia's Appearance and Motion to Dismiss, Pursuant to F.R.C.P. 12(f) (Dkt. #69). Plaintiffs' Motions are DENIED.

Plaintiffs have brought this lawsuit against Dominion Voting Systems Inc, Facebook, Inc. the Center for Tech and Civic Life (an Illinois non-profit), and a number of government officials, including Georgia Governor Brian Kemp, Georgia Secretary of State Brad Raffensperger, Michigan Governor Gretchen Whitmer, Michigan Secretary of State Jocelyn Benson; Pennsylvania Governor Tom Wolfe, Pennsylvania Secretary of State Kathy Boockvar, and Wisconsin Governor Tony Evers. Plaintiffs also individually sued all six members of the Wisconsin Election Commission. The individual defendants will be referred to here as the "Government Official Defendants."

With respect to each of the Governmental Official Defendants, the Complaint asserts the officials are "personally liable for [their] individual conduct, acting under color of [their] official authority." *See e.g.,* Comp. (Dkt. #1 at ¶¶ 19–26).

On March 15, 2021, the Michigan government officials (Governor Whitmer and Secretary of State Benson) filed a Motion to Dismiss (Dkt. #46). The motion was filed on the Michigan defendants' behalf by a Michigan Assistant Attorney General. *See id.* at 13. The same day, the Georgia government officials (Governor Kemp and Secretary of State Raffensperer) filed a similar Motion to Dismiss (Dkt. #47). The Georgia motion was filed by a Georgia Assistant Attorney General. *See id.* at 14.

The Georgia and Michigan Motions to Dismiss make predictable arguments, such as lack of personal jurisdiction in Colorado over actions taken by officials located

in another state, and that the Plaintiffs lack standing to enforce Michigan or Georgia voting laws because such claims reflect generalized grievances.

Rather than opposing the Georgia and Michigan Motions to Dismiss on the merits, Plaintiffs seek to strike the motions under Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Nothing in the Georgia or Michigan Motions appears remotely to be "redundant, immaterial, impertinent, or scandalous."

Plaintiffs' Motions to Strike argue that because Plaintiffs have asserted constitutional claims against the Government Official Defendants in the officials' *individual* capacities, Plaintiffs can prevent the Attorney Generals (or Assistant Attorney Generals) of Michigan and Georgia from appearing as counsel to defend this lawsuit on behalf of those Michigan and Georgia state officials. *See, e.g.*, Dkt. #68 at 2 ("The Attorney General of Michigan has improperly entered her appearance on behalf of Defendants that do not exist, that is, persons in their official capacities. Further, an Attorney General has no authority to act as a private lawyer on behalf of an individual citizen of the respective state."). Citing no authority, Plaintiffs argue that because the "Plaintiffs have not sued a State . . . no State may preemptively cloak officials who have committed unconstitutional acts with immunity, nor appear in the matter to defend them." *Id.* Plaintiffs appear to argue that merely because they *allege* that Government Official Defendants have committed *ultra vires* unconstitutional acts in their individual capacities, the Government Official Defendants may be precluded from using the legal resources of their respective States to defend themselves here.

It would be a strange world indeed if the plaintiffs in a lawsuit, merely by clever pleading in a complaint, could preclude a defendant from using the lawyer (or legal department) of his or her choice in defending against the allegations. And here, the allegations of the Complaint are merely allegations. Plaintiffs seem to want to have the Court make a preliminary finding (based only on the allegations of the Complaint) that the Government Official Defendants did violate the Constitution, and use that finding to bar appearances by the Attorney General offices of Michigan and Georgia respectively. Plaintiffs cite no authority that would justify such an order.

Whether the Government Official Defendants' Motions to Dismiss have merit or not is a different question from whether they should be stricken under Rule 12(f). There is nothing insufficient, redundant, immaterial, impertinent, or scandalous about Georgia or Michigan's Motions to Dismiss. Rule 12(f) is not the appropriate method to respond to a Motion to Dismiss. *See Sierra Club v. Tri–State Generation & Transmission Ass'n,* 173 F.R.D. 275, 285 (D.Colo.1997) (motions to strike pursuant to Rule 12(f) are typically "a generally-disfavored, drastic remedy" and rarely granted unless the movant can make a showing of prejudice arising from the challenged allegations). It is not this Court's role to dictate to the states of Georgia or Michigan how they may use the resources of their respective Attorney General Offices. The Motions will not be stricken. If Plaintiffs wish to oppose the Motions on the merits, they should file opposition briefs to the Motions to Dismiss within five days from the date of this Order.

**SO ORDERED**

April 7, 2021

N. Reid Neureiter
United States Magistrate Judge

4