# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03747

KEVIN O'ROURKE, et al.,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., et al.,

Defendants.

**PLAINTIFFS' REPLY TO DEFENDANT CENTER FOR TECHNOLOGY AND CIVIC LIFE'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs, by and through counsel, submit their Reply to Defendant CTCL's Opposition [Doc. 62] to Plaintiffs' Motion for Leave to Amend [Doc. 48], and state as follows:

## I. INTRODUCTION

Plaintiffs seek the first amendment of their Complaint, filed on December 22, 2020 [Doc. 1]. Although Defendant, Center for Technology and Civic Life (CTCL), challenges Plaintiffs' right to assert their claims, Plaintiffs have satisfied their fundamental pleading requirements to establish a redressable injury, a completed violation of a constitutional right, which is traceable to the actions of CTCL, and must be allowed to proceed. As alleged, CTCL's private funding, obtained through donations from Defendants Zuckerberg and Chan, and the exercise of contractual control of the administration of the 2020 Presidential election (Election) by agreements with hundreds of local jurisdictions, bound it to the limits of the constitution as a state actor, but CTCL breached the superior authority of the Constitution. CTCL cannot deny publicly available government contracts as proof of its exercise of control over the election.

1

## II. PLAINTIFFS' AMENDMENT SHOULD BE FREELY GRANTED

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." As determined by the Supreme Court, Rule 15 (a) declares that leave to amend shall be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]his *mandate is to be heeded.*" *Id*. (emphasis added)

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

*Id.*

CTCL's sole argument in opposition to the other conflicting Fed. R. Civ. P. 15 authorities, centers around the argument that it is "futile," which appears to allege that Plaintiffs can prove no set of facts that entitle them to relief under a summary judgment standard. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Meade v. Grubbs*, 841 F. 2d 1147, 1148 (10th Cir. 1989). At this stage in the litigation, federal notice pleading, the Court's review of the sufficiency of the Amended Complaint must presume all of plaintiff's factual allegations are true and construe them in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Morgan v. City of Rawlins*, 792 F. 2d 975, 978 (10th Cir. 1986).

CTCL's opinion of other election litigation matters are not relevant without denial or rebuttal Affidavits from parties with first hand knowledge. Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment. *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (1964).

## III. ARGUMENTS

### A. PLAINTIFFS HAVE SUFFICIENTLY ESTABLISHED STANDING

A Section 1983 claim requires a plaintiff to show both the existence of a federally protected right and the deprivation of that right by a person acting under color of state law. 42 U.S.C. § 1983; *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982). Plaintiffs have satisfied their fundamental pleading burden of establishing their right to proceed with a claim against the Georgia Defendants:

> To demonstrate standing, the plaintiff must not only establish an injury that is fairly traceable to the challenged conduct, but must also seek a remedy that redresses that injury.

*Uzuegbunam v. Preczewski*, 592 U.S. \_\_\_\_ (2021). Plaintiffs sufficiently alleged their claims:

> At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim."

*Lujan v Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. National Wildlife Federation,* 497 U.S. 883, 889 (1990)). F.R.C.P. 15(a)(2) provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires."

As determined by the Supreme Court, F.R.C.P. 15(a) declares that leave to amend shall be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]his *mandate is to be heeded.*" *Id*. (emphasis added).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given. Of course, the grant or

denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*

### B. PLAINTIFFS HAVE SUFFERED AN INJURY IN FACT

Plaintiffs have alleged violations of their constitutional rights, as more fully outlined in their First Amended Complaint. [Doc. 48, Attachment 1.] Cognizable injuries are:

> [a]n "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or hypothetical.'"

*Defenders of Wildlife*, 504 U.S. at 561 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)) (internal citations omitted).

Importantly, every member of the class has each suffered this injury, separate and distinct from members of the public:

> [T]he "injury in fact" test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.

*Id.* (quoting *Sierra Club v. Morton,* 405 U.S. at 734-735).

### C. A CONSTITUTIONAL INFRINGEMENT IS AN INJURY IN FACT

In *Uzuegbunam*, the Supreme Court clarified that suffering a violation of a constitutional right is an injury in fact, and further clarified that nominal damages are sufficient to redress that injury:

> To satisfy the "'irreducible constitutional minimum'" of Article III standing, a plaintiff must not only establish (1) an injury in fact (2) that is fairly traceable to the challenged conduct, but he must also seek (3) a remedy that is likely to redress that injury. *There is no dispute that Uzuegbunam has established the first two elements*.

