IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03747

KEVIN O'ROURKE, et al.,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., et al.,

Defendants.

**PLAINTIFFS' REPLY TO PENNSYLVANIA DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND**

Plaintiffs, by and through counsel, submit their Reply to Pennsylvania's Opposition [Doc. 59] to Plaintiffs' Motion for Leave to Amend [Doc. 48], and state as follows:

## I. INTRODUCTION

Plaintiffs seek the first amendment of their Complaint, filed on December 22, 2020 [Doc. 1]. the State of Pennsylvania (Pennsylvania) challenges Plaintiffs' right to assert their claims against the individual Defendants Tom Wolf (Wolf) and Kathy Boockvar (Boockvar), and for automatic substitution of Veronica Degraffenreid (Veronica), in her official capacity. Pennsylvania has not responded to inquiries if it shall be representing the interests of Boockvar, who remains outside the jurisdiction of this Court. Pennsylvania asserts that Plaintiffs claims are frivolous and long settled, however, limited cases have been decided on the merits as a condition precedent to asserting *res judicata* or issue preclusion. Plaintiffs have satisfied their fundamental pleading requirements to establish a redressable injury, a completed violation of a constitutional right, which is traceable to the actions of the individual Defendants and must be allowed to proceed.

1

## II.   PLAINTIFFS' AMENDMENT SHOULD BE FREELY GRANTED

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires."

As determined by the Supreme Court, Rule 15(a) declares that leave to amend shall be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]his *mandate is to be heeded*." [emphasis added] *Id*.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

*Id.*

Pennsylvania's sole argument in opposition to the Amendment pursuant to Fed. R. Civ. P. 15 authorities, centers around the argument that it is "futile," which appears to allege that Plaintiffs can prove no set of facts that entitle them to relief under a summary judgment standard. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Meade v. Grubbs*, 841 F. 2d 1147, 1148 (10th Cir. 1989).

At this stage in the litigation, federal notice pleading, the Court's review of the sufficiency of the Amended Complaint must presume all of plaintiff's factual allegations are true and construe them in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Morgan v. City of Rawlins*, 792 F. 2d 975, 978 (10th Cir. 1986). However, if matters outside the pleadings are considered by the court, Fed.R.Civ.P. 12(b)(6) motion is treated as a motion for summary judgment and disposed of pursuant to Fed.R.Civ.P. 56 and 12(b)(6). *Reed v Dunham*, 893 F.2d 285, 287 (10th Cir. 1990).

Pennsylvania's opinion of other election litigation matters is not relevant without denial or rebuttal Affidavits from parties with first-hand knowledge. Statements of counsel in their

briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment. *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (1964).

### III. WOLF AND BOOCKVAR HAVE SUFFICIENT CONTACTS

The Defendants, Mr. Wolf and Ms. Boockvar, have each been sued their individual capacity. Comp. ¶¶ 23-24. "A suit against an official in his personal capacity is a suit against a person acting under color of law." *Tanzin v. Tanvir*, 141 S.Ct. 486, 491 (2020). "The phrase "persons acting under color of law" draws on one of the most well-known civil rights statutes: 42 U.S.C. § 1983." *Id*. As the Supreme Court affirmed, twelve days before the complaint was filed:

> That statute applies to 'person[s] ... under color of any statute,' and this Court has long interpreted it to permit suits against officials in their individual capacities.

*Id*.

The plain language of § 1983 reads:

> *Every* person who, under color of *any* statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, *any citizen of the United States* or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Here, the Defendants are persons under the statute that violated the rights of many citizens of the United States, in Pennsylvania, Colorado, and every other state in the Union.

Knowingly violating the rights of voters in a Presidential election has far reaching consequences, that effect every registered voter, including the Plaintiffs. "The law of the forum state and constitutional due process limitations govern personal jurisdiction in federal court." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). "Colorado's long-arm statute, Colo.Rev.Stat. § 13-1-124, extends jurisdiction to the Constitutions full extent." *Id*. With that, due process "requires both that the defendant 'purposefully established minimum

contacts within the forum State' and the 'assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id.* at 903 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Depending "on their relationship to the plaintiff's cause of action, an out-of-state defendant's contacts with the forum state may give rise to either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction." *Id*.

Specific jurisdiction means that a court may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with forum state." *Id*. at 904. Specific jurisdiction calls for a two-step inquiry: (a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id*. at 904 (*quoting Burger King Corp.*, 471 U.S. at 475).

