IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-3747-NRN

KEVIN O'ROURKE, *et al.*,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., *et al*.

Defendants.

---

**NOTICE OF GOVERNOR TOM WOLF AND FORMER-SECRETARY KATHY BOOCKVAR**

---

Governor Tom Wolf and former-Secretary Kathy Boockvar submit this notice in response to plaintiffs' Notice of Voluntary Dismissal, ECF No. 85. Plaintiffs' notice of dismissal is presented as a stipulation under Rule 41(a)(1)(A)(ii) and bears the signature of the Pennsylvania defendants' counsel. Although the Pennsylvania defendants agree that this case should be dismissed, they did not stipulate to dismissal and did not authorize plaintiffs' counsel to sign the stipulation on their behalf.

The Pennsylvania defendants had previously informed plaintiffs' counsel that they would enter into a stipulation of dismissal provided that the case was dismissed with prejudice and that the dismissal included Attorney General Josh Shapiro, who is named as a defendant in the proposed amended complaint. *See* Exhibit 1. Plaintiffs were unwilling to stipulate to dismissal with prejudice, and informed defendants' counsel that plaintiffs would seek "voluntary dismissal by court order" if the parties did not agree. *Id.* In response, defendants' counsel stated, "We do

1

not oppose the voluntary dismissal by plaintiffs of the case against the Pennsylvania defendants."  *Id.*[1]

After plaintiffs filed a stipulation, defendants informed plaintiffs' counsel that if they did not correct their filing by 11 a.m. Eastern Time, the Pennsylvania defendants would correct the record. While plaintiffs' counsel stated that they would withdraw and correct their filing, they have yet to do so.

Plaintiffs' voluntary dismissal comes the same day that the Pennsylvania defendants intended to file for sanctions under Rule 11. The Pennsylvania defendants had previously served a Rule 11 motion on plaintiffs, and had informed plaintiffs that they would file it on April 19, after the safe harbor period under Rule 11(c)(2) had elapsed. While dismissing the claims against the Pennsylvania defendants relieves plaintiffs from the imposition of sanctions under Rule 11, it does not deprive this Court of its inherent authority to impose sanctions on plaintiffs' counsel. *See Jamieson v. Hoven Vision LLC*, No. 20-1122, 2020 WL 7043865, at *1 (D. Colo. Dec. 1, 2020). The Pennsylvania defendants reserve the right to request the imposition of sanctions against plaintiffs in this case based on this Court's inherent authority.

Dated: April 20, 2021                                  Respectfully submitted,

                                                                JOSH SHAPIRO
                                                                Attorney General
                                                                Commonwealth of Pennsylvania

                                                                MICHAEL J. FISCHER
                                                                Chief Deputy Attorney General

                                                                /s/ Jacob Boyer
                                                                JACOB BOYER
                                                               Deputy Attorney General
                                                               Pennsylvania Office of Attorney General

---

[1] Defendants' consent to dismissal is not necessary under Rule 41(a)(1)(A)(i).

1600 Arch Street, Suite 300
Philadelphia, PA 19103
(267) 768-3968
jboyer@attorneygeneral.gov

*Attorneys for Governor Tom Wolf and Former Secretary of the Commonwealth Kathy Boockvar*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2021 I electronically filed the foregoing Notice with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Jacob Boyer
Jacob Boyer