## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03747-NRN

KEVIN O'ROURKE, NATHANIEL L.
CARTER, LORI CUTUNILLI, LARRY D.
COOK, ALVIN CRISWELL, KESHA
CRENSHAW, NEIL YARBROUGH, and
AMIE TRAPP,

        Plaintiffs, on their own behalf
        and of a class of similarly
        situated persons,

    v.

DOMINION VOTING SYSTEMS, INC., a
Delaware corporation, FACEBOOK, INC., a
Delaware corporation, CENTER FOR TECH
AND CIVIC LIFE, an Illinois non-profit
organization, MARK E. ZUCKERBERG,
individually, PRISCILLA CHAN,
individually, BRIAN KEMP, individually,
BRAD RAFFENSPERGER, individually,
GRETCHEN WHITMER, individually,
JOCELYN BENSON, individually, TOM
WOLF, individually, KATHY BOOCKVAR,
individually, TONY EVERS, individually,
ANN S. JACOBS, individually, MARK L.
THOMSEN, individually, MARGE
BOSTELMAN, individually, JULIE M.
GLANCEY, DEAN KNUDSON,
individually, ROBERT F. SPINDELL, Jr.,
individually, and DOES 1-10,000,

    Defendants.

---

## DEFENDANT CENTER FOR TECH AND CIVIC LIFE'S
## MOTION FOR SANCTIONS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................................ii

INTRODUCTION ................................................................................................................... 1

BACKGROUND ..................................................................................................................... 2

ARGUMENT .......................................................................................................................... 3

I.   THE COURT IS EMPOWERED TO IMPOSE SANCTIONS UNDER
     28 U.S.C. § 1927, ITS OWN INHERENT POWER, AND RULE 11 ........................... 3

     A.   28 U.S.C. § 1927 ................................................................................................ 3

     B.   Inherent Power ................................................................................................ 5

     C.   Rule 11 ............................................................................................................. 6

II.  THE CONDUCT OF PLAINTIFFS' COUNSEL WARRANTS
     SANCTIONS ...................................................................................................... 9

     A.   Plaintiffs' Counsel Advanced Objectively Frivolous Standing
          Arguments. ....................................................................................................... 9

     B.   Plaintiffs' Counsel Advanced Objectively Frivolous Claims on the
          Merits. ............................................................................................................. 11

     C.   Plaintiffs' Counsel Brought This Suit for an Improper Purpose ..................... 12

III. THE COURT SHOULD AWARD FULL COSTS AND FEES ................................. 15

CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baca v. Berry*,
   806 F.3d 1262 (10th Cir. 2015) ............................................................ 4, 11

*Bowyer v. Ducey*,
   No. 20 Civ. 2321, 2020 WL 7238261 (D. Ariz. Dec. 9, 2020)................ 10

*Braley v. Campbell*,
   832 F.2d 1504 (10th Cir. 1987) (en banc) ..................................... 3, 11, 14

*Brown v. Bd. of Educ.*,
   348 U.S. 886 (1954)............................................................................ 1, 3

*Burbidge Mitchell & Gross v. Peters*,
   622 F. App'x 749 (10th Cir. 2015) ............................................................ 8

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991).................................................................................... 5

*Collins v. Daniels*,
   916 F.3d 1302 (10th Cir. 2019) ..................................................... 6, 9, 11

*Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*,
   430 F.3d 1269 (10th Cir. 2005) ........................................................ 4, 11

*Donald J. Trump for President, Inc. v. Cegavske*,
   488 F. Supp. 3d 993 (D. Nev. 2020)......................................................... 10

*Dreiling v. Peugeot Motors of Am., Inc.*,
   768 F.2d 1159 (10th Cir. 1985) ........................................................ 4, 11

*Election Integrity Fund v. City of Lansing*,
   No. 20 Civ. 950, 2020 WL 6605987 (W.D. Mich. Oct. 19, 2020) ......... 10

*Farmer v. Banco Popular of N. Am.*,
   791 F.3d 1246 (10th Cir. 2015) ............................................................... 5

*Feehan v. Wis. Elections Comm'n*,
   No. 20 Civ. 1771, 2020 WL 7250219 (E.D. Wis. Dec. 9, 2020)............. 10

*Giganti v. Gen-X Strategies, Inc.*,
   222 F.R.D. 299 (E.D. Va. 2004) ............................................................... 7

*Goodyear Tire & Rubber Co. v. Haeger*,
 137 S. Ct. 1178 (2017) ............................................................................ 4, 5, 15

*Hamilton v. Boise Cascade Exp.*,
 519 F.3d 1197 (10th Cir. 2008) ................................................................... 3

*Hutchinson v. Pfeil*,
 208 F.3d 1180 (10th Cir. 2000) ................................................................... 7

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
 243 F.R.D. 322 (N.D. Iowa 2007) ............................................................... 9

*In re Kitchin*,
 327 B.R. 337 (Bankr. N.D. Ill. 2005) .......................................................... 8

