# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-03747-NRN

KEVIN O'ROURKE, NATHANIEL L. CARTER, LORI CUTUNILLI, LARRY D. COOK, ALVIN CRISWELL, KESHA CRENSHAW, NEIL YARBROUGH, and AMIE TRAPP,

        Plaintiffs, on their own behalf and of a class of similarly situated persons,

   v.

DOMINION VOTING SYSTEMS, INC., a Delaware corporation, FACEBOOK, INC., a Delaware corporation, CENTER FOR TECH AND CIVIC LIFE, an Illinois non-profit organization, MARK E. ZUCKERBERG, individually, PRISCILLA CHAN, individually, BRIAN KEMP, individually, BRAD RAFFENSPERGER, individually, GRETCHEN WHITMER, individually, JOCELYN BENSON, individually, TOM WOLF, individually, KATHY BOOCKVAR, individually, TONY EVERS, individually, ANN S. JACOBS, individually, MARK L. THOMSEN, individually, MARGE BOSTELMAN, individually, JULIE M. GLANCEY, DEAN KNUDSON, individually, ROBERT F. SPINDELL, Jr., individually, and DOES 1-10,000,

        Defendants.

**DEFENDANT CENTER FOR TECH AND CIVIC LIFE'S
MOTION FOR SANCTIONS**

Defendant Center for Tech and Civic Life ("CTCL") moves for sanctions against Plaintiffs' counsel in this case, Gary D. Fielder and Ernest J. Walker, under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. CTCL requests sanctions in the form of an assessment of reasonable attorneys' fees and other expenses as a result of the filing of the Complaint, ECF 1, the Motion for Leave to Amend, ECF 48, the Proposed Amended Complaint, ECF 48-1, and the Opposition to CTCL's Motion to Dismiss ("Opp. to MTD"), ECF 64, or, in the alternative, any other sanction that the Court considers appropriate for deterrence. *See* Fed. R. Civ. P. 11(c)(1), (2), (4).

Rule 11(b) requires that pleadings, motions, or other papers contain only contentions "warranted by existing law or by a nonfrivolous argument for extending . . . existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Rule 11(b) also imposes an "affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019). And it prohibits filings "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). The Court may impose sanctions for violations of these rules. Fed. R. Civ. P. 11(c)(1).

The touchstone of Rule 11 is "objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document." *Collins*, 916 F.3d at 1320. This standard is "'intended to eliminate any empty-head pure-heart justification for patently frivolous arguments.'" *Id.* (quoting Rule 11 advisory committee's note to 1993 amendment).

Separately, 28 U.S.C. § 1927 provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Like Rule 11, this provision "does not require a finding of bad faith." *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008). Conduct is sanctionable under Section 1927 if, viewed

objectively, it "manifests either intentional or reckless disregard of the attorney's duties to the court." *Id.* In addition to this standard, sanctions may be awarded under Section 1927 "when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278-79 (10th Cir. 2005).

Here, Mr. Fielder and Mr. Walker should be sanctioned under Rule 11 and Section 1927 for their filing and continued advocacy of the Complaint, the Motion for Leave to Amend, the Proposed Amended Complaint, and the Opposition to CTCL's Motion to Dismiss. The applicable standards for sanctions are satisfied as to each and all of these filings for the following reasons:

1. The Complaint, Motion for Leave to Amend, Proposed Amended Complaint, and Opposition to CTCL's Motion to Dismiss pursue legal claims and make legal arguments that are not "warranted by existing law or by a nonfrivolous argument for extending . . . existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Put differently, each of these filings advances legal claims and arguments that are not supportable by any non-frivolous argument. In particular:

   a. There is no non-frivolous argument that any plaintiff has Article III standing to pursue any of the claims in the Complaint or Proposed Amended Complaint. CTCL briefed this issue in its original Motion to Dismiss ("MTD," ECF 41 at 4-8) and its Opposition to Plaintiffs' Motion for Leave to Amend (ECF 62 at 4-8). The arguments presented by Plaintiffs' counsel in response (*see* Motion for Leave to Amend at 4-8, 12-13; Opp. to MTD at 10-13; *see also* Reply in Support of Motion for Leave to Amend at 3-6 ("Reply Supporting Amendment," ECF 75)) are frivolous. This is confirmed by the stark absence of any colorable response to the cases cited by CTCL, which include directly applicable Supreme Court precedents and recent, relevant decisions

2

from numerous federal district and appellate courts. *See Collins*, 916 F.3d at 1321 (affirming a sanctions award against an attorney whose "standing arguments ignored controlling precedent").

        b.      To the extent they are even intelligible, the Electors Clause, Equal Protection Clause, and Due Process Clause claims in this case (Compl. ¶¶ 292-362; Am. Compl. ¶¶ 648-721)—and the legal arguments Plaintiffs' counsel offer in support of these claims (Motion for Leave to Amend at 12-13)—are frivolous. Indeed, Plaintiffs do not even bother to specifically address the merits of these claims in their Opposition to CTCL's Motion to Dismiss. Any reasonable attorney would conclude that there is no basis in law or plausible extension of existing doctrines in support of these claims. *See* MTD at 10-14; Opposition to Motion for Leave to Amend at 9 n.5, 11-13.

        c.      The same is true of the RICO claims in the Proposed Amended Complaint. These claims accuse CTCL (and other defendants) of violating various criminal statutes without alleging supporting facts or explaining how those accusations satisfy the necessary elements of a RICO claim. *See* Opposition to Motion for Leave to Amend at 13-15. For example, Plaintiffs' counsel do not make any non-conclusory claim of injury to Plaintiffs' "business or property," a necessary prerequisite for RICO statutory standing. *See Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010); 18 U.S.C. § 1964(c); Reply Supporting Amendment at 8 (asserting, without any legal authority, that "every vote of every registered voter is sacred property to the voter"). Nor do they colorably allege any predicate racketeering acts.

