IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-3747-NRN

KEVIN O'ROURKE, et al.,

Plaintiffs, on their own behalf and of a class of
similarly situated persons,

v.

DOMINION VOTING SYSTEMS INC., et al.,

Defendants.

**DEFENDANT FACEBOOK, INC.'S MOTION FOR SANCTIONS**

Defendant Facebook, Inc. moves pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 for sanctions against Plaintiffs' counsel, Gary D. Fielder and Ernest J. Walker. Facebook requests sanctions in the form of an award of the attorney's fees, costs, and expenses it has been forced to incur to respond to Plaintiffs' Complaint (Dkt. 1), as well as Plaintiffs' Motion for Leave to Amend (Dkt. 48) and Proposed Amended Complaint (Dkt. 48-1). In the alternative, Facebook requests a sanction that the Court considers appropriate to meet the need for deterrence.

On February 11, 2021, before filing its Motion to Dismiss (Dkt. 23), Facebook provided Plaintiffs' counsel written notice that the Complaint violated Rule 11, and requested that Plaintiffs withdraw the Complaint. *See* Letter from J. Lipshutz to G. Fielder and E. Walker (Feb. 11, 2021), attached as Exhibit 1. On April 5, 2021, Facebook served a copy of this Motion upon Plaintiffs. If Plaintiffs fail to withdraw their deficient pleadings, despite receiving repeated notice of the pleadings' sanctionable content, Facebook will file this motion with the Court, accompanied by a supporting memorandum of law. *See Burbidge Mitchell & Gross v. Peters*, 622 F. App'x 749, 757 (10th Cir. 2015) (Rule 11 requires only service of motion to initiate safe harbor period).

Rule 11(b) of the Federal Rules of Civil Procedure "'imposes . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing.'" *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991) (alteration in original)). When submitting a pleading to the Court, counsel certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). When reviewing a motion for sanctions, courts "employ an objective standard intended to eliminate any empty-head pure-heart justification for

1

patently frivolous arguments." *Collins,* 916 F.3d at 1321 (quotations omitted). Failure to comply with Rule 11(b) can lead to sanctions that "suffice[] to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). These sanctions may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

Similarly, under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions are appropriate under this provision in multiple circumstances, including when an attorney acts in bad faith, her or his conduct "constitutes a reckless disregard of the duty owed by counsel to the court," or when "an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of proceedings was unwarranted." *Crocs, Inc. v. Effervescent, Inc.*, 278 F. Supp. 3d 1182, 1192 (D. Colo. 2017) (collecting cases).

Here, the pleadings Plaintiffs have filed—the Complaint, and the Motion for Leave to Amend and Proposed Amended Complaint—warrant sanctions under both Rule 11 and 28 U.S.C. § 1927 for several reasons.

*First*, Plaintiffs make frivolous claims that have no basis in law or fact. As Facebook laid out in its Motion to Dismiss (Dkt. 23), Reply in Support of its Motion to Dismiss (Dkt. 56), and Opposition to Plaintiffs' Motion for Leave to Amend (Dkt. 63), Plaintiffs' claims cannot survive, given the numerous insurmountable barriers they face related to personal jurisdiction, standing, the state actor doctrine, and Section 230 of the Communications Decency Act. Plaintiffs'

arguments to the contrary ignore and misconstrue long-standing and controlling precedent in the Supreme Court, this Circuit, and federal courts across the country. *See, e.g., Collins*, 916 F.3d at 1321 (affirming Rule 11 sanctions where "Plaintiffs' standing arguments ignored controlling precedent"). Plaintiffs' proposed Amended Complaint not only doubles down on these severe defects, it introduces two new claims against Facebook under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), alleging in cursory and vague fashion that Facebook engaged in purportedly criminal conduct without any factual basis. *See* Dkt. 48-1 ¶¶ 747-83; Dkt. 63 at 9-14.

*Second*, Plaintiffs' claims related to the administration of the 2020 election (filed almost two months after the November 3, 2020 election) are nearly identical to the many suits filed and rejected in numerous states, including Pennsylvania, Georgia, Michigan, Wisconsin, and Arizona. *See* Dkt. 23 at 5-6. The fact that Plaintiffs filed this suit in Colorado, where no Plaintiff alleges that their vote was not counted, after so many prior suits' dismissal—including dismissals that explained these election-related claims were already moot or barred by the doctrine of laches—demonstrates how unmoored the Complaint is from any legal or factual support. *Id.* at 8 n.2.[1]

*Third,* Plaintiffs violated their duty of candor to this Court by the Complaint's frequent references to and incorporation of allegations from these prior suits, including express copying of allegations, Dkt. 1 ¶¶ 219-32, 234-38, without any mention that those suits were dismissed and rejected on multiple grounds. For example, Plaintiffs describe a suit filed in Wisconsin as

---

[1] Plaintiffs' continuing efforts to press these claims stand in sharp contrast to the retreat from such assertions by Sidney Powell, the attorney who filed many cases with allegations Plaintiffs now parrot here; Ms. Powell has now acknowledged in a formal pleading that no reasonable person would accept the allegations as fact. *See US Dominion Inc. v. Powell*, No. 21-cv-0040-CJN, Dkt. 22 at 27-28 (D.D.C. Mar. 23, 2021).

"bring[ing] to light a massive election fraud," Dkt. 1 ¶ 283, but never disclose that the cited preliminary injunction motion in that suit was denied.  Similarly, the Complaint parrots allegations made in *Texas v. Pennsylvania*, No. 22O155 (U.S. filed Dec. 7, 2020), without noting that the Supreme Court summarily rejected the suit.  Dkt. 1 ¶¶ 219-34.

WHEREFORE Facebook requests that the Court impose sanctions on Plaintiffs' counsel by ordering Plaintiffs' counsel to pay the attorney's fees, costs, and expenses Facebook has been forced to incur to respond to Plaintiffs' Complaint (Dkt. 1), as well as Plaintiffs' Motion for Leave to Amend (Dkt. 48) and Proposed Amended Complaint (Dkt. 48-1).  In the alternative, Facebook requests a sanction that the Court considers appropriate to meet the need for deterrence.

Dated: May 21, 2021

Respectfully submitted,

/s/ Joshua S. Lipshutz

Joshua S. Lipshutz
**GIBSON DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, NW
Washington, DC  20036
Telephone: 202.955.8217
Facsimile: 202.530.9614
Email: jlipshutz@gibsondunn.com

Ryan T. Bergsieker
Natalie J. Hausknecht
**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street, Suite 4200
Denver, CO  80202-2642
Telephone: 303.298.5700
Facsimile: 303.298.5907
Email: rbergsieker@gibsondunn.com
nhausknecht@gibsondunn.com

Craig B. Streit
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: 415.393.8225
Facsimile: 415.374.8487
Email: cstreit@gibsondunn.com

*Attorneys for Facebook, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2021, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

/s/ Joshua S. Lipshutz
Joshua S. Lipshutz