# Exhibit 1

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Joshua S. Lipshutz
Direct: +1 202.955.8217
Fax: +1 202.530.9614
JLipshutz@gibsondunn.com

February 11, 2021

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED, AND EMAIL

Gary D. Fielder
Law Office of Gary Fielder
2325 W. 72nd Ave.
Denver, CO 80221

Ernest J. Walker
Ernest J. Walker Law Office
3368 Riverside Rd.
Benton Harbor, MI 49022

Re:   *O'Rourke v. Dominion Voting Systems Inc.*, No. 1:20-cv-03747-NRN (D.Colo. 2020)

Dear Mr. Fielder and Mr. Walker:

On behalf of Facebook, Inc., we write to advise you that the Complaint filed in the above-referenced matter on December 22, 2020, lacks any evidentiary support or legal basis and is therefore in violation of Federal Rule of Civil Procedure 11 ("Rule 11"). We demand that you withdraw this Complaint by February 15, 2021, at 10:00 a.m. MST, or we will be forced to pursue its dismissal and seek appropriate remedies under Rule 11(c), including monetary sanctions, expenses, and attorney's fees. Facebook reserves all rights to seek all available relief under Rule 11 and any other applicable law against you, your clients, and your law firms.

Rule 11 imposes a duty on attorneys to present to the court only factual allegations that "have evidentiary support" and legal claims that are "warranted by existing law." Fed. R. Civ. P. 11(b)(2)–(3). Rule 11 also prohibits filings made "for any improper purpose, such as to harass . . . or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). You have failed to comply with these standards.

The Complaint violates existing law and has no evidentiary support, as demonstrated by the numerous courts across the country that already have summarily and unanimously dismissed the same claims and allegations. You had no good-faith reason to believe re-filing in Colorado the same baseless claims rejected elsewhere complied with existing law.

Like the numerous dismissed suits that the Complaint copies, the Complaint fails to establish your clients' Article III standing to bring these claims. The "irreducible constitutional

**GIBSON DUNN**

Gary D. Fielder
Ernest J. Walker
February 11, 2021
Page 2

minimum of standing," requires your clients establish an injury that is: (1) concrete, particularized, and actual or imminent, not conjectural or hypothetical; (2) causally connected to the defendant's alleged wrongdoing; and (3) redressable. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The Complaint alleges nothing to meet any of these requirements. "A plaintiff cannot show a particularized or concrete injury by claiming 'that he has merely a general interest common to all members of the public,'" and a plaintiff cannot "use a 'federal court as a forum in which to air his generalized grievances about the conduct of government." *Feehan v. Wisc. Elections Comm.*, 2020 WL 7250219, at *7 (E.D. Wisc. Dec. 9, 2020) (quoting *Ex parte Levitt*, 302 U.S. 633, 634 (1937)). As several courts have explained, your clients cannot meet this burden by alleging in the abstract that purported conduct surrounding the election hurt "160 million" citizens writ large by diluting their voices or decreasing their faith in the results—yet that is precisely what the Complaint does. *E.g.*, *Feehan*, 2020 WL 7250219, at *7; *Bognet v. Secretary Commonwealth of Penn.*, 980 F.3d 336, 354–55 (3d Cir. 2020); *Wood v. Raffensperger*, 981 F.3d 1307, 1314–15 (11th Cir. 2020); *Bowyer v. Ducey*, 2020 WL 7238261, at *5 (D. Ariz. Dec. 9, 2020); *King v. Whitmer*, 2020 WL 7134198, at *9–11 (E.D. Mich. Dec. 7, 2020) (same); *Trump v. Kemp*, 2021 WL 49935, at *4–6 (N.D. Ga. Jan. 5, 2021) (same); *Shipley v. Chicago Bd. of Election Comm'rs*, 947 F.3d 1056, 1062 (7th Cir. 2020) (similar). The fact that you filed this suit in Colorado *after* so many prior suits' dismissals—including dismissals that explained these election-related claims were already moot or barred by the doctrines of laches—demonstrates how unmoored the Complaint is from any legal or factual support.

Relatedly, your duty of candor to the Court is violated by the Complaint's frequent reference and incorporation of allegations from prior suits like *Feehan*, which it describes as "bring[ing] to light a massive election fraud," (Compl. ¶ 283), without any mention that those suits were dismissed on multiple grounds and the cited preliminary injunction motion denied. Your Complaint also purports to assert constitutional violations against Facebook even though it is well established under the law that Facebook is not a state actor.

The above is merely representative of a few of the numerous Rule 11 issues with the Complaint. At bottom, the Complaint does no more than seek to smear Facebook with baseless claims. Worse still, it seeks to use these rejected allegations to chill constitutionally protected activities.[1] Facebook's alleged conduct further is the kind of editorial function protected by Section 230 of the Communications Decency Act, which squarely bars any liability here, and the Complaint makes no allegations of how Section 230 has been applied to deny any

---

[1] Facebook reserves the right to file an anti-SLAPP motion at an appropriate time and in an appropriate venue, if you proceed with this matter, seeking attorney's fees, costs, and any other remedies available to it, in addition to any Rule 11 sanctions. See C.R.S. § 13-20-1101.

**GIBSON DUNN**

Gary D. Fielder
Ernest J. Walker
February 11, 2021
Page 3

constitutional right of Plaintiffs.  *See Silver v. Quora, Inc.*, 666 F. App'x 727, 729 (10th Cir. 2016).

We do not send this letter lightly.  The Complaint's total falsity and lack of legal merit have forced us to take this measure because this matter rests on nothing more than allegations and legal claims that you and your clients have sound reason to know are unsupported in law or fact.  We hope that you will reconsider this action, and we will make ourselves available to discuss this further.

Sincerely,

*s/ Joshua S. Lipshutz*

Joshua S. Lipshutz

CC:   Ryan Bergsieker
      Natalie Hausknecht
      Craig Streit