**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-3747-NRN

KEVIN O'ROURKE, *et al.*,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC.,
*et al.*,

Defendants.

---

**DOMINION VOTING SYSTEMS, INC.'S**
**REPLY IN SUPPORT OF MOTION FOR SANCTIONS**
**PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927**

---

**INTRODUCTION**

Dominion Voting Systems, Inc. ("Dominion") filed its Motion for Sanctions because

Plaintiffs' counsel did not satisfy their obligations under Rule 11 of the Federal Rule of Civil

Procedure by litigating this frivolous case predicated on debunked election fraud theories.

Plaintiffs assert four arguments in response: (1) Dominion failed to comply with the Federal

Rules of Civil Procedure in serving the Motion for Sanctions and instead is deliberately causing

Plaintiffs' counsel stress; (2) Plaintiffs had a reasonable basis for filing their substantive claims;

(3) Plaintiffs asserted good faith standing arguments; and (4) sanctions are not appropriate in this

instance under 28 U.S.C. § 1927. These arguments are legally and factually wrong.

Despite courts dismissing a multitude of similar lawsuits on standing grounds, Plaintiffs'

counsel filed this lawsuit and continue to litigate it now on appeal. They either do not understand

Article III standing or chose to ignore the standing deficiencies and the overwhelming case law

in opposition, even with the benefit of various defendants—including Dominion—highlighting these flaws in their motions to dismiss. This conduct violates both Rule 11 and 28 U.S.C. § 1927. Plaintiffs' counsel should be sanctioned to deter future baseless lawsuits regarding the 2020 presidential election and future elections.

<strong><u>ARGUMENT</u></strong>

Plaintiffs' Response to Dominion's Motion for Sanctions (the "Response") provides no compelling arguments regarding why their counsel should not be sanctioned under both Rule 11 and 28 U.S.C. § 1297.[1]

## I.   Dominion Complied with the Service Requirements and Rule 11(c)(2).

Plaintiffs assert that Dominion failed to serve Plaintiffs' counsel pursuant to Rules 11(c)(2) and 5(b) with a copy of the Motion for Sanctions 21 days before filing it with the motion.  Plaintiffs, however, do not articulate how Dominion did not satisfy these rules, instead implying that Dominion never sent Plaintiffs' counsel a copy of the Motion for Sanctions at least 21 days before filing it with the Court, as required by Rule 11(c)(2). Their insinuation is false. In fact, the record reflects that Dominion's counsel carefully explained in writing, more than once, the issues with Plaintiffs' pleadings and theories of liability, particularly with regard to standing. Dominion's counsel also made themselves available to discuss these deficiencies orally with Plaintiffs' counsel, well in advance of when sanctions would be warranted. As a matter of professionalism, and to comply fully with the spirit of Rule 11, Dominion's counsel went out of their way not to "ambush" Plaintiffs' counsel with these concerns.

Specifically, Dominion served both a Rule 11 letter and the Motion for Sanctions upon Plaintiffs' counsel. As described in the Motion for Sanctions, Dominion emailed a copy of the

---

[1] This Court also has inherent authority to issue sanctions.

1

Rule 11 letter to Plaintiffs' counsel's email addresses and sent the letter to Plaintiffs' counsel via certified mail on February 3, 2021. A true and accurate copy of the letter was attached as Exhibit A to the Motion for Sanctions, and the email transmitting the letter is attached hereto as Exhibit 1 to the Declaration of Stanley Garnett. Plaintiffs' counsel acknowledged receipt of the Rule 11 letter in a voice message on February 9, 2021, and then spoke on the telephone with counsel for Dominion regarding the issues identified in the letter. Ex. B, Garnett Decl., ¶ 6. Plaintiffs' counsel, however, subsequently demanded that all communications between the parties be in writing. *Id.*, ¶¶ 7–8, Ex. 2 (email from Ernest J. Walker, Esq.). Defendants, including Dominion, honored Mr. Walker's request and communicated with Plaintiffs' counsel via email since that exchange.  *Id.*, ¶ 10.

