| | |
|---|---|
| **From:** | McCue, Pamela on behalf of Garnett, Stanley |
| **Sent:** | Wednesday, February 3, 2021 10:14 AM |
| **To:** | criminaldefense@fielderlaw.net; ernestjwalker@gmail.com |
| **Cc:** | mike.frontera@dominionvoting.com; Meschke, David B. |
| **Subject:** | O'Rourke v. Dominion Voting Systems Inc., Case No. 1:20-cv-03747-NRN |
| **Attachments:** | Rule 11 Letter(22128966.8).pdf |

Please see attached correspondence. If you have any questions, please do not hesitate to contact me.

**Stanley L. Garnett**
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO. 80202
303.223.1286 tel
303.668.3113 cell
Sgarnett@bhfs.com



*Brownstein Hyatt Farber Schreck: celebrating 50 years of leadership at the intersection of business, law and politics.*

**Stanley L. Garnett**
**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1286 tel
303.668.3113 cell
SGarnett@bhfs.com

*Brownstein Hyatt Farber Schreck: celebrating 50 years of leadership at the intersection of business, law and politics.*

STATEMENT OF CONFIDENTIALITY & DISCLAIMER: The information contained in this email message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify us immediately by calling (303) 223-1300 and delete the message. Thank you.

Exhibit 1

**Brownstein Hyatt Farber Schreck**

February 3, 2021

Stanley L. Garnett
Attorney at Law
303.223.1286 tel
sgarnett@bhfs.com

**VIA CERTIFIED MAIL AND EMAIL**

| | |
|---|---|
| Gary D. Fielder | Ernest J. Walker |
| Law Office of Gary Fielder | Ernest J. Walker Law Office |
| 2325 W. 72nd Ave. | 3368 Riverside Rd. |
| Denver, CO  80221 | Benton Harbor, MI  49022 |
| criminaldefense@fielderlaw.net | ernestjwalker@gmail.com |

RE:    *O'Rourke v. Dominion Voting Systems Inc.*, Case No. 1:20-cv-03747-NRN

Mr. Fielder and Mr. Walker,

This firm represents Dominion Voting Systems Inc. ("Dominion") with regard to the Class Action Complaint and Jury Demand ("Complaint") filed December 22, 2020, in the above-referenced lawsuit.  I write to demand that your clients ("Plaintiffs") immediately withdraw the Complaint.  The allegations set forth in the Complaint violate F.R.C.P. 11(b) and could subject Plaintiffs and you to monetary sanctions, including attorney's fees.  Frankly, it is surprising that Plaintiffs and you would pursue this patently frivolous case and add to the growing list of lawsuits based on widely debunked disinformation regarding the outcome of the 2020 election (and defamatory allegations against Dominion) that have been rejected by dozens of courts across the country. This is especially true considering that this action was filed with the federal court in Colorado, as Plaintiffs are residents from various states alleging a wide-ranging conspiracy involving elections in states other than Colorado.

F.R.C.P. 11(b) requires that each attorney who submits, signs, or files any pleading to the court "certif[y] that to the best of [his or her] knowledge, information, and belief, formed after an inquiry" that "the claims . . . are warranted by existing law" and "the factual contentions have evidentiary support."  F.R.C.P. 11(c) further provides that if "Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . that violated the rule," including the payment of penalties to the court or payment "of the [movant's] reasonable attorney's fees and other expenses directly resulting from the violation."

As you know or should know from basic factual investigation—such as the widely reported conclusion that the 2020 election was not "rigged"—the Complaint is not well grounded in fact, nor is it warranted by law. Setting aside lack of standing, an overbroad class definition, mootness, and other issues, of which there are many, the Complaint presents no evidence of any actual wrongdoing by Dominion.  It is nothing more than another frivolous attack on Dominion based on defamatory allegations that wholly lack merit.

For example, Plaintiffs lack standing to bring their claims.  Critically, Article III standing serves as a threshold jurisdictional question because it is an essential component of the case-or-controversy requirement embedded in the U.S. Constitution.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs fail to meet the minimum standing requirements as they have not suffered a cognizable injury-in-fact, and the assertions set forth in the Complaint establish nothing more than generalized grievances. Indeed, Plaintiffs' allegations concerning the purported dilution of votes have been uniformly rejected by

Gary Fielder & Ernest Walker
February 3, 2021
Page 2

courts as a generalized grievance that is insufficient to establish standing. *See, e.g., Bognet v. Sec'y of Commonwealth*, 980 F.3d 336, 349–50, 352–54 (3d Cir. 2020).

