| | |
|---|---|
| **From:** | Meschke, David B. |
| **Sent:** | Friday, April 9, 2021 3:54 PM |
| **To:** | criminaldefense@fielderlaw.net; Ernie Walker |
| **Cc:** | Garnett, Stanley; Houseal, Amanda K.; DuPey, Bridget C.; Olguin, Catherine M. |
| **Subject:** | O'Rourke et al v. Dominion Voting Systems, Inc. et al - motion for sanctions |
| **Attachments:** | Dominion's Motion for Sanctions.pdf |

Gary and Ernie,

Attached please find the Motion for Sanctions by Dominion Voting Systems, Inc. ("Dominion") in *O'Rourke et al. v. Dominion et al*.  Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, Dominion is serving this motion on Plaintiffs and not filing it with the Court at this time.  If the case is not withdrawn or appropriately corrected within 21 days, Dominion will file this motion with the Court.

Please confirm receipt.

Best,

David

**David B. Meschke**
**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1219 tel
720.705.2825 cell
dmeschke@bhfs.com

Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-3747-NRN

KEVIN O'ROURKE, *et al.*,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., *et al.*,

Defendants.

## DOMINION VOTING SYSTEMS INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927

Defendant Dominion Voting Systems, Inc. ("Dominion"), by and through its counsel, hereby moves this Court for sanctions against Plaintiffs' counsel, Gary D. Fielder and Ernest J. Walker, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Dominion requests sanctions in the form of reasonable attorneys' fees, costs, and expenses, or, in the alternative, a sanction the Court deems appropriate. In support of its motion, Dominion states as follows.

## CERTIFICATE OF COMPLIANCE

[To be completed if and when 21-day safe harbor expires.]

## INTRODUCTION AND BACKGROUND

Dominion does not make this Rule 11 motion lightly. It understands that in litigation, disagreement or debate can arise, and mere dispute over a claim is not itself grounds for sanctions. This case, however, is different. Plaintiffs' counsel filed a patently frivolous case that

will only add to the growing litany of lawsuits based on widely debunked disinformation regarding the outcome of the 2020 presidential election (and defamatory allegations against Dominion) that have been resoundingly rejected by dozens of courts across the country. This is especially true considering that this action was filed in federal court in Colorado, even though Plaintiffs are residents from various states alleging a wide-ranging conspiracy involving elections and election laws in states other than Colorado.

Plaintiffs' claims are meritless. Before responding to the Complaint, ECF No. 1, Dominion sent Plaintiffs' counsel a Rule 11 letter demanding that Plaintiffs immediately withdraw the Complaint. *See* Ex. A, Rule 11 Letter. The letter details the readily apparent flaws with the Complaint, including that Plaintiffs lack Article III standing to bring their claims because they merely assert general grievances against the government on behalf of every registered voter. *Id.*, at 1–2. The letter also includes links to various sources debunking Plaintiffs' allegations, such as a joint statement from the Election Infrastructure Government Coordinating Council and the Election Infrastructure Sector Coordinating Executive Committees (the "Joint Statement") declaring unequivocally that "[t]he November 3rd election was the most secure in American history" and that "[t]here is no evidence that any voting system deleted or lost votes, changed votes, or was in any way compromised." *Id.* at 2.[1] The Joint Statement was signed and endorsed by, among others, the National Association of State Election Directors, the National Association of Secretaries of State, and the U.S. Cybersecurity & Infrastructure Security Agency.

---

[1] *See Joint statement from the Election Infrastructure Government Coordinating Council & the Election Infrastructure Sector Coordinating Executive Committees*, Cybersecurity & INFRASTRUCTURE SECURITY AGENCY (Nov. 12, 2020), *available at* https://www.cisa.gov/news/2020/11/12/joint-statement-elections-infrastructure-government-coordinating-council-election.

1

Expounding on the same flaws identified in the Rule 11 letter, Dominion moved to dismiss the Complaint on standing grounds pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).[2] Plaintiffs—and Plaintiffs' counsel—nevertheless persisted, and represented that their forthcoming proposed amendments to the Complaint would cure any defects. Plaintiffs, however, responded to these motions rather than timely amending their Complaint pursuant to Rule 15(a)(1)(B). They then sought leave from this Court to amend the Complaint pursuant to Rule 15(a)(2), ECF No.48, and filed a Proposed Amended Complaint, ECF No. 48-1. Plaintiffs did not file the Proposed Amended Complaint until almost three months after they filed their original Complaint.

