**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-3747-NRN

KEVIN O'ROURKE, *et al.*,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., *et al.*,

Defendants.

### DECLARATION OF MICHAEL J. FISCHER

I, Michael J. Fischer, hereby declare that the following is true and correct:

1. I am a Chief Deputy Attorney General with the Pennsylvania Office of Attorney General.

2. I submit this Declaration in support of the Pennsylvania defendants' reply in support of motion for sanctions.

3. I have personal knowledge of the facts set forth in this declaration. If called as a witness, I would testify competently to the matter set forth below.

4. On March 26, 2021, I served on plaintiffs' counsel by first class mail a motion for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. A true and correct copy of that motion is attached to this declaration as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of June, 2021     /s/ *Michael J. Fischer*_____
                                              Michael J. Fisher

Case 1:20-cv-03747-NRN   Document 122-1   Filed 06/28/21   USDC Colorado   Page 1 of 8

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-3747-NRN

KEVIN O'ROURKE, *et al.*,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., *et al.*,

Defendants.

## GOVERNOR TOM WOLF'S AND ACTING SECRETARY VERONICA DEGRAFFENREID'S MOTION FOR SANCTIONS

Pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, Pennsylvania Governor Tom Wolf and Acting Secretary of the Commonwealth Veronica Degraffenreid move for sanctions against plaintiffs' counsel in this matter, Gary D. Fielder and Ernest J. Walker. The Pennsylvania defendants request sanctions in the form of an assessment of reasonable attorney's fees, costs, and expenses as a result of the filing of the Complaint, ECF No. 1, the Motion for Leave to Amend, ECF No. 48, and the Proposed Amended Complaint, ECF No. 48-1, or, in the alternative, a sanction that the Court considers appropriate to meet the need for deterrence.

A court may impose sanctions on any attorney responsible for violating Rule 11(b). *See* Fed. R. Civ. P. 11(c). Rule 11(b) requires, among other things, that any pleading filed with a court include only "claims, defenses, and other legal contentions . . . warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that a pleading's "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Rule 11 also requires that any attorney

who files a pleading conduct "a reasonable inquiry into the facts and the law before filing." *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019).

Separately, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1297. An award of fees is proper under this statute if "the attorney's conduct constitutes a 'reckless disregard of the duty owed by counsel to the court.'" *Crocs, Inc. v. Effervescent, Inc.*, 278 F. Supp. 3d 1182, 1192 (D. Colo. 2017) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1511–12 (10th Cir. 1987)). Additionally, fees are "appropriate when 'an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of proceedings was unwarranted.'" *Id.* (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998)).

In this case, the Complaint, the Motion for Leave to Amend, and the Proposed Amendment Complaint warrant sanctions under Rule 11 and 28 U.S.C. § 1927 for the following reasons:

1. The Complaint and Proposed Amendment Complaint make false statements about Pennsylvania law, including statements about Pennsylvania law that are contrary to controlling decisions of the Supreme Court of Pennsylvania. Those false statements include, but are not limited to:

    a. That Pennsylvania law requires signature verification of no-excuse, mail-in ballots and absentee ballots. *See* Compl. ¶¶ 217–219, 222, 232(a)–(c); Am. Compl. ¶¶ 530–532, 552–554, 555(a).

2

    b.  That Pennsylvania law forbids counties from providing voters an opportunity to correct minor defects on any mailed ballot. *See* Compl. ¶¶ 220–221, 224, 232(e); Am. Compl. ¶¶ 533–540.

    c.  That Pennsylvania law requires counties to have provided poll watchers more access than certain counties provided in the 2020 General Election. *See* Compl. ¶ 232(d); Am. Compl. ¶¶ 39, 555(c), 556.

