# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03747-NRN

KEVIN O'ROURKE, NATHANIEL L.
CARTER, LORI CUTUNILLI, LARRY D.
COOK, ALVIN CRISWELL, KESHA
CRENSHAW, NEIL YARBROUGH, and
AMIE TRAPP,

> Plaintiffs, on their own behalf
> and of a class of similarly
> situated persons,

    v.

DOMINION VOTING SYSTEMS, INC., a
Delaware corporation, FACEBOOK, INC., a
Delaware corporation, CENTER FOR TECH
AND CIVIC LIFE, an Illinois non-profit
organization, MARK E. ZUCKERBERG,
individually, PRISCILLA CHAN,
individually, BRIAN KEMP, individually,
BRAD RAFFENSPERGER, individually,
GRETCHEN WHITMER, individually,
JOCELYN BENSON, individually, TOM
WOLF, individually, KATHY BOOCKVAR,
individually, TONY EVERS, individually,
ANN S. JACOBS, individually, MARK L.
THOMSEN, individually, MARGE
BOSTELMAN, individually, JULIE M.
GLANCEY, DEAN KNUDSON,
individually, ROBERT F. SPINDELL, Jr.,
individually, and DOES 1-10,000,

> Defendants.

---

## DEFENDANT CENTER FOR TECH AND CIVIC LIFE'S
## REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS

---

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................ii

INTRODUCTION ...........................................................................................................1

ARGUMENT ..................................................................................................................1

I.    Plaintiffs' Counsel Advanced Objectively Frivolous Standing Arguments. ..................1

II.   Plaintiffs' Counsel Advanced Objectively Frivolous Claims on the Merits...................4

III.  Plaintiffs' Counsel Brought This Suit for an Improper Purpose....................................4

CONCLUSION................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Collins v. Daniels*,
916 F.3d 1302 (10th Cir. 2019) ................................................................. 1

*Moore v. Circosta*,
494 F. Supp. 3d 289 (M.D.N.C. 2020) ................................................. 2, 3

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016) ................................................................. 1

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ................................................................. 3

*Uzuegbunam v. Preczewski*,
141 S. Ct. 792 (2021) ................................................................. 2

**Statutes**

28 U.S.C. § 1927 ................................................................. 1, 4, 5

42 U.S.C. § 1983 ................................................................. 3

**Rules**

Fed. R. Civ. P. 11 ................................................................. 1, 4, 5

## INTRODUCTION

Plaintiffs' counsel devote most of their opposition brief to insisting that there are "genuine issues of material fact" as to whether a cabal of private companies and government officials conspired to rig the 2020 presidential election. ECF 118 at 1-6, 8, 13, 15-19. But that is not the issue before the Court. Although Plaintiffs' counsel may truly believe the conspiracy theories they advance, there is no "empty-head pure-heart justification for patently frivolous arguments." *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019) (citation omitted). And here, Plaintiffs' counsel filed a federal case with objectively frivolous standing contentions, objectively frivolous merits claims, and a demonstrably improper purpose. Sanctions are therefore warranted.

## ARGUMENT

Plaintiffs' counsel do not dispute that this Court is empowered to impose sanctions under 28 U.S.C. § 1927, its own inherent power, and Federal Rule of Civil Procedure 11, or that all three sources of sanctions are available here. Nor do they dispute any of the legal standards recited in CTCL's brief. *See* ECF 102 at 3-8. In fact, Plaintiffs' counsel do not respond at all to the majority of CTCL's motion—and the few responses that they do offer are wholly without merit.