*Id*. (citing *Spokeo, Inc.* v. *Robins,* 578 U. S. 330, 338 (2016); and *Gill* v. *Whitford,* 585 U. S. \_\_\_ (2018) (slip op., at 13-14)) (emphasis added).

Regarding the history of a violation of a right satisfying an injury in fact, the Court noted:

> An early case about voting rights effectively illustrates this common-law understanding. Faced with a suit pleading denial of the right to vote, the court rejected the plaintiff's claim because, among other reasons, the plaintiff had not established actual damages. Dissenting, Lord Holt argued that the common law inferred damages whenever a legal right was violated. Observing that the law recognized "not merely pecuniary" injury but also "personal injury," Lord Holt stated that "every injury imports a damage" and that a plaintiff could always obtain damages even if he "does not lose a penny by reason of the [violation]." Although Lord Holt was in the minority, the House of Lords overturned the majority decision, thus validating Lord Holt's position, and this principle "laid down . . . by Lord Holt" was followed "in many subsequent cases."

*Id*. (internal citations omitted).

### D. PLAINTIFFS' INJURIES ARE NOT GENERAL GRIEVANCES

Plaintiffs have not simply claimed general grievances because not all members of the public possessed the right to vote in the Election. Only those who had met minimum eligibility qualifications, and had properly completed a legislatively proscribed registration process, possessed the right, and could legally vote. Instead, this case is "simply a case where concrete injury has been suffered by many persons, as in mass fraud or mass tort situations." *Defenders of Wildlife*, 504 U.S. at 561. This is "a case where plaintiffs are seeking to enforce a procedural requirement the disregard of which [did] impair a separate concrete interest of theirs." *Id*. Plaintiffs' qualified voting rights are not merely "public rights that have been legislatively pronounced to belong to each individual who forms part of the public." *Id*.

Plaintiffs have not simply claimed general grievances because not all possessed the right to vote in the Election. Only those who met minimum eligibility qualifications, and had properly completed a legislatively proscribed registration process, could legally vote. Once the voter registration record was accepted, that one person's vote became their property to the exclusion of

5

all others, that property interest was to be protected like any other form of property by the government agencies and their contracted administrators.

The alleged conduct of the parties, including CTCL, worked a scheme and device to steal votes from their rightful owners to manipulate through technological and other means in conspiracy with a well-funded group of progressive elites that think their individual votes which they are entitled to are not enough.

This is "simply a case where concrete injury has been suffered by many persons, as in mass fraud or mass tort situations." *Id*. This is "a case where plaintiffs are seeking to enforce a procedural requirement the disregard of which [did] impair a separate concrete interest of theirs." *Id*. Plaintiffs' qualified voting rights are not merely "public rights that have been legislatively pronounced to belong to each individual who forms part of the public. *Id*.

## IV. CTCL IS A STATE ACTOR

CTCL, appears to generally deny the facts, government records, and public records recording its actions, all of which are heavily documented on their website and the publicly available copies of their grant "conditions,", which contractually exerted undue influence and control over the administration of local elections.

CTCL's cannot deny their IRS Form 990 disclosures reflecting a substantial explosion in funds administered by CTCL without any history of an infrastructure to handle the increased volume of business without outside assistance of the enterprise, state records that prove CTCL is not registered as a valid charity or to do business outside of Illinois, press release admissions that they received over $350 Million Dollars from Defendants Zuckerberg and Chan, that they worked hand in hand with Defendant Facebook and its U.S. Politics and Government Team, that it had substantial involvement in setting election policy at a local jurisdictional level, that it

6

mandated the use of unlawful ballot boxes and ballot extractor machinery that tampered with US Mail and destroyed chain of custody of the ballots in violation of federal postal and election laws, and contractually conditioned the COVID-disguised funds aimed directly at the election machinery on the local jurisdictions following its orders.

Further, CTCL implies that its grant program, funded by Defendants Zuckerberg and Chan has survived all legal scrutiny. However, no court case involved CTCL, and all failed to reach a final judgment on the merits in as many as 15 other district court cases, which is a factual misstatement and lacks candor. The cases referenced involved suits initiated by political groups seeking extraordinary relief from the district court, and involved parties suing government jurisdictions, none of which involved CTCL.

As the district court in Wisconsin determined:

> Though this is a federal lawsuit seeking relief in a federal court, Plaintiffs have offered only a political argument for prohibiting municipalities from accepting money from private entities to assist in the funding of elections for public offices. *They do not challenge any specific expenditure of the money; only its source. They make no argument that the municipalities that received the funds used them in an unlawful way to favor partisan manner*. Their brief is bereft of any legal argument that would support the kind of relief they seek. They cite Article I, section 4, of the United States Constitution, but that section governs the election of senators and representatives, and they fail to explain how, even if they had standing, the Cities' use of funds donated by a private party could have affected any such election.