Two weeks ago, the Supreme Court held the connection between the plaintiffs' claims and a car manufacturer's activities in the forum State was close enough to support specific jurisdiction. *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S.___,___(2021).

There, the Supreme Court reaffirmed several general principles of law, which include that a plaintiffs' claims "must arise out of or relate to the defendant's contacts" with the forum. *Id*. at slip op., at 2 (*quoting Bristol-Myers Squibb v Superior Ct. of CA*, 582 U.S.___(2017) (slip op., at 5)).

Here, both Mr. Wolf and Ms. Boockvar, were responsible for the certification of Pennsylvania's election, and made changes to Pennsylvania election laws as outlined with specificity in the Plaintiffs' Amended Complaint. Doc. 48, Attach 1 ¶¶ 527-587. Accordingly, both Mr. Wolf and Ms. Boockvar violated their respective oaths of office when they certified the

4

election. With that, these Defendants' knew that their acts would affect the voting rights of every person eligible to vote in the United States, including Colorado, and which include the Plaintiffs.

All qualified voters have a constitutionally protected right to vote. *Ex parte Yarbrough*, 110 U.S. 651 (1884). It is "as equally unquestionable that the right to have one's vote counted is as open to protection…as the right to put a ballot in a box." *United States v. Mosley*, 238 U.S. 383, 386 (1915). Beyond that, "in the context of a Presidential election," which ultimately touches upon all of the people's rights, unconstitutional state actions "implicate a uniquely important national interest." *Anderson v. Celebrezze*, 460 U.S. 780, 794-795 (1983). There is a "pervasive national interest in the selection of candidates for national office, and this national interest is greater than *any* interest of an individual State." *Cousins v. Wigoda*, 419 U.S. 477, 490 (1975) (emphasis added).

Importantly, the impact of the votes cast in each State is affected by the votes cast for the various candidates in other States. *Anderson*, 460 U.S. at 795. The "primary concern is not the interest of candidate Anderson, but rather, the *interests of the voters who chose to associate together*…" *Id*. at 788 (emphasis added). In *Anderson*, the Supreme Court recognized:

> [A]s a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes." To achieve these necessary objectives, States have enacted comprehensive and sometimes complex election codes. Each provision of these schemes, whether it governs the registration and qualifications of voters, the selection and eligibility of candidates, or *the voting process itself, inevitably affects — at least to some degree — the individual's right to vote and his right to associate with others for political ends*.

*Id*. at 788 (*quoting Storer* v. *Brown,* 415 U. S. 724, 730 (1974)) (emphasis added).

Further, this class action suit was filed in Colorado as it also relates to the business activities of Co-Defendants, Dominion Voting Systems, Inc. (Dominion), Facebook, Inc.

(Facebook), and Center for Technology and Civic Life (CTCL), all of whom have significate contacts in Colorado, and the 2020 Presidential election in Georgia. See Doc. 48 Attach. 1.

## IV. PLAINTIFFS HAVE SUFFICIENTLY ESTABLISHED STANDING

A Section 1983 claim requires a plaintiff to show both the existence of a federally protected right and the deprivation of that right by a person acting under color of state law. 42 U.S.C. § 1983; *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982). Plaintiffs have satisfied their fundamental pleading burden of establishing their right to proceed with a claim against the Pennsylvania Defendants:

> To demonstrate standing, the plaintiff must not only establish an injury that is fairly traceable to the challenged conduct, but must also seek a remedy that redresses that injury.

*Uzuegbunam v. Preczewski*, 592 U.S. \_\_\_\_ (2021). Plaintiffs sufficiently alleged their claims:

> At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim."

*Lujan v Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. National Wildlife Federation,* 497 U.S. 883, 889 (1990)). F.R.C.P. 15(a)(2) provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires."

As determined by the Supreme Court, F.R.C.P. 15(a) declares that leave to amend shall be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]his *mandate is to be heeded*." *Id*. (emphasis added).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

6

party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given. Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*

### A. PLAINTIFFS HAVE SUFFERED AN INJURY IN FACT

Plaintiffs have alleged violations of their constitutional rights, as more fully outlined in their First Amended Complaint. [Doc. 48, Attachment 1.] Cognizable injuries are:

> [a]n "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or hypothetical.'"

*Defenders of Wildlife*, 504 U.S. at 561 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)) (internal citations omitted).

Importantly, every member of the class has each suffered this injury, separate and distinct from members of the public:

> [T]he "injury in fact" test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.