*In re Kunstler*,
 914 F.2d 505 (4th Cir. 1990) ..................................................................... 12

*Iowa Voter All. v. Black Hawk Cty.*,
 No. 20 Civ. 2078, 2021 WL 276700 (N.D. Iowa Jan. 27, 2021) ............... 10

*Johnson ex rel. U.S. v. Univ. of Rochester Med. Ctr.*,
 715 F. Supp. 2d 427 (W.D.N.Y. 2010) ......................................................... 8

*King v. Whitmer*,
 No. 20 Civ. 13134, 2020 WL 7134198 (E.D. Mich. Dec. 7, 2020) ............ 10

*Lance v. Coffman*,
 549 U.S. 437 (2007) ................................................................................... 10

*Loncar v. W. Peak, LLC*,
 No. 08 Civ. 1592, 2011 WL 1211522 (D. Colo. Mar. 30, 2011) ................. 5

*Mellott v. MSN Commc'ns, Inc.*,
 492 F. App'x 887 (10th Cir. 2012) ........................................................ 7, 15

*Mellott v. MSN Commc'ns, Inc.*,
 No. 09 Civ. 2418, 2011 WL 4536975 (D. Colo. Sept. 30, 2011) ................. 7

*Miera v. Dairyland Ins. Co.*,
 143 F.3d 1337 (10th Cir. 1998) ................................................................... 4

*Minn. Voters All. v. City of Minneapolis*,
 No. 20 Civ. 2049, 2020 WL 6119937 (D. Minn. Oct. 16, 2020) ............... 10

*Mondragon v. Nosrak LLC*,
 No. 19 Civ. 1437, 2020 WL 2395641 (D. Colo. May 11, 2020) ............ 5, 15

*Mountain W. Mines, Inc. v. Cleveland-Cliffs Iron Co.*,
    470 F.3d 947 (10th Cir. 2006) ................................................. 5

*Pa. Voters All. v. Centre Cty.*,
    496 F. Supp. 3d 861 (M.D. Pa. 2020) ...................................... 10

*Pannonia Farms, Inc. v. USA Cable*,
    No. 03 Civ. 7841, 2006 WL 2872566 (S.D.N.Y. Oct. 5, 2006) ................................. 8

*Rector v. Approved Fed. Sav. Bank*,
    265 F.3d 248 (4th Cir. 2001) ................................................. 8

*Rhodes v. MacDonald*,
    670 F. Supp. 2d 1363 (M.D. Ga. 2009) ............................... 13, 14

*Roth v. Green*,
    466 F.3d 1179 (10th Cir. 2006) ..................................... 4, 7, 11

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ......................................................... 9

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
    682 F.3d 170 (2d Cir. 2012) ................................................. 8

*Steinert v. Winn Grp., Inc.*,
    440 F.3d 1214 (10th Cir. 2006) ................................... 4, 5, 7, 11

*Sterling Energy, Ltd. v. Friendly Nat. Bank*,
    744 F.2d 1433 (10th Cir. 1984) ............................. 5, 11, 13, 15

*Teno v. Iwanski*,
    464 F. Supp. 3d 924 (E.D. Tenn. 2020) ................................. 14

*Tex. Voters All. v. Dallas Cty.*,
    495 F. Supp. 3d 441 (E.D. Tex. 2020) .................................... 10

*Towerridge, Inc. v. T.A.O., Inc.*,
    111 F.3d 758 (10th Cir. 1997) ............................................... 5

*Townsend v. Holman Consulting Corp.*,
    929 F.2d 1358 (9th Cir. 1990) (en banc) ............................... 12

*Truesdell v. S. California Permanente Med. Grp.*,
    209 F.R.D. 169 (C.D. Cal. 2002) ............................................ 7

*Wis. Voters All. v. City of Racine*, No. 20 Civ. 1487 (E.D. Wis. Sept. 24, 2020) ....................... 14

*Wis. Voters All. v. Pence*,
    20 Civ. 3791, 2021 WL 686359 (D.D.C. Feb. 19, 2021) .................... 14

*Wood v. Raffensperger,*
    981 F.3d 1307 (11th Cir. 2020) ............................................................. 10

*Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.,*
    103 F.3d 294 (3d Cir. 1996)..................................................................... 8

**Constitutional Provisions**

U.S. Const. art. II, § 1, cl. 2 ........................................................... 11, 12

U.S. Const., art. III ............................................................... *passim*

U.S. Const. amend. XIV .................................................................. 11

**Statutes**

28 U.S.C. § 1927 ..................................................................... *passim*

**Rules**

Fed. R. Civ. P. 11 ................................................................... *passim*