    2.    An independent and supporting basis for sanctions is that the Complaint, Motion for Leave to Amend, Proposed Amended Complaint, and Opposition to CTCL's Motion to Dismiss were presented for an improper purpose. Evidence of this improper purpose includes the following:

3

a. The frivolity of the claims advanced in the filings by Plaintiffs' counsel, which include bizarre and offensive conspiracy theories aimed at state officials and private entities.

b. Numerous extra-judicial statements made by Plaintiffs' counsel publicly soliciting donations for their filing of this case attacking the Nation's democratic process.

c. The gratuitous and plainly improper inclusion of additional false charges of misconduct against CTCL in Plaintiffs' Opposition to CTCL's Motion to Dismiss, which asserts (without any reference to the Complaint or Proposed Amended Complaint) that CTCL's "legal capacity to enter into contracts with municipalities and counties across the country, while only registered to do business in Illinois, is a subject to be investigated, here—as is the tax deductibility of the so-called charitable contributions made by Zuckerberg and Chan." Opp. to MTD at 12.

d. The delayed timing of this litigation: Plaintiffs' counsel did not file suit until more than a month after the election—and did not serve CTCL for nearly two more months. By then, the 2020 election was completed and many other lawsuits involving similar (and in some cases effectively indistinguishable) claims had already been filed, litigated, and rejected.

e. The fact that Plaintiffs' counsel (as elaborated below) appear to have copied and pasted parts of their pleadings from other complaints where similar claims against CTCL were rejected. In fact, a district court referred one of the lead lawyers involved in those efforts to the local Committee on Grievances because the court concluded that he intended to "file a sweeping Complaint filled with baseless fraud allegations and tenuous legal claims to undermine a legitimate presidential election." *See Wisconsin Voters All. v. Pence*, 20 Civ. 3791, 2021 WL 686359 (D.D.C. Feb. 19, 2021). That description applies with full force to Plaintiffs' counsel in this litigation.

3. In addition to the grounds for sanctions set forth above, the Complaint, Proposed Amended Complaint, and Opposition to CTCL's Motion to Dismiss reveal that Plaintiffs' counsel

failed to perform a reasonable inquiry prior to filing of these papers. Evidence of counsels' failure includes the following:

      a.      The Complaint includes allegations lifted entirely from filings in a separate case that was rejected for lack of jurisdiction before the Complaint was filed. Compl. ¶¶ 219-32 (*Texas v. Pennsylvania*, No. 155, 2020 WL 7296814, at *1 (U.S. Dec. 11, 2020)).

      b.      The Complaint and Proposed Amended Complaint include allegations about the Help America Vote Act and National Voter Registration Act that do not form the basis of any claims in this case and that also appear to be lifted (in some instances verbatim) from the complaint in a different, unsuccessful case. Compl. ¶¶ 99-118, 268-69 & nn.60-61; Am. Compl. ¶¶ 398-417, 596-97; *see, e.g.*, ECF 1 ¶¶ 147-66, *Wisconsin Voters All. v. City of Racine*, No. 20 Civ. 1487 (E.D. Wisc. Sept. 24, 2020).

      c.      Plaintiffs' Opposition to CTCL's Motion to Dismiss contains incorrect statements about litigation concerning municipalities that accepted CTCL grants. In particular, Plaintiffs' counsel improperly seek to distinguish those cases by stating that they did not involve voter plaintiffs (as this case does)—a statement that is simply wrong. *See* Opp. to MTD at 12.

4.      Separately and in combination, the grounds set forth above support the imposition of sanctions on Plaintiffs' counsel pursuant to Rule 11 and Section 1927.

5

Respectfully submitted,

/s/ Joshua Matz

Joshua Matz
Michael Skocpol
Marcella Coburn
Louis W. Fisher
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: 212.763.0883
Facsimile: 212.564.0883
Email: jmatz@kaplanhecker.com
        mskocpol@kaplanhecker.com
        mcoburn@kaplanhecker.com
        lfisher@kaplanhecker.com

*Attorneys for Defendant Center for Tech and Civic Life*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2021, I caused this motion to be served on Plaintiffs' counsel by USPS Priority Mail Express to their last known address, the Ernest J. Walker Law Office and Law Office of Gary Fielder, both at 1444 Stuart St., Denver, CO 80204, pursuant to Fed. R. Civ. P. 5(b)(2)(C).

/s/ Joshua Matz
Joshua Matz