On April 9, 2021, counsel for Dominion served the Motion for Sanctions on Plaintiffs' counsel via email—a mode of communication that satisfied Mr. Walker's request and the same mode of communication used to serve the Rule 11 letter.  *Id.*, ¶ 11.  A true and accurate copy of the email and motion are attached hereto as Exhibit 3 to the Declaration of Stanley Garnett. *Id.*, Ex. 3. The email was sent to the same email addresses as the Rule 11 letter—criminaldefense@fielderlaw.net and enrnestjwalker@gmail.com. *Id.*, ¶ 13. These email addresses match the email addresses on file with the Court's electronic-filing system. *Id.*, ¶ 14. Plaintiffs were thus on notice that Dominion intended to file the Motion for Sanctions with the Court. The cases cited by Plaintiffs, which hold that serving a Rule 11 letter—rather than a copy of the motion—is insufficient to satisfy Rule 11(c), are inapplicable. *See, e.g.*, *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006). Dominion served the same motion on Plaintiffs that it later filed with the Court. It therefore complied with the applicable rules, including Rule 11(c)(2).

Plaintiffs also argue that they were not provided with 21 days to respond to the Motion

for Sanctions because this Court dismissed the case 19 days after they were served with the

motion. This argument is equally unavailing. Even if Plaintiffs did not have 21 days to respond

before dismissal, because Plaintiffs have since appealed the dismissal of this case, they have

been afforded more than 21 days to dismiss the case or the appeal. They chose not to.

Accordingly, the purpose of the 21-day safe harbor has been satisfied. *See id.* at 1193

("'[S]ervice of a sanctions motion after the district court has dismissed the claim or entered

judgment prevents giving effect to the safe harbor provision or the policies and procedural

protections it provides, and it will be rejected.'" (quoting *5A Charles Alan Wright and Arthur R.*

*Miller*, *Federal Practice and Procedure* § 1337.2, at 727 (3d ed. 2004))). Regardless, this Court

retains inherent authority to issue sanctions under Rule 11 despite Plaintiff's decision to appeal

the Court's ruling. *See Lundahl v. Halabi*, 600 F.  App'x 596, 605–06 (10th Cir. 2014) ("Even

when a court lacks subject-matter jurisdiction over the substantive merits of a case, it retains the

inherent authority to issue orders on matters collateral to the merits and to conduct sanction

proceedings and to impose any sanction for abusive conduct for which sanctions are authorized

by the federal rules of procedure or federal statutes, including awarding costs or attorney fees,

imposing punishment for criminal contempt, and issuing sanctions under Rule 11."); *CGC*

*Holding Co., LLC v. Hutchens*, 780 F. App'x 604, 606 (10th Cir. 2019) (holding that the trial

court was not divested of jurisdiction to consider plaintiffs' motion for sanctions after defendants

filed an appeal, as it involved a collateral matter that was not included within defendants' appeal

of the judgment).

Relatedly, Plaintiffs' counsel accuse Dominion of weaponizing Rule 11 to cause them

stress and distract them while they prepare an opening brief to the Tenth Circuit. Undersigned

3

counsel is well-aware of the stress lawyers face and sympathizes with what Plaintiffs' counsel

are experiencing. Counsel's mental state should not be dismissed or taken lightly.

Of course, as Plaintiffs detail in their Response, litigation is stressful, as is the practice of

law generally. But that problem is not solved by ignoring frivolous and meritless litigation that

should never have been filed in the first instance. Indeed, Dominion's counsel suggest that the

appropriate imposition of reasonable sanctions will serve as a positive step towards improving

the culture of litigation (and the stress all lawyers experience) by discouraging the filing of

intense, emotional, legally unsupported, and highly controversial litigation that obviously has no

place in the federal court system.[2] To be sure, the stress Plaintiffs' counsel are facing is no

reason to turn a blind eye to their failure to comply with their Rule 11 obligations. Moreover,

Dominion did not file the Motion for Sanctions to distract Plaintiffs' counsel. When Dominion

served the Motion for Sanctions on April 9, 2021, it had no way of knowing that this Court

would dismiss the case 19 days later or that Plaintiffs would file their notice of appeal the very

next day. Rather, Dominion filed the Motion for Sanctions after Plaintiffs chose to continue

ignoring their obvious lack of standing under well-settled precedent.

## II.     Plaintiffs Once Again Argue the Merits.

Like countless times before, Plaintiffs resort to making merit-based arguments that

perpetuate false election fraud theories, despite the case's dismissal for lack of standing.

Plaintiffs "new" evidence of purported election fraud does not warrant discussion. Plaintiffs'

counsel should have examined reputable sources, rather than relying on Mike Lindell of My

---

[2] Indeed, a New York court issued an order today to immediately suspend Rudy Giuliani's
license to practice law based on the demonstrably false and misleading statements he made to the
courts on similar unsupported allegations of widespread voter fraud during the 2020 Presidential
Election. *See In re Rudolph W. Giuliani*, No. 2021-000506 (N.Y. App. Div. Jun. 24, 2021) (per
curium).