Plaintiffs also do not have prudential standing because they cannot step into the shoes of state general assemblies to prosecute Electors Clause claims, and assert claims that are speculative and not redressable. *See, e.g.*, *id.* at 350–52,355–56. This lack of standing alone is fatal to the claims set forth in the Complaint and provides more than enough justification for withdrawal.

In addition, Plaintiffs fail to plausible state a claim for relief. Plaintiffs' allegations concerning Dominion voting machines used in the 2020 election lack support because they are premised upon debunked theories and defamatory statements. Plaintiffs ignore the simple reality that the Justice Department and countless courts have determined that no evidence of widespread voter fraud in the 2020 election exists.[1] A joint statement from the Election Infrastructure Government Coordinating Council and the Election Infrastructure Sector Coordinating Executive Committees stated unequivocally that "[t]he November 3rd election was the most secure in American history" and that "[t]here is no evidence that any voting system deleted or lost votes, changed votes, or was in any way compromised."[2] The Joint Statement was signed and endorsed by, among others, the National Association of State Election Directors, the National Association of Secretaries of State, and the U.S. Cybersecurity & Infrastructure Security Agency ("CISA")—then led by a Trump appointee, Chris Krebs.

The reports Plaintiffs rely upon have similarly been proven false and misleading. Audits around the country have attributed any small discrepancies to human error and not the product of any issues with voting machines. A widely debunked tweet from the former President is certainly not evidence that supports Plaintiffs' allegations against Dominion.

Likewise, there is no evidence to suggest that Dominion conspired to impact the results of the 2020 election. Indeed, the Complaint does not even allege facts that constitute a conspiracy, and certainly not one involving Dominion. It simply states the benign allegation that Dominion contracted with Pennsylvania and Georgia to provide voting machines for the 2020 election. That many states and local governments contract with private companies, such as Dominion, to provide voting machines for elections is a statement of fact and not anywhere close to an allegation of conspiracy. Plaintiffs' similar claims that Dominion "conspired to change election laws," without providing even a scintilla of factual support, is equally unavailing. Dominion does not have a hand in creating election laws; rather, it simply follows the law and its contracts with each state and local government in the areas of the country in which it operates.

Simply put, Plaintiffs do not allege any plausible wrongdoing by Dominion. None occurred. Plaintiffs thus have not stated any viable claims in the Complaint and are not entitled to any relief.

---

[1] Katie Benner & Michael S. Schmidt, *Barr Acknowledges Justice Dept. Has Found No Widespread Voter Fraud*, N.Y. TIMES (Dec. 14, 2020), *available at* https://www.nytimes.com/2020/12/01/us/politics/william-barr-voter-fraud.html; *see also* Jacob Shamsian & Sonam Smith, *Trump and Republican officials have won zero out of at least 42 lawsuits they've filed since election day*, BUSINESS INSIDER (Jan. 5, 2021), *available at* https://www.businessinsider.com/trump-campaign-lawsuits-election-results-2020-11 (reporting that none of the forty-two lawsuits brought by Donald Trump and other Republicans as of January 5, 2021, have been successful).

[2] *Joint statement from the Election Infrastructure Government Coordinating Council & the Election Infrastructure Sector Coordinating Executive Committees*, Cybersecurity & Infrastructure Security Agency (Nov. 12, 2020), *available at* https://www.cisa.gov/news/2020/11/12/joint-statement-elections-infrastructure-government-coordinating-council-election.

Gary Fielder & Ernest Walker
February 3, 2021
Page 3

Because the above-described allegations are not well grounded in fact or law, as required by F.R.C.P. 11(b), Dominion demands that Plaintiffs withdraw the Complaint no later than Tuesday, February 9, 2021. If Plaintiffs fail to do so, Dominion will have no choice but to pursue all available remedies, including but not limited to moving to dismiss the Complaint and requesting sanctions and attorney's fees pursuant to F.R.C.P. 11(c). Please consider this letter Dominion's attempt to confer with you on that requested relief.

Please understand that I rarely send this type of correspondence. This Complaint, however, is an exception. By asserting allegations which you and Plaintiffs know or should know are baseless and untrue, and wholly unsupported by law, Plaintiffs have crossed the line. If you would like to discuss this matter in more detail, please do not hesitate to contact me.

Sincerely,

Stanley Garnett

cc:   Mike Frontera
      David B. Meschke