Rather than address the standing deficiencies, Plaintiffs, through the Proposed Amended Complaint, seek to: (1) add 152 new named plaintiffs from various states, *see* Am. Compl., ECF No. 48-1, ¶¶ 53–212; (2) insert hundreds of paragraphs of new factual allegations, *see id.* ¶¶ 53–212, 240–324; (3) create "subclasses" of the proposed class of "all registered voters," *see id.* ¶¶ 240–51; and (4) add six new claims for relief—two new Racketeer Influenced and Corrupt Organization Act ("RICO") claims pursuant to 18 U.S.C. § 1962 against Defendants Facebook, CTCL, Zuckerberg, and Chan, *see id.* ¶¶ 747–83, and four constitutional challenges to state laws in Michigan, Georgia, Pennsylvania, and Wisconsin against their respective attorneys general, *see id.* ¶¶ 810–76. None of these proposed amendments come close to addressing, let alone curing, the standing deficiencies identified by Dominion and the other Defendants. Mirroring their responses to the motions to dismiss, Plaintiffs mistakenly argue that the potential of Dominion being considered a state actor and the redressability of Section 1983 claims through nominal damages satisfy the elements of Article III standing. *See* ECF Nos. 39, 48, and 71.

---

[2] The other Defendants who have been served also moved to dismiss the Complaint on standing grounds, for failure to state a claim, and/or for lack of personal jurisdiction.

As a result, Dominion has been forced to defend itself against the meritless and frivolous claims asserted by Plaintiffs, spending thousands of dollars in attorneys' fees and expenses, wasting valuable resources, and risking further harm to its reputation. Dominion had to not only respond to the Complaint but also oppose a motion for leave to file an amended complaint that adds no additional claims against Dominion or addresses Plaintiffs' lack of standing. Plaintiffs' continued pursuit of these claims is baseless and improper, and violates both Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Plaintiffs' counsel should be sanctioned.

## ARGUMENT

Sanctions are warranted against Plaintiffs' counsel under both Rule 11 and 28 U.S.C. § 1297 to deter future baseless lawsuits regarding the 2020 presidential election.

### I.   Rule 11 Sanctions Are Proper Because Plaintiffs Lack Standing Under Their Legal Theory and Filed Objectively Frivolous Claims.

Rule 11(b) requires that, for every pleading, motion, or other paper presented to the court, an attorney must certify, to the best of his knowledge, information, and belief, formed after a reasonable inquiry, that: (1) he is not presenting the filing for any improper purpose; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for changing the law; (3) the factual contentions are warranted on the evidence or will likely have support after further investigation; and (4) the denials of factual contentions have similar support. Fed. R. Civ. P. 11(b). Any attorney who files a pleading must conduct "a reasonable inquiry into the facts and the law before filing." *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019). If, after notice and an opportunity to respond, a court determines that an attorney has violated Rule 11(b), the court may impose sanctions under Rule 11(c). Fed. R. Civ. P. 11(c); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990) (explaining that district courts have "broad discretion to impose Rule 11 sanctions").

3

Rule 11 applies a standard of objective reasonableness: that is, whether a reasonable and competent attorney would file such a document. *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). Importantly, although sanctions are discretionary, courts "have a duty to apply sanctions in appropriate cases." *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Courts "have the inherent power to impose a variety of sanctions on both litigants and attorneys to regulate their dockets, promote judicial efficiency and deter frivolous filings." *Id.* (quoting *Morris v. Adam-Millis Corp.*, 758 F.2d 1342, 1357 n.7 (10th Cir. 1985)). In deciding whether to impose sanctions, courts are to consider "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Here, Plaintiffs' counsel has violated Rule 11 for several reasons, including that: (1) Plaintiffs' claims are not warranted under the law because Plaintiffs lack Article III standing under their theory of the case; and (2) Plaintiffs' counsel failed to conduct "an inquiry reasonable under the circumstances" into the factual bases for the claims.