  2.  The Complaint and the Proposed Amendment Complaint make false factual statements. Those false statements include, but are not limited to:

    a.  That Pennsylvania failed to segregate mailed ballots received between November 3 and November 6. *See* Compl. ¶¶ 225–226; Am. Compl. ¶¶ 545–546.

    b.  That the Pennsylvania defendants participated in a conspiracy to interfere with the fair administration of the 2020 election. *See, e.g.*, Compl. ¶¶ 4, 69, 76, 120, 244, 311, 319, 334, 344, 361; Am. Compl. ¶¶ 27, 33, 668, 695, 699, 707; Mot. for Leave at 3, 8.

    c.  That poll workers participated in a conspiracy to interfere with the fair administration of the 2020 election. Compl. ¶ 75(d); Am. Compl. ¶¶ 27, 368(d).

    d.  That Pennsylvania officials administered the 2020 general election in a racially discriminatory fashion. Compl. ¶¶ 337–342; Am. Compl. ¶¶ 696–701

3. The Complaint and Proposed Amendment Complaint reveal that counsel failed to perform a reasonable investigation prior to filling either pleading. Evidence of counsels' failure to perform a reasonable investigation includes, but is not limited to:

    a. Statements about Pennsylvania law that directly contradict recent, widely publicized rulings of the Supreme Court of Pennsylvania. Compl. ¶¶ 217–221, 222, 224, 232(a)–(e); Am. Compl. ¶¶ 530–540, 552–554, 555(a), (c), 556.

    b. Allegations that lift entirely from filings entered in separate cases. *See* Compl. ¶¶ 219–232, 234–238.

4. The Complaint, the Motion for Leave to Amend, and the Proposed Amended Complaint make or suggest legal arguments that are not supportable by any non-frivolous argument. Indeed, many of the claims and arguments advanced in those pleadings were rejected by the United States Supreme Court, *see Texas v. Pennsylvania*, No. 22O155, 2020 WL 7296814, at *1 (Dec. 11, 2020), and multiple federal courts of appeals shortly before the Complaint was filed. The frivolous arguments include, but are not limited to:

    a. That the Pennsylvania defendants are subject to personal jurisdiction in Colorado. Mot. for Leave to Amend at 5.

    b. That any plaintiff has standing under Article III. *See* Mot. for Leave to Amend at 6–8.

    c. That any Pennsylvania defendant violated the United States Constitution while administering Pennsylvania's 2020 general election. Compl. ¶¶ 292–362; Am. Compl. ¶¶ 648–721.

5. The Complaint, Motion for Leave to Amend, and Proposed Amended Complaint were not filed for any warranted purpose. Evidence that those pleadings, and the entire course of this proceeding, are unwarranted includes, but is not limited to:

    a. The Complaint was filed more than a month after Pennsylvania's 2020 general election was completed, and weeks after litigation raising claims indistinguishable from those brought in this case concluded, and the Pennsylvania defendants were not served with the Complaint until two months after the Complaint was filed.

    b. Multiple counts in the Complaint and Proposed Amended Complaint are not grounded in any intelligible theory. For example, Count II of the Complaint and the Proposed Amended Complaint suggests that Pennsylvania officials administered the 2020 general election in a racially discriminatory fashion. Compl. ¶¶ 337–342; Am. Compl. ¶¶ 696–701. Yet the Complaint alleges no facts indicating how that is so, or even what racial group was discriminated against. Count X of the Proposed Amended Complaint alleges that Pennsylvania's recently enacted, bipartisan statute allowing no-excuse, mail-in voting is facially unconstitutional. Am. Compl. ¶¶ 844–858. But the Proposed Amended Complaint fails to identify which Constitution—that of Pennsylvania or the United States—the statute conflicts with, let alone which provision of that constitution.

    c. Counts I–III of the Complaint and the Proposed Amended Complaint are premised on false factual assertions and frivolous legal

5

argument, all of which would have been discovered with reasonable investigation.

Service of this motion provides counsel with notice of the pleadings' sanctionable content. When filed with the court, this motion will be accompanied by a supporting memorandum of law. *See Burbidge Mitchell & Gross v. Peters*, 622 F. App'x 749, 757 (10th Cir. 2015) (holding that Rule 11 requires service only of motion to initiate safe harbor period).

Dated: March 26, 2021                        Respectfully submitted,

                                             JOSH SHAPIRO
                                             ATTORNEY GENERAL

                                             */s Michael J. Fischer*
                                             MICHAEL J. FISCHER
                                             Chief Deputy Attorney General
                                             JACOB BOYER
                                             Deputy Attorney General
                                             Pennsylvania Office of Attorney General
                                             1600 Arch Street, Suite 300
                                             Philadelphia, PA 19103
                                             (215) 560-2171
                                             mfischer@attorneygeneral.gov

                                             *Attorney for Governor Tom Wolf and Acting Secretary of the Commonwealth Veronica Degraffenreid*