## I. Plaintiffs' Counsel Advanced Objectively Frivolous Standing Arguments.

The most basic requirement of Article III standing is that a plaintiff must adequately allege a concrete and particularized injury-in-fact. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016). Plaintiffs' counsel filed a case relying on an objectively frivolous theory of injury-in-fact: namely, that any registered voter, anywhere in the country, can file suit in any federal court against anyone who they believe did anything improperly affecting a presidential election. As the Court recognized, that argument is foreclosed by a "veritable tsunami" of precedents. *See* ECF 92 at 17; ECF 102 at 10. Yet Plaintiffs' counsel persist in asserting that their clients' supposed injury-in-fact is not a "generalized grievance" because their status as registered voters differentiates them

1

from the general public. ECF 118 at 12, 14. They adhere to that position even though it is rejected

by the very cases they purport to rely on. *See, e.g.*, *Moore v. Circosta*, 494 F. Supp. 3d 289, 313

(M.D.N.C. 2020) (no injury-in-fact when "the complained-of injury would be merely an injury

common to all other *registered* voters" (emphasis added)). As Plaintiffs' counsel all but admits

(and not for the first time, *see* ECF 92 at 17), there is no basis in precedent for their theory. *See*

ECF 118 at 13 (conceding an "element of a generalized grievance" in the claims they filed).

Plaintiffs' counsel offer two arguments meant to distinguish the "tsunami" of precedents

that render their position objectively frivolous. But these arguments are themselves frivolous.

Plaintiffs' counsel first note that the precedents foreclosing their position all involved

requests for injunctive relief, whereas they seek damages. *See, e.g.*, ECF 118 at 7-10, 14-15. Of

course, Plaintiffs' counsel *did* seek injunctive relief, so this purported distinction doesn't actually

get them anywhere.[1] Regardless, this is a distinction without a difference. None of the opinions

rejecting the theory of injury-in-fact advanced here by Plaintiffs' counsel suggested that the lack

of Article III standing depended on the nature of the relief sought. Nor is it a reasonable extension

of any of those cases to assert that the plaintiffs there would have had Article III standing had they

only sought damages instead of injunctive relief. In this setting, as in most, injury-in-fact does not

turn on the form of relief sought. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021).

There is thus no merit to the assertion by Plaintiffs' counsel that their request for nominal damages

offers an escape from the unbroken line of precedents squarely rejecting their theory of injury-in-

fact. *See id.* ("This is not to say that a request for nominal damages guarantees entry to court. . . .

---

[1] *See* ECF 1 (Compl.) at 1 ("bring[ing] this Complaint for damages, injunctive and declaratory relief"), ¶¶ 407-09 (Count VII, permanent injunctive relief), Prayer for Relief; ECF 48-1 (Am. Compl.) at 3 ("bring[ing] this Complaint for damages, injunctive and declaratory relief"), ¶¶ 880-82 (Count XIII, permanent injunctive relief), Prayer for Relief.

It remains for the plaintiff to establish the other elements of standing (such as a particularized injury).").[2] To put the point simply, there is absolutely no authority to support the distinction that Plaintiffs' counsel seek to draw, whereas a wall of precedent (including a recent Supreme Court decision) forecloses it.

The second distinction proposed by Plaintiffs' counsel is equally frivolous—namely, their insistence that the "tsunami" of decisions is inapplicable because those cases involved lawsuits against municipalities or government officials, whereas this case involves a lawsuit against a private entity (CTCL). *See, e.g.*, ECF 118 at 7-12. As the Supreme Court has explained, whether a plaintiff has alleged a cognizable injury-in-fact sufficient for Article III standing "does not depend on the defendant's status as a governmental entity." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 n.5 (1998). Indeed, "there is no conceivable reason why it should." *Id.* Black letter law thus forecloses the position advanced by Plaintiffs' counsel. Moreover, that position is incoherent on its own terms. Most of the claims against CTCL in this case seek to treat it as a state actor under 42 U.S.C. § 1983, and in that respect the complaint depends overwhelmingly on the Court finding that CTCL should be treated the same as a municipality or government official. It is hypocritical and inconsistent for Plaintiffs' counsel to now insist that CTCL's status as a private entity—which they apparently deem irrelevant only when it suits them—is somehow a lifeboat for their frivolous Article III standing arguments.