*Wis. Voters All. v. City of Racine, Case Number:* 1:20-cv-1487, Docket #49, *Order Granting Defendant's Motion to Dismiss* (Emphasis added).

## V. PLAINTIFFS HAVE SUFFICIENTLY PLEAD RICO CLAIMS

CTCL actively participated in an association in fact, with the purpose and aim to interfere with the orderly and fair administration of the American election system, and to increase votes for its progressive political ideology through deceptive use of unlawful voting practices. The function of effecting votes through the enterprise scheme and device was to destroy the one

7

person, one vote fairness by increasing the value of a select few individuals by using their cash to multiply the effect of their singular vote.

CTCL asserts that Plaintiffs RICO claims lack an interest in property sufficient to establish a claim for relief. Plaintiffs, a large class of registered voters disagree. A registered voter, having confirmed his registration, is entitled to his vote. This fundamental right is also a property right to that vote, excluding all others. CTCL asserts that there is no property interest involved sufficient to invoke the Civil RICO statutes. However, every vote of every registered voter is sacred property to the voter and to the exclusion of all others. Every Plaintiff named in the Amended Complaint, regardless of the political party has suffered monetary loss of property due in part to the changes in the Administration to include:

This exclusion extends to CTCL and the RICO enterprise, who covet votes that may be abstaining from the voter process. The scheme was devised to work a coordinated effort to flood the US Mail, coordinated through state actors that had the ability to act under color of authority to change or at a minimum create unlawful rules changes to achieve the goal.

CTCL cites authority of cases that address the pleading standard of RICO claims, which are defective in the manner used at this stage. The cases involve dismissal of RICO claims after the parties' failure to establish a cognizable set of facts to survive summary judgment. A review for the deficiency of a complaint at this stage, especially as an attack of a proposed Amended Complaint is simply note ripe.

It is clear by a cursory review of the pleading standards of the cited authorities, the stage of litigation the cases were disposed: "To survive a Rule 12(b)(6) motion, a civil RICO claim must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima S.P.R.L v. Imrex Co.*, 473 U.S. 479, 496 (1985). CTCL would force Plaintiffs to meet an

unfair and unjust evidentiary standard, while the Court has stayed all discovery and ability of Plaintiffs to establish proper evidence available to all other RICO litigants. This would simply be additional violations of Plaintiffs right of due process and equal protection.

CTCL cannot in good faith deny the specificity of the facts and allegations of Plaintiffs Amended Complaint which clearly outlines the conduct of the named RICO Defendants, that it is an association in fact deduced merely from publicly available information and contracts, that the Defendants had a pattern of said conduct documented by open records, and that the activity involved the interference with the US Mail system, the election system, and utilized a specific and dedicated network owned and controlled by one of the RICO actors.

Additionally, Plaintiffs have identified the association in fact of the well-funded cabal of progressive parties, that the used electronic communication to hold virtual meetings under the direction of a few key individuals, and conspired to unlawfully influence the election through intentional use of the US Mail (Mail Fraud) and that the enterprise was partly funded by Defendants Mark Zuckerberg and Priscilla Chan, and used the Facebook platform and sub-creations as the common network of communication of the enterprise (wire fraud) with its massive election administration machine. Predicate acts include establishing ballot boxes in states where they were illegal, with intention to commit federal crimes of intercepting US Mail in the form of absentee ballots, Censorship of a New York Times Article related to Hunter Biden, which knowingly caused some Democrat voters to state they would never have voted for Biden if Facebook, Zuckerberg and the enterprise had not censored the content, allegedly under Section 230. All electronic and mail communications in furtherance of the enterprise constitute RICO predicate acts.

Respectfully submitted this 8th day of April, 2021.

*PLAINTIFFS COUNSEL:*

By: *s/Ernest J. Walker*       By: *s/ Gary D. Fielder*
Ernest J. Walker (MI P58635)      Gary D. Fielder (CO 19757)
ERNEST J. WALKER LAW OFFICE      LAW OFFICE OF GARY FIELDER
1444 Stuart St.      1444 Stuart St.
Denver, CO 80204      Denver, CO 80204
(720) 306-0007      (720) 306-0007
ernestjwalker@gmail.com      gary@fielderlaw.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 8, 2021, a copy of the foregoing document was electronically filed with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Gary D. Fielder*
Gary D. Fielder, Esq.
Law Office of Gary Fielder
1444 Stuart St.
Denver, CO 80204
(720)306-0007
gary@fielderlaw.net