*Id.* (quoting *Sierra Club v. Morton,* 405 U.S. at 734-735).

### B. A CONSTITUTIONAL INFRINGEMENT IS AN INJURY IN FACT

In *Uzuegbunam*, the Supreme Court clarified that suffering a violation of a constitutional right is an injury in fact, and clarified that nominal damages are sufficient to redress that injury:

> To satisfy the "'irreducible constitutional minimum'" of Article III standing, a plaintiff must not only establish (1) an injury in fact (2) that is fairly traceable to the challenged conduct, but he must also seek (3) a remedy that is likely to redress that injury. *There is no dispute that Uzuegbunam has established the first two elements*.

*Id.* (citing *Spokeo, Inc.* v. *Robins,* 578 U. S. 330, 338 (2016); and *Gill* v. *Whitford,* 585 U. S. ___ (2018) (slip op., at 13-14)) (emphasis added).

7

Regarding the history of a violation of a right satisfying an injury in fact, the Court noted:

> An early case about voting rights effectively illustrates this common-law understanding. Faced with a suit pleading denial of the right to vote, the court rejected the plaintiff's claim because, among other reasons, the plaintiff had not established actual damages. Dissenting, Lord Holt argued that the common law inferred damages whenever a legal right was violated. Observing that the law recognized "not merely pecuniary" injury but also "personal injury," Lord Holt stated that "every injury imports a damage" and that a plaintiff could always obtain damages even if he "does not lose a penny by reason of the [violation]." Although Lord Holt was in the minority, the House of Lords overturned the majority decision, thus validating Lord Holt's position, and this principle "laid down . . . by Lord Holt" was followed "in many subsequent cases."

*Id*. (internal citations omitted).

### C. PLAINTIFFS' INJURIES ARE NOT GENERAL GRIEVANCES

Plaintiffs have not simply claimed general grievances because not all members of the public possessed the right to vote in the Election. Only those who had met minimum eligibility qualifications, and had properly completed a legislatively proscribed registration process, possessed the right, and could legally vote. Instead, this case is "simply a case where concrete injury has been suffered by many persons, as in mass fraud or mass tort situations." *Defenders of Wildlife*, 504 U.S. at 561. This is "a case where plaintiffs are seeking to enforce a procedural requirement the disregard of which [did] impair a separate concrete interest of theirs." *Id*.

Plaintiffs' qualified voting rights are not merely "public rights that have been legislatively pronounced to belong to each individual who forms part of the public." *Id*.

### V. PLAINTIFFS' CLAIMS ARE NOT PRECLUDED

Although Defendants hold reliance on several prior election related cases, no prior case involved the same parties, same claims, or sought the same remedies, and no prior case involved a determination of the case on its merits.

## VI. PENNSYLVANIA DEFENDANTS CANNOT DISPUTE ITS STATE ACTION

Defendants Wolf and Boockvar were undeniably acting under color of law when they committed violations of Plaintiffs' civil rights. Accordingly, they can be held personally liable.

## VII. PLAINTIFFS HAVE SUFFICIENTLY PLEAD CIVIL RICO CLAIMS

Plaintiffs' Amended Complaint has sufficiently pleaded civil RICO violations by Defendants. Defendants challenge Plaintiffs pleading by alleging it did not plead damage to their business or property. But it should be self-evident that a person's vote has at least an intellectual property interest. Further, the ballot is the physical manifestation of a person's vote, containing the registered voter's identification, delivered in-person or by mail. In fact, ballots were counted in the Election, not "votes."

## VIII. CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court grant its Motion to Amend.

Respectfully submitted this 8th day of April, 2021.

***PLAINTIFFS COUNSEL:***

By: *s/Ernest J. Walker*  
Ernest J. Walker (MI P58635)  
ERNEST J. WALKER LAW OFFICE  
1444 Stuart St.  
Denver, CO 80204  
(720) 306-0007  
ernestjwalker@gmail.com

By: *s/ Gary D. Fielder*  
Gary D. Fielder (CO 19757)  
LAW OFFICE OF GARY FIELDER  
1444 Stuart St.  
Denver, CO 80204  
(720) 306-0007  
gary@fielderlaw.net

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on April 8, 2021, a copy of the foregoing document was electronically filed with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Gary D. Fielder*
Gary D. Fielder, Esq.
Law Office of Gary Fielder
1444 Stuart St.
Denver, CO 80204
(720)306-0007
gary@fielderlaw.net