## INTRODUCTION

Filing suit in federal court is serious business. But Plaintiffs' counsel Ernest Walker and Gary Fielder have treated this case (and this Court) as a mere soapbox to air outlandish, offensive conspiracy theories about CTCL, an array of other public and private actors, and the integrity of our democracy. They have done so, moreover, despite an obvious lack of Article III standing. This isn't a close call. Any competent lawyer would recognize the frivolity of the position pressed by Plaintiffs' counsel: namely, that any registered voter, anywhere in the country, can file suit in any court against anyone who they believe did anything improperly affecting a presidential election. When Defendants explained that black-letter law made this position untenable, Plaintiffs' counsel doubled down and multiplied the course of proceedings. Remarkably, at no point did they even *attempt* a colorable response to the "veritable tsunami of decisions finding no Article III standing in near identical cases." ECF No. 92 at 17. Instead, while ignoring relevant precedents on Article III standing, Plaintiffs' counsel invoked a bizarre and shifting array of plainly irrelevant cases, culminating at oral argument with *Brown v. Board of Education*, 348 U.S. 886 (1954). The Court therefore deemed this lawsuit "fatally flawed" and dismissed it. ECF No. 92 at 24.

In these extreme circumstances, dismissal of the complaint is not enough: the Court should sanction Plaintiffs' counsel for their manifest abuse of the judicial process. As discussed below, three independent sources of authority empower this Court to impose sanctions on Plaintiff's counsel: (1) 28 U.S.C. § 1927, which permits awarding fees and costs against counsel who pursue frivolous litigation; (2) this Court's inherent power to protect its docket from abuse; and (3) Federal Rule of Civil Procedure 11, which Plaintiffs' counsel have flouted at every turn. We will first explain each of these grounds for sanctions and the remedies authorized, and we will then explain why the conduct of Plaintiffs' counsel is indeed sanctionable under those standards.

## BACKGROUND

Plaintiffs' counsel filed this case on December 22, 2020. ECF 1. By the time they got around to serving CTCL, two other Defendants had already filed motions to dismiss explaining (among other things) that Plaintiffs lacked Article III standing. ECF 22, 23. CTCL filed its own motion to dismiss on March 10, 2021. ECF 41. Rather than concede error, Plaintiffs' counsel opposed CTCL's motion, ECF 64, and moved to amend the complaint, ECF 48. The proposed amendments, however, did not even try to address the defects identified in the motions to dismiss; Plaintiffs' counsel simply added more plaintiffs under the same frivolous theory of standing, as well as a meritless civil RICO claim. *See* ECF 48-1. In their brief opposing CTCL's motion to dismiss the original complaint, as well as their briefs regarding the proposed amended complaint, Plaintiffs' counsel simply ignored nearly all the standing precedents cited by CTCL—including a slew of on-point recent cases arising from the 2020 presidential election. *See* ECF 48, 64, 75. To the extent they purported to address standing at all, they inexplicably cited a grab-bag of habeas rulings, criminal law cases, and merits opinions, plus a recent Supreme Court decision about redressability in nominal damages lawsuits (which self-evidently had no bearing on this litigation). *See generally id.* Plaintiffs also materially misrepresented or grossly misapplied the handful of standing cases to which they did attempt to offer a response. *See* ECF 81 at 4-5 (CTCL's reply in support of its motion to dismiss, discussing the misrepresentations); ECF 75 at 4-6.

On April 9, 2021, pursuant to Local Rule 7.1(a), CTCL's counsel met and conferred via telephone with Mr. Walker. On this call, CTCL's counsel advised him that CTCL intended to serve a sanctions motion and requested voluntary dismissal. Mr. Walker rejected this request and stated that Plaintiffs would continue to pursue their claims. On April 12, 2021, CTCL formally served Plaintiffs' counsel with the Rule 11 motion for sanctions attached here. *See* Ex. A. The only

communication CTCL has received from Plaintiffs' counsel since April 12 was a series of e-mails on April 23 and 24, seeking consent "to join approximately 350 new plaintiffs." *See* Ex. B.

On April 27, 2021, the Court held oral argument on Defendants' dispositive motions. ECF 97. At that hearing, Plaintiffs' counsel stated that they would soon seek to join many more named Plaintiffs, *id.* at 63, and strenuously opposed dismissal—even after this Court cited "clearly on point" precedent foreclosing Article III standing and expressed "shock[] that . . . even today, given this opportunity, you're not responding to these cases," *id.* at 60-61. When asked to identify *any* case that supports their clients' standing, Plaintiffs' counsel rattled off a list of plainly irrelevant authorities, describing *Brown v. Board of Education* as among their best cases. *See id.* at 77-79.

The next day, in an exhaustive 29-page order, this Court dismissed the complaint for lack of standing and denied as futile Plaintiffs' motion for leave to amend. ECF 92. Less than 24 hours later, Plaintiffs' counsel filed a notice of appeal to the Tenth Circuit. ECF 94.

## ARGUMENT

## I. THE COURT IS EMPOWERED TO IMPOSE SANCTIONS UNDER 28 U.S.C. § 1927, ITS OWN INHERENT POWER, AND RULE 11

### A. 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Counsel may be sanctioned under § 1927 if, "viewed objectively," their conduct "manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc). Notably, this standard does not require a finding of subjective bad faith. *See Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008).