Pillow, Inc. or Matt DePerno, and realized that their election fraud allegations were false. There is no reasonable basis for perpetuating election myths and undermining our country's faith in elections. *See Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988) (explaining that the standard under Rule 11 is whether a reasonable and competent attorney would file such a document); *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019) (stating that an attorney who files a pleading must conduct "a reasonable inquiry into the facts and the law before filing"). Rule 11(b) requires that "factual contentions are warranted on the evidence or will likely have support after further investigation," and an attorney violates Section 1927 if he shows "reckless disregard of the duty owed by counsel to the court."[3] *Braley v. Campbell*, 832 F.2d 1504, 1511–12 (10th Cir. 1987). Because Plaintiffs' counsel continue to sign pleadings citing debunked election fraud contentions as evidence, they have violated Rule 11 and Section 1927.

### III.    Plaintiffs Lack Good Faith Arguments for Standing.

In their Response, Plaintiffs inconceivably assert that they have asserted good faith arguments for why they satisfy the elements of Article III standing. Like at the hearing on the motions to dismiss, Plaintiffs do not make any meaningful argument distinguishing the countless holdings in similar cases or explaining why Plaintiffs' claims, which are asserted on behalf of all registered voters, are not generalized grievances that fail to satisfy the injury-in-fact requirement. Instead, Plaintiffs once again conflate standing with the state action doctrine and repeat their allegations against Dominion.

---

[3] Relatedly, Rule 3.1 of the Model Rules of Professional Conduct states that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." Rule 3.3 similarly provides that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer" or "offer evidence that the lawyer knows to be false."

Plaintiffs' counsel simply do not understand Article III standing. Just because they believe standing exists does not mean that their arguments were made in good faith or supported by well-established law. Rule 11(b) requires that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for changing the law." Fed. R. Civ. P. 11(b).[4] The rule tasks counsel to reasonably inquire into the law. *See Collins*, 916 F.3d at 1320. When asked at the hearing on the motions to dismiss for Plaintiffs' best case regarding standing, however, Mr. Fielder cited three cases—*Terry v. Adams*, *Anderson v. Calabrese*, and *Brown v. Board of Education*. *See* Def. Facebook, Inc.'s Mot. for Sanctions, Ex. 4, at 78:12–79:12. But, as this Court is well-aware, these cases are inapplicable to the standing issue discussed at the hearing. Nevertheless, Plaintiffs continue to rely on two of these cases in their Response and still have not provided <u>one</u> case that could possibly form the basis for a good faith argument that Plaintiff possess standing. None exists. A reasonable inquiry into Article III standing and cursory review of the holdings in cases this election cycle would have demonstrated why this case never should have been filed.

## IV.     Sanctions against Plaintiffs' Counsel Are Warranted under 28 U.S.C. § 1927.

Finally, Plaintiffs assert that sanctions are unwarranted under Section 1927 because Plaintiffs only sought one amendment to the complaint and did not unnecessarily multiple the proceedings. Not only does this argument overlook that Plaintiffs were seeking to add hundreds, if not thousands, of new plaintiffs and filed a motion requesting that the Court take judicial notice of an overabundance of irrelevant documents, but it ignores that sanctions under Section

---

[4] Mirroring the standard of Rule 11, Rule 1.1 of the Model Rules of Professional Conduct requires that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

1927 are also appropriate "when the entire course of proceedings was unwarranted." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotations and citations omitted). Plaintiffs' counsel should have realized that they were not competent to assess standing, sought assistance, and then refrained from filing this case.

**CONCLUSION**

Dominion respectfully requests that this Court issue sanctions against Plaintiffs' counsel, Gary D. Fielder and Ernest J. Walker, in the form of reasonable attorneys' fees, costs, and expenses, or, in the alternative, a sanction the Court deems appropriate. Dominion also respectfully requests reasonable expenses, including attorneys' fees, incurred in filing this Motion pursuant to Rule 11(c)(2).

Dated June 24, 2021

s/ *Stanley L. Garnett*_____
Stanley L. Garnett
David B. Meschke
Amanda K. Houseal
Bridget C. DuPey
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO  80202-4432
Phone: 303.223.1100
Email: sgarnett@bhfs.com
        dmeschke@bhfs.com
        ahouseal@bhfs.com
        bdupey@bhfs.com

*Attorneys for Defendant Dominion Voting Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of June, 2021, I electronically filed a true and correct copy of the foregoing **Reply in Support of Motion for Sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927** with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ *Stanley L. Garnett*

Stanley L. Garnett

8