### *a. Plaintiffs' counsel continues to move forward despite the clear lack of standing.*

Plaintiffs lack Article III standing for the reasons stated in Dominion's Rule 11 Letter and then described in greater detail in Dominion's Motion to Dismiss and Reply, and Dominion's Response in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint Pursuant to FRCP 15 ("Opposition"). *See* Ex. A, Rule 11 Letter; Dominion's Mot. to Dismiss, ECF No. 22, at 14–18; Dominion's Reply, ECF. No. 55, at 4–8; Dominion's Opposition, ECF. No. 61, at 4–11.[3] To withstand a motion to dismiss on standing grounds, a plaintiff "must show injury in fact, a causal relationship between the injury and the challenged action of the defendant, and a

---

[3] Plaintiffs' operative Complaint only addresses standing in two paragraphs. *See* Compl., ECF No. 1, ¶¶ 29, 304. Dominion has not identified any allegations in the Proposed Amended Complaint that speak to Article III standing.

4

likelihood that the injury will be redressed by a favorable decision." *Faustin v. City & Cnty. of Denver*, 268 F.3d 942, 947 (10th Cir. 2001).

Specifically, Plaintiffs cannot allege any concrete and particularized injury in fact to satisfy standing under their legal theory that Defendants' actions, including Dominion's tabulation of certain votes, infringed upon and diluted the votes of *all registered voters* in the country. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992). This is a quintessential non-cognizable generalized grievance that fails to satisfy injury in fact for Article III standing. *See id.* ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."); *Wood v. Raffensperger*, 981 F.3d 1307, 1315 (11th Cir. 2020) ("[I]rregularities in the tabulation of election results do not affect [a plaintiff] differently from any other person" and thus does not confer standing.). Due to their lack of standing, Plaintiffs' claims are not warranted by existing law. *See* Fed. R. Civ. P. 11(b)(2).

Despite being given ample opportunity to withdraw the Complaint or address the standing deficiencies and assert non-general grievances, Plaintiffs' counsel has either failed to understand or ignored Article III's standing requirements. Plaintiffs instead continuously parrot the same flawed arguments. *See* Pls.' Resp., ECF No. 39, at 9–13, 17–21; Pls.' Mot. to Amend, ECF No. 48, at 5–8, 9–13; Pls.' Reply to Dominion's Resp. Re: Pls.' Mot. to Amend, ECF No. 71, at 2–8. For example, Plaintiffs argue that they have satisfied Article III standing because: (1) a claim for nominal damages satisfies Article III's standing requirements; (2) their purported voting rights injury constitutes an injury in fact; (3) standing cannot be separated from state

action doctrine; (4) a constitutional infringement is an injury in fact; and (5) they are not asserting generalized grievances because their claims are on behalf of "all registered voters" rather than the public at-large. None of these arguments come close to addressing whether Plaintiffs have suffered any concrete and particularized injury. Plaintiffs' counsel simply did not conduct "a reasonable inquiry into . . . the law before filing." *Collins*, 916 F.3d at 1320.

The lack of a reasonable inquiry by Plaintiffs' counsel into Article III standing is particularly egregious because the Complaint was filed after numerous courts around the country dismissed cases alleging similar theories on standing grounds.[4] Indeed, Plaintiffs cite complaints and affidavits from these very cases in support of their allegations. Plaintiffs have not, and cannot, explain why this case is different from these dismissed cases. The rationales provided (*i.e.*, that this case is a class action and alleges that private companies, such as Dominion, acted under color of law) have no bearing on Article III standing. Plaintiffs' counsel has not complied with Rule 11.

### b. Plaintiffs' counsel was given ample opportunity to conduct a reasonable investigation into the factual bases for the allegations but did not do so.

Just as egregious is Plaintiffs' counsel's disregard for the truth in filing the Complaint. The Complaint and Proposed Amended Complaint simply borrow allegations from dismissed lawsuits and assert other allegations based on debunked conspiracy theories. In their Motions to Dismiss, Defendants have broadly identified the most glaring falsehoods, such as