---

[2] Plaintiffs' counsel invoke *Moore* in a manner that conflates the standing inquiry with the merits of a preliminary injunction. *See* ECF 118 at 7. *Moore* did not determine that there was no injury-in-fact *because* the plaintiffs sought an injunction; rather, it held that plaintiffs had standing to pursue certain claims, then denied preliminary injunctive relief on the merits after balancing the equities. *See* 494 F. Supp. 3d at 321-22. The form of relief played no role in the injury-in-fact analysis.

At bottom, there is no defense for the conduct of Plaintiffs' counsel. They filed a case based on an objectively frivolous theory of Article III standing. They advanced frivolous arguments in support of that theory. They forced the parties to this case, as well as the Court, to bear weighty expenses and burdens. And their strained effort to construct a plausible justification for their position is riddled with errors. The only common thread in the shifting positions articulated by Plaintiffs' counsel is a persistent refusal to accept the obvious, objective flaws in their position— as confirmed by the dozens of indistinguishable cases foreclosing Article III standing here. This conduct warrants sanctions under 28 U.S.C. § 1927, Rule 11, and this Court's inherent power.

## II.     Plaintiffs' Counsel Advanced Objectively Frivolous Claims on the Merits.

Whereas Plaintiffs' counsel at least deigned to offer a response as to their theory of Article III standing, they offer no arguments whatsoever in response to CTCL's detailed explanation of why their claims were objectively frivolous on the merits. It appears that Plaintiffs' counsel *still* have nothing to say in defense of their Elections Clause, Equal Protection Clause, or Due Process Clause arguments—even though CTCL has identified objectively fatal flaws in those claims (to the extent they are even intelligible) repeatedly throughout the litigation. ECF 41 at 10-12; ECF 62 at 11-13; ECF 81 at 5-7. Nor do Plaintiffs' counsel defend—or even mention—the patently frivolous RICO claims that they sought to add in their proposed Amended Complaint. ECF 62 at 13-15. Sanctions are plainly warranted for all the reasons set forth in CTCL's original motion. *See* ECF 102 at 11-12.

## III.    Plaintiffs' Counsel Brought This Suit for an Improper Purpose.

Plaintiffs' counsel similarly fail to provide any meaningful response to the evidence of their improper purpose in bringing this suit. *See* ECF 118 at 14-16. The sheer frivolousness of their claims and their steadfast refusal to engage with the litany of precedents against them continues to evince an improper purpose. *See* ECF 102 at 12. So does their repetition of baseless, inflammatory

accusations against CTCL. *See* ECF 118 at 15; ECF 102 at 13. Although Plaintiffs' counsel now point to the original source of their charges that CTCL violated the NVRA and HAVA (namely, another failed lawsuit), those statutes do not form the basis of *any* of the claims in this case, so it was improper for Plaintiffs' counsel to gratuitously accuse CTCL of violating them. *See* ECF 102 at 13-14; ECF 118 at 14. Finally, the timing of this lawsuit continues to support a finding of improper purpose: whereas Plaintiffs' counsel gesture at the statute of limitations, ECF 118 at 15, the real issue is that Plaintiffs' counsel waited until after the election was over—and after many other suits with indistinguishable claims had already been rejected—to first file the complaint. That is not the conduct of a good faith litigant. It instead confirms an improper purpose.

## CONCLUSION

For the foregoing reasons and those in CTCL's motion for sanctions, Plaintiffs' counsel should be sanctioned under 28 U.S.C. § 1927, this Court's inherent power, and Rule 11.

Respectfully submitted,

Joshua Matz
Michael Skocpol
Marcella Coburn
Louis W. Fisher
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118wi
Telephone: 212.763.0883
Facsimile: 212.564.0883
Email: jmatz@kaplanhecker.com
         mskocpol@kaplanhecker.com
         mcoburn@kaplanhecker.com
         lfisher@kaplanhecker.com

*Attorneys for Defendant Center for Tech and Civic Life*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2021, a true and correct copy of the foregoing Reply Memorandum in Support of Defendant's Motion for Sanctions was electronically filed with the Court using the CM/ECF system which will send notifications of such filing to all counsel of record.

Joshua Matz