Sanctions may be awarded under § 1927 for "acting recklessly or with indifference to the law," *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998), or "when the entire course of the proceedings was unwarranted," *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005). The Tenth Circuit has affirmed the imposition of sanctions under § 1927 where plaintiffs' counsel acted with "indifference to well-established law" by opposing a meritorious motion to dismiss, *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1225 (10th Cir. 2006), and where plaintiffs' counsel "commenced the action . . . without grounds" and "continued to assert claims for liability . . . long after it would have been reasonable and responsible to have dismissed the claims," *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985); *see also Baca v. Berry*, 806 F.3d 1262, 1277 (10th Cir. 2015) (sanctions proper where plaintiffs persisted even after responsive filings "hammered home" the "intractability" of their case); *Roth v. Green*, 466 F.3d 1179, 1188-90 (10th Cir. 2006) (sanctions proper where plaintiffs' counsel failed to acknowledge precedent that foreclosed their claims).

If the Court finds that Plaintiffs' counsel engaged in sanctionable conduct under § 1927, it may award CTCL its reasonable fees and costs arising from "proceedings that would not have been conducted" but for "the objectionable conduct of counsel." *Baca*, 806 F.3d at 1268; *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 n.5 (2017). At the pleading stage, § 1927 sanctions cover any expenses incurred once Plaintiffs' counsel has received a meritorious motion to dismiss and chooses to proceed anyway. *See Steinert*, 440 F.3d at 1225-26.[1]

---

[1] *Steinert* denied expenses associated with preparing an initial motion to dismiss because "it is not possible to multiply proceedings until *after* those proceedings have begun." 440 F.3d at 1225; *see id.* at 1226. Here, the same principle supports awarding CTCL its full reasonable expenses—including preparation of its motion to dismiss—because Plaintiffs' counsel did not serve CTCL until *after* other Defendants had already filed meritorious motions to dismiss alerting Plaintiffs' counsel to the fundamental Article III defects in their claims. *See* ECF No. 62 at 1-2 (describing

### B.     Inherent Power

In addition, the Court's may impose sanctions under its inherent power. That power is properly invoked "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). The Court's inherent power supports sanctions for a wide range of litigation-related conduct that "abuses the judicial process," *id.* at 45, including the same kinds of frivolous filings that are compensable under § 1927. *See Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1257 (10th Cir. 2015). Unlike sanctions under § 1927 and Rule 11, sanctions imposed pursuant to the Court's inherent power require an express "finding of bad intent or improper motive." *Sterling Energy, Ltd. v. Friendly Nat. Bank*, 744 F.2d 1433, 1437 (10th Cir. 1984). This requirement may be met where the complaint is plainly frivolous. *See id.* ("[A] case can be so frivolous as to reflect impermissible conduct . . . ."); *Mountain W. Mines, Inc. v. Cleveland-Cliffs Iron Co.*, 470 F.3d 947, 954 (10th Cir. 2006).

Inherent power sanctions unlock a broader menu of remedies than § 1927. For example, they support non-monetary sanctions of various types. *See Mondragon v. Nosrak LLC*, No. 19 Civ. 1437, 2020 WL 2395641, at *12, *14 (D. Colo. May 11, 2020) (Neureiter, M.J.). Further, when a lawsuit is so frivolous that the very act of filing it is sanctionable, the Court may award Defendants' entire legal fees. *See Goodyear*, 137 S. Ct. at 1188; *see also Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 768 (10th Cir. 1997).

---

the relevant sequence of events); *Loncar v. W. Peak, LLC*, No. 08 Civ. 1592, 2011 WL 1211522, at *3, *6 (D. Colo. Mar. 30, 2011) (applying *Steinert* to award § 1927 fees "starting from the time [the plaintiff] should have should have been on notice of the lack of federal jurisdiction in this case, namely, the filing of the first motion to dismiss").

### C.     Rule 11

Finally, the Court may impose sanctions under Rule 11. We first set out the scope of conduct covered by Rule 11, then discuss why this motion satisfies the Rule's prerequisites.

*Scope.* Rule 11(b) requires all pleadings, motions, or other papers to contain only contentions "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Rule 11(b) also imposes an "affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019) (alteration omitted). And it prohibits filings "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). "[A] litigant's obligations with respect to the contents of . . . papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendments. The touchstone of Rule 11 is "objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document." *Collins*, 916 F.3d at 1320. As with sanctions imposed under § 1927, but unlike inherent power sanctions, no finding of subjective bad faith is necessary. *See id.*

Sanctions available under Rule 11 include both non-monetary and monetary sanctions payable to the Court, as appropriate to deter repetition of the conduct. Fed. R. Civ. P. 11(c)(4). Rule 11 can also be a basis for awarding opposing counsel fees and costs resulting from the violation, "if imposed on motion and warranted for effective deterrence." *Id.*

*Safe Harbor.* Unlike a motion for sanctions under § 1927 and the Court's inherent power, a motion for Rule 11 sanctions must first be served on opposing counsel, so they have an adequate opportunity to reconsider and withdraw the offending papers. Under this so-called "safe harbor"

procedure, a motion may be filed with the Court if the offending papers are not "withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2).