---

[4] *See, e.g.*, *Texas v. Pennsylvania*, No. 155, 2020 WL 7296814 (Dec. 11, 2020) (dismissed for lack of Article III standing); *Wood v. Raffensperger*, 981 F.3d 1307, 1314–15 (11th Cir. 2020) (dismissed for lack of standing and mootness); *Pearson v. Kemp*, 831 Fed. App'x 467 (11th Cir. 2020) (dismissed for lack of jurisdiction); *Donald J. Trump for President, Inc. v. Boockvar*, No. 2:20-cv-966, 2020 WL 5997680 (W.D. Penn. Oct. 10, 2020) (dismissed for lack of Article III standing and for failure to state a claim); *Feehan v. Wis. Elections Comm'n*, No. 20-cv-1771-pp, 2020 WL 7250219 (E.D. Wis. Dec. 9, 2020) (dismissed for lack of standing, mootness, and failure to state a claim).

misrepresentations of the existing election law in various states. As to the allegations against Dominion, the Complaint and Proposed Amended Complaint allege ballot manipulation by Dominion in Atrium County, Michigan, Fulton County, Georgia, and Pennsylvania. *See* Compl., ECF No. 1, ¶¶ 173–74, 196–98, 245–48. These allegations, however, have been consistently disproven, as demonstrated by:

- an audit conducted by bipartisan election officials using paper ballots recounted by hand, which confirmed that Dominion did not erroneously tabulate 68 percent of the votes in Antrim County, and that the small number of additional votes for Mr. Trump was attributable to human error and not the product of any issues with Dominion's voting systems;[5]

- a risk limiting audit of Georgia's presidential contest, which, after a full manual tally of all votes cast, upheld and reaffirmed that Dominion's systems accurately tabulated votes in Georgia (the differential of the audit results was well within the expected margin of human error that occurs when hand-counting ballots)[6]; and

- a complete lack of evidence supporting Mr. Trump's tweet that Dominion deleted or switched votes in Pennsylvania or elsewhere, which resulted in the Associated Press labeling Mr. Trump's tweet as "baseless."[7]

Likewise, the allegations in the Proposed Amended Complaint regarding the adjudication of ballots conflate Dominion's voting systems' flagging of ballots for adjudication and a state's review of those ballots. *See* Dominion's Opposition, ECF. No. 61, at 11–12.

Plaintiffs' counsel clearly did not make any reasonable inquiry into the veracity of these or other allegations despite having nearly three months to do so between filing the original

---

[5] *Trump still wins small Michigan county after hand recount*, ASSOCIATED PRESS (Dec. 17, 2020), *available at* https://apnews.com/article/election-2020-joe-biden-donald-trump-michigan-elections-07e52e643d682c8033a0f26b0d863387.

[6] *Georgia Secretary of State, Historic First Statewide Audit of Paper Ballots Upholds Result of Presidential Race*, *available* at https://sos.ga.gov/index.php/elections/historic_first_statewide_audit_of_paper_ballots_upholds_result_of_presidential_race#:~:text=2022%20Qualifying%20Packet-,Historic%20First%20Statewide%20Audit%20of%20Paper%20Ballots%20Upholds%20Result%20of,machine%20tally%20of%20votes%20cast. .

[7] Ali Swenson & Amanda Seitz, *AP FACT CHECK: Trump tweets a tall tale of 'deleted' votes*, ASSOCIATED PRESS (Nov. 12, 2020), *available at* https://apnews.com/article/fact-check-trump-tweets-tall-tale-votes-13c104367924b8192b4fcecf334f7806.

Complaint and the Proposed Amended Complaint. *See King v. Fleming*, 899 F.3d 1140, 1148–49 (10th Cir. 2018) (upholding Rule 11 sanctions because counsel did not make "*any* inquiry, let alone a reasonable one, into the veracity" of an exhibit). Any reasonable inquiry using reputable sources would have shown that Plaintiffs' allegations lacked evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). Yet, rather than omit these false allegations from the Complaint, Plaintiffs added to them in the Proposed Amended Complaint.

Sanctions are particularly appropriate here to deter future lawsuits based on the same debunked theories regarding the 2020 presidential election. As described above and in the various motions to dismiss, this lawsuit is one of many challenging the 2020 presidential election. Plaintiffs indeed copied many of the same allegations from these similar lawsuits, including from the allegations in *Texas v. Pennsylvania*. If Plaintiffs' counsel were aware that filing these lawsuits may be sanctionable, this lawsuit may never have existed. Instead, Mr. Fielder and Mr. Walker have used this lawsuit as a means to raise their profiles and fundraise.[8] There must be consequences for doing so.[9]

## II.   Sanctions against Plaintiffs' Counsel Are Also Warranted under 28 U.S.C. § 1927.

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

---

[8] *See* DOMINION CLASS ACTION, https://dominionclassaction.com/ (last visited Apr. 5, 2021); Dominion Class Action, FACEBOOK, https://www.facebook.com/dominionclassaction/ (last visited Apr. 5, 2021); Dominion Class Action, YOUTUBE, https://www.youtube.com/channel/UCMVVpNP8f_bFM_I17BY5fSQ (last visited Apr. 5, 2021).