The Tenth Circuit has not decided whether and under what circumstances a court may entertain a Rule 11 motion filed after dismissal. *See Steinert*, 440 F.3d at 1223 (noting, without endorsing, the Third Circuit's rule "that sanction issues under Rule 11 and the inherent power of the court must be decided before or concurrent to the final judgment"). To be sure, in one unpublished decision, the Tenth Circuit suggested that "it is an abuse of discretion to grant a Rule 11 motion that is filed after the dismissal of the case because it is then impossible to comply with the safe-harbor provision." *Mellott v. MSN Commc'ns, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012). However, in *Mellott* and the precedents to which it referred—but importantly, unlike in this case—the moving party did not serve the opposing party with a copy of the motion prior to dismissal at all, nor did it otherwise comply with the safe harbor provision. *See Mellott v. MSN Commc'ns, Inc.*, No. 09 Civ. 2418, 2011 WL 4536975, at *16 (D. Colo. Sept. 30, 2011); *Roth v. Green*, 466 F.3d 1179, 1191-92 (10th Cir. 2006); *Hutchinson v. Pfeil*, 208 F.3d 1180, 1183-84 (10th Cir. 2000) (discussing effect of summary judgment on availability of Rule 11 sanctions in *dicta*, where defendants sought attorney fees under 28 U.S.C. § 1927 only).

In two well-reasoned opinions, federal judges in California and Virginia have concluded that Rule 11 sanctions can be imposed after dismissal where a Rule 11 motion was served while a case was pending, the court dismissed the offending claims within the safe harbor window, and it was clear from their conduct that counsel otherwise had no intention of abandoning their claims within the safe harbor window. *See Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 306-07, 309 (E.D. Va. 2004); *Truesdell v. S. California Permanente Med. Grp.*, 209 F.R.D. 169, 179 (C.D. Cal.

2002).[2] Here, that standard is met. When CTCL informed Plaintiffs' counsel of its intent to serve a sanctions motion, Plaintiffs' counsel emphatically stated his refusal to withdraw any claims. After CTCL served its Rule 11 motion on April 12, Plaintiffs' counsel continued to aggressively litigate the case at every turn—continuing to oppose dismissal, presenting oral argument, filing a motion for judicial notice, proposing to add additional plaintiffs, and then waiting less than 24 hours before filing a notice of appeal from the Court's decision dismissing all claims. In these circumstances, counsels' affirmative defiance of the opportunity to change course is sufficient to foreclose any safe-harbor-based defense. *See Rector v. Approved Fed. Sav. Bank*, 265 F.3d 248, 253 (4th Cir. 2001) (safe harbor defense can be waived or forfeited); *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 299 n.3 (3d Cir. 1996) (no need to consider whether safe-harbor procedure was mandated where "appellant acknowledged that he would not have withdrawn the complaint even if he had been given the full 21–day safe harbor").[3]

---

[2] *See also Johnson ex rel. U.S. v. Univ. of Rochester Med. Ctr.*, 715 F. Supp. 2d 427, 429 (W.D.N.Y. 2010) (rejecting an argument based on technical non-compliance with the safe harbor provision where "plaintiff . . . continued to press the frivolous claims *even after they had been dismissed*" (emphasis in original)), *aff'd on other grounds*, 642 F.3d 121, 125 (2d Cir. 2011); *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841, 2006 WL 2872566, at *5 (S.D.N.Y. Oct. 5, 2006) (rejecting an argument based on non-compliance with safe harbor procedures where there was "no doubt whatsoever that plaintiff's counsel would have persisted in litigating this case whether or not they were . . . granted a formal 21-day safe harbor period"); *In re Kitchin*, 327 B.R. 337, 362 (Bankr. N.D. Ill. 2005) ("Plaintiffs can not now complain about the loss of the safe harbor provision when it deliberately and knowingly rejected that option.").