[9] As noted by Facebook in its Reply in support of its Motion to Dismiss, a court recently referred counsel in a similar case to the jurisdiction's Grievance Committee for bringing election-related claims on debunked election fraud allegations and legal bases foreclosed by precedent, especially where counsel continued to press the same arguments after being confronted with obvious fatal problems with their suit. *Wis. Voters All. v. Pence*, No. 20-3791 (JEB), 2021 WL 686359, at *2 (D.D.C. Feb. 19, 2021).

attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1297. An attorney's actions are considered vexatious and unreasonable under Section 1927 if the attorney acted in bad faith, *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985), or if the attorney's conduct constitutes a "reckless disregard of the duty owed by counsel to the court." *Braley v. Campbell*, 832 F.2d 1504, 1511–12 (10th Cir. 1987). Sanctions under Section 1927 are also appropriate when "an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of proceedings was unwarranted." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotations and citations omitted).

Here, sanctions are warranted under 28 U.S.C. § 1297 for the reasons described above. Plaintiffs' lack of standing under their legal theory of vote dilution, coupled with allegations that further spread debunked election theories, demonstrate that Dominion should not have been subjected to this lawsuit. This Court also lacks personal jurisdiction over most, if not all, of the other Defendants. This case never should have been filed in the first place.

Moreover, sanctions are also warranted under 28 U.S.C. § 1297 because Plaintiffs' counsel have needlessly prolonged this litigation. Rather than withdrawing the Complaint, Plaintiffs responded to the outstanding motions to dismiss and then moved for leave to amend the Complaint nearly three months after filing the lawsuit. As a result, Dominion and the other Defendants have had to simultaneously act on parallel tracks by responding to both the Complaint and the motion for leave, requiring them to address the hundreds of paragraphs of new "factual" allegations and six additional claims for relief in the Proposed Amended Complaint that are ultimately fruitless. Although Plaintiffs' counsel represented that the Proposed Amended Complaint would correct the many flaws identified by Defendants, Plaintiffs

9

moving to amend the Complaint was futile because the Proposed Amended Complaint simply trumpeted the same general grievances and did not correct any of the errors in the original Complaint. *See, e.g.*, Dominion's Opposition, ECF. No. 61. In other words, Plaintiffs' decision to move for leave to amend the Complaint did nothing more than needlessly multiply the proceedings in this case. *See* 28 U.S.C. § 1297. Accordingly, Dominion had to spend unnecessary time and money reiterating the same points in responding to these largely duplicative pleadings.

## CONCLUSION

For the foregoing reasons, Dominion respectfully requests that this Court issue sanctions against Plaintiffs' counsel, Gary D. Fielder and Ernest J. Walker, in the form of reasonable attorneys' fees, costs, and expenses, or, in the alternative, a sanction the Court deems appropriate. Dominion also respectfully requests reasonable expenses, including attorneys' fees, incurred in filing this Motion pursuant to Rule 11(c)(2).

Dated April 9, 2021

        s/ *Stanley L. Garnett*_____
        Stanley L. Garnett
        David B. Meschke
        Amanda K. Houseal
        Bridget C. DuPey
        Brownstein Hyatt Farber Schreck, LLP
        410 Seventeenth Street
        Suite 2200
        Denver, CO  80202-4432
        Phone: 303.223.1100
        Email: sgarnett@bhfs.com
             dmeschke@bhfs.com
             ahouseal@bhfs.com
             bdupey@bhfs.com

        *Attorneys for Defendant Dominion Voting Systems, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th day of April 2021, a true and correct copy of the foregoing Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 was served upon counsel for Plaintiffs via electronic mail at:

Gary D. Fielder      criminaldefense@fielderlaw.net

Ernest John Walker      ernestjwalker@gmail.com

s/ *David B. Meschke*
David B. Meschke