[3] The motion that CTCL served on Plaintiffs' counsel on April 12 described the grounds for Rule 11 sanctions addressed in this memorandum. *See* Ex. A. It therefore provided "sufficient notice of the claimed sanctionable conduct," *Burbidge Mitchell & Gross v. Peters*, 622 F. App'x 749, 757 (10th Cir. 2015) (cleaned up), and the Tenth Circuit has specifically "declin[ed] 'to read into the rule a requirement that a motion served for purposes of the safe harbor period must include supporting papers such as a memorandum of law and exhibits.'" *Id.* (quoting *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012)). As it concerns Rule 11, the "combined motion and brief" that CTCL files today is properly limited to grounds that were clearly identified in the April 12 motion served on counsel, and simply adds "the fuller argument that one would expect to find in a separate brief in support of a Rule 11

## II.     THE CONDUCT OF PLAINTIFFS' COUNSEL WARRANTS SANCTIONS

### A.     Plaintiffs' Counsel Advanced Objectively Frivolous Standing Arguments.

Federal courts can decide only actual cases or controversies brought by plaintiffs who have personally suffered a concrete and particularized injury-in-fact. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016). This requirement flows directly from the Constitution. *See id.* at 147. But here, Plaintiffs' counsel willfully and repeatedly disregarded a solid wall of precedent that any reasonable lawyer would understand to unequivocally preclude Article III standing. Given the manifest frivolity of their position, and their ostentatious refusal to engage with the cases cited by Defendants as grounds for dismissal, Plaintiffs' counsel should be sanctioned. *See Collins*, 916 F.3d at 1321 (affirming sanctions where "[p]laintiffs' standing arguments ignored controlling precedent" and "[p]laintiffs unreasonably attempted to distinguish" such authority).

We have addressed these issues at length in our Motion to Dismiss (ECF 41 at 4-8), our Opposition to Plaintiffs' Motion for Leave to Amend (ECF 62 at 4-8), and our Reply in Support of our Motion to Dismiss (ECF 81 at 2-5). Simply put, Plaintiffs' theory of standing appears to be that any registered voter, anywhere in the country, whether or not they actually voted, can file suit in any federal court against anyone who they believe did anything improperly affecting a presidential election. *See* ECF 92 at 9, 24 (summarizing Plaintiffs' theory). Plaintiffs' counsel freely admit that their alleged harm would be shared by every single registered voter in the country (totaling roughly 160 million people). *See* ECF 1 ¶¶ 76, 126, 290, 307, 319-20, 334, Prayer for Relief; ECF 48-1 ¶¶ 369, 646, 664, 677-79, 693, 716, 811; *see also* ECF 92 at 9-10, 17-18, 23-24.

---

sanctions motion." *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 339 (N.D. Iowa 2007).

As the Court has recognized, a "veritable tsunami" of precedent forecloses that startling, unbounded contention. ECF 92 at 17. These cases include binding Supreme Court precedent, *see Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam), as well numerous decisions issued in relation to the 2020 presidential election, *see, e.g.*, *Wood v. Raffensperger*, 981 F.3d 1307, 1314-1315 (11th Cir. 2020); *Iowa Voter All. v. Black Hawk Cty.*, No. 20 Civ. 2078, 2021 WL 276700, at *4-8 (N.D. Iowa Jan. 27, 2021); *Bowyer v. Ducey*, No. 20 Civ. 2321, 2020 WL 7238261, at *5 (D. Ariz. Dec. 9, 2020); *Feehan v. Wis. Elections Comm'n*, No. 20 Civ. 1771, 2020 WL 7250219 (E.D. Wis. Dec. 9, 2020); *King v. Whitmer*, No. 20 Civ. 13134, 2020 WL 7134198, at *9-11 (E.D. Mich. Dec. 7, 2020); *Pa. Voters All. v. Centre Cty.*, 496 F. Supp. 3d 861, 869 (M.D. Pa. 2020); *Tex. Voters All. v. Dallas Cty.*, 495 F. Supp. 3d 441, 451-53 (E.D. Tex. 2020); *Election Integrity Fund v. City of Lansing*, No. 20 Civ. 950, 2020 WL 6605987, at *2 (W.D. Mich. Oct. 19, 2020); *Minn. Voters All. v. City of Minneapolis*, No. 20 Civ. 2049, 2020 WL 6119937, at *4, *7-8 (D. Minn. Oct. 16, 2020); *Donald J. Trump for President, Inc. v. Cegavske*, 488 F. Supp. 3d 993, 1000 (D. Nev. 2020).

Amazingly, Plaintiffs' counsel ignored the vast majority of that authority even after it was cited in dispositive motions; they also misrepresented or grossly misapplied the bare handful of cases they did address. *See* ECF 81 at 4-5; ECF 75 at 3-6. Rather than engage with relevant authority, Plaintiffs' counsel cobbled together a series of jumbled and largely irrelevant quotes from cases that overwhelmingly had nothing to do with Article III standing. *See* ECF 81 at 3-4 & n.3 (cataloging Plaintiffs' irrelevant authority). They also filed a proposed amended complaint that made no effort whatsoever—that did not even *try*—to remedy the glaring Article III deficiency. *See* ECF 48-1. To the contrary, this filing confirmed the frivolousness of their case (and the generalized nature of their grievance) by introducing scores of identical new plaintiffs from all

over the country. *See id.* ¶¶ 51-212. On the rare occasions that Plaintiffs' counsel cited actual Article III cases, they still failed to present a colorable argument: there is no credible difference between the "general public" and "every registered voter" under Article III precedents governing election claims; the Supreme Court did not silently dispense with the injury-in-fact requirement in a recent case about nominal damages; and vaguely invoking theories of state action does not support a showing of concrete, particularized injury-in-fact. *See* ECF 92 at 17-19, 24-26.

Accordingly, the contentions that Plaintiffs' counsel advanced with respect to Article III standing were objectively frivolous. By relying on such frivolous contentions to file and forge ahead with this case, Plaintiffs' counsel exhibited disregard for the law and their duties to the Court. This conduct ranks as precisely the kind of unreasonable and vexatious "indifference to well-established law" that warrants sanctions under § 1927. *See Steinert*, 440 F.3d at 1225; *see also Baca*, 806 F.3d at 1277; *Roth*, 466 F.3d at 1188-89; *Dominion Video Satellite*, 430 F.3d at 1278; *Braley*, 832 F.2d at 1512; *Dreiling*, 768 F.2d at 1165. Moreover, the standing arguments here are so "patently frivolous"—and reflect such a clear, persistent indifference to legal precedent and federal practice—that they show bad faith warranting sanctions under this Court's inherent power. *See Sterling Energy*, 744 F.2d at 1437. Finally, the original complaint, the proposed amended complaint, the motion for leave to amend, and the opposition to CTCL's motion to dismiss all violated Rule 11(b), since they either rest upon or advance legal contentions that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ. P. 11(b); *see also Collins*, 916 F.3d at 1321 (affirming Rule 11 sanctions where "Plaintiffs' standing arguments ignored controlling precedent").

### B. Plaintiffs' Counsel Advanced Objectively Frivolous Claims on the Merits.

To the extent they are even intelligible, the constitutional claims advocated by Plaintiffs' counsel (for violations of the Electors Clause, Equal Protection Clause, and Due Process Clause)

are just as frivolous as their standing allegations. CTCL's motion to dismiss and subsequent briefs explained that Plaintiffs' Electors Clause claim is deficient on multiple grounds, and that Plaintiffs' counsel failed to allege even rudimentary elements of their other claims. *See* ECF 41 at 10-14; ECF 62 at 9 n.5, 11-13; *see also* ECF 81 at 6-7. In typical fashion, Plaintiffs' counsel barely responded to these arguments. *See* ECF 81 at 6-7. And rather than try to fix the deficiencies in Plaintiffs' case, the proposed amended complaint simply added equally deficient civil RICO claims. *See* ECF 62 at 13-15. For the reasons stated in CTCL's briefing, any reasonable attorney would conclude that there is no basis in law and no plausible extension of existing doctrines that could support these claims. *See* ECF 41 at 10-14; ECF 62 at 9 n.5, 11-13; *see also* ECF 81 at 6-7. Each of these frivolous merits allegations warrants sanctions under § 1927, this Court's inherent power, and Rule 11(b) for essentially the same reasons as their standing allegations.

### C.      Plaintiffs' Counsel Brought This Suit for an Improper Purpose.

In addition, Plaintiffs' counsel should be sanctioned because their conduct demonstrates that they brought this suit for improper purposes.

*First*, the frivolousness of both their Article III contentions and their underlying claims is itself reason to conclude "that counsel willfully included the baseless claims" and acted with "some purpose other than to vindicate rights through the judicial process." *In re Kunstler*, 914 F.2d 505, 519 (4th Cir. 1990); *see also id.* ("The fact that so many allegations in the complaint lacked a basis in law or in fact strongly supports the court's finding of improper purpose."); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) ("[E]vidence bearing on frivolousness . . . will often be highly probative of purpose."); *Sterling Energy*, 744 F.2d at 1437 (patent frivolousness can evince subjective bad faith or improper motive).

*Second*, the inference of an improper purpose and bad faith is strengthened by Plaintiffs' decision to level baseless, inflammatory accusations against CTCL that are completely unmoored from their claims and that are not even grounded in their own pleadings. For example, in opposing CTCL's motion to dismiss, Plaintiffs' counsel questioned CTCL's "legal capacity to enter into contracts," gratuitously called for CTCL to be "investigated," and challenged "the tax deductibility of . . . so-called charitable contributions" to CTCL. ECF 64 at 12. Filings in federal court are not properly treated as vehicles for making outrageous, defamatory claims that have nothing to do with the litigation. The decision by Plaintiffs' counsel to resort to such tactics suggests that they proceeded here with a legally improper purpose. *See Sterling Energy*, 744 F.2d at 1437 ("The serious nature of the frivolous allegations . . . , particularly where they have a criminal connotation, is clearly a factor to be considered in determining whether the allegations were made in bad faith."); *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009), *aff'd*, 368 F. App'x 949 (11th Cir. 2010) ("personal attacks on opposing parties" that "added nothing to the advancement of [p]laintiff's legal cause of action" showed improper purpose).

*Third*, the foregoing evidence of improper purpose and bad faith is bolstered by the fact that Plaintiffs' counsel apparently copied and pasted substantial sections of their pleadings from other cases where similar claims (including claims implicating CTCL) were rejected by federal courts. For instance, the complaint and proposed amended complaint include allegations about the Help America Vote Act and National Voter Registration Act that do not form the basis of any claims in this case—and that appear to be borrowed (in some instances verbatim) from the complaint in a different case that unsuccessfully challenged the legality of CTCL's grant program. ECF 1 ¶¶ 99-118, 268-69 & nn.60-61; ECF 48-1 ¶¶ 398-417, 596-97; *compare, e.g.*, Compl. (ECF

No. 1) ¶¶ 147-66, *Wis. Voters All. v. City of Racine*, No. 20 Civ. 1487 (E.D. Wis. Sept. 24, 2020).[4] These are not choices that Plaintiffs' counsel would have made if their purpose were actually to seek a favorable ruling for their clients on the merits of the claims they alleged.

*Finally*, Plaintiffs' counsel did not file suit until more than a month after the election—and did not serve CTCL for nearly two more months—despite professing grave concerns about the constitutionality of election procedures. By the time Plaintiffs' counsel began litigating this case in earnest, the 2020 election had been certified and many other lawsuits involving similar (often effectively indistinguishable) claims had already been filed, litigated, and rejected. *Cf. Wis. Voters All. v. Pence*, No. 20 Civ. 3791, 2021 WL 686359, at *2 (D.D.C. Feb. 19, 2021) ("[I]f Plaintiffs were in good faith challenging the constitutionality of federal and state statutes that have long been on the books, why wait until [December]? . . . To wait as counsel did smacks of political gamesmanship and may be relevant to the [court's] Committee [on Grievances].").

When counsel advocates politically inflammatory claims like these while exhibiting willful indifference to contrary law, it is natural to infer that they have extralegal motives for doing so. That constitutes an improper purpose under Rule 11. *See Rhodes*, 670 F. Supp. 2d at 1379; *Teno v. Iwanski*, 464 F. Supp. 3d 924, 953-54 (E.D. Tenn. 2020). It also "manifests intentional or reckless disregard of the attorney's duties to the court" warranting § 1927 sanctions, *see Braley*, 832 F.2d at 1512, and it further supports the "finding of bad intent or improper motive" necessary for inherent power sanctions, *see Sterling Energy*, 744 F.2d at 1437.

---

[4] Notably, a district court referred one of the lead lawyers involved in that other case to the local Committee on Grievances because the court concluded that he intended to "file a sweeping Complaint filled with baseless fraud allegations and tenuous legal claims to undermine a legitimate presidential election." *Wis. Voters All. v. Pence*, 20 Civ. 3791, 2021 WL 686359, at *2 (D.D.C. Feb. 19, 2021). That description applies with full force to Plaintiffs' counsel.

## III.     THE COURT SHOULD AWARD FULL COSTS AND FEES

For the foregoing reasons, the Court can and should award CTCL its full fees and costs in this litigation—whether under § 1927, its inherent power, or under Rule 11. *See supra* n.1 (§ 1927); *Goodyear*, 137 S. Ct. at 1187-88 (inherent power); Fed. R. Civ. P. 11(c)(4).[5] In the alternative, the Court may conclude that a partial award of CTCL's fees and costs is justified. If the Court concludes that the inherent power or Rule 11 standards are satisfied, a monetary penalty payable to the Court would also be appropriate. *See Mellott*, 492 F. App'x at 889-90 (inherent power); Fed. R. Civ. P. 11(c)(4). Both of those authorities make non-monetary sanctions available, as well. *See Mondragon*, 2020 WL 2395641, at *12, *14; Fed. R. Civ. P. 11(c)(4).

## CONCLUSION

For the foregoing reasons, Plaintiffs' counsel should be sanctioned under 28 U.S.C. § 1927, this Court's inherent power, and Rule 11. Specifically, Plaintiffs' counsel should be sanctioned for the filing and continued advocacy of the Complaint, the Motion for Leave to Amend, the Proposed Amended Complaint, and the Opposition to CTCL's Motion to Dismiss. Appropriate sanctions in this case would include awarding CTCL its full fees and costs.

---

[5] CTCL is prepared to document its reasonable fees and costs by affidavit.

Respectfully submitted,

Joshua Matz
Michael Skocpol
Marcella Coburn
Louis W. Fisher
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: 212.763.0883
Facsimile: 212.564.0883
Email: jmatz@kaplanhecker.com
        mskocpol@kaplanhecker.com
        mcoburn@kaplanhecker.com
        lfisher@kaplanhecker.com

*Attorneys for Defendant Center for Tech and Civic Life*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2021, a true and correct copy of the foregoing Memorandum in Support of Defendant's Motion for Sanctions was electronically filed with the Court using the CM/ECF system which will send notifications of such filing to all counsel of record.

_____

Joshua Matz