IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03747

KEVIN O'ROURKE, et al.,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., et al.,

Defendants.

## PLAINTIFFS' COUNSELS' MOTION FOR EVIDENTARY HEARING

COMES NOW counsel for Plaintiffs, through this Motion for Evidentiary Hearing, and hereby respectfully requests that the Court set the matter for hearing on Defendants several motions for sanctions to allow counsel for Plaintiffs the opportunity to testify and otherwise present admissible evidence to establish their reasonable inquiry into the plausibility of their factual and legal claims made in the Complaint and other pleadings filed by Plaintiffs.

As grounds therefore, Counsel for Plaintiffs state as follows:

1. Defendants, DOMINION VOTING SYSTEMS, INC. (Dominion), CENTER FOR TECHNOLOGY AND CIVIC LIFE (CTCL), FACEBOOK, INC. (Facebook), Gretchen Whitmer, Jocelyn Benson, Tom Wolf and Kathy Boockvar, have all filed motions to sanction Plaintiffs' counsel, Gary Fielder, Esq. and Ernest Walker, Esq. Docs. 98, 101, 102, 103, and 109.

2. Counsel for the Plaintiffs filed their responses, in opposition to the several motions. Doc.110, 114, 118, and 127.

3. Ultimately, this Court held a hearing on Friday, July 16, 2021, to allow argument on the motions. Doc. 132.

1

4. At the hearing, the Court questioned counsel for the defense about the difficultly in determining the frivolous nature of the alleged facts in the case without an evidentiary hearing.

5. Additionally, before the hearing, the Court sent out an order questioning the proper standard to apply in determining whether counsel for the Plaintiffs engaged in a reasonable inquiry regarding the facts and law of the case. Doc. 130.

6. At the hearing, the issues regarding those standards and the factual and legal issues that this Court must determine were fully discussed. As such, it appears that all Defendants have alleged that counsel for Plaintiffs did not engage in a reasonable inquiry, factually or legally, before filing the Complaint and Amended Complaint, in this matter.

7. Additionally, the theme of the hearing also seemed to be that no matter how much time was spent researching the facts and law, counsel for the Plaintiffs submitted facts which were patently frivolous and, according to counsel for Defendants, already decided by other courts.

8. Although Plaintiffs have been entitled to a presumption of truth relative to the facts asserted in the Complaint, and no examination of the facts has taken place in this case (or in any other election case Defendants rely upon), in that regard, the Court specifically accused Plaintiffs' counsel during the hearing of merely being a "propaganda tool" repeating "Trump lies."[1]

9. Further, the Court continued to cite disputed proclamations of election security by certain government officials (i.e., CISA and former Attorney General Bill Barr), while the Court entirely discounted the specific affidavits filed under oath attesting to election security issues that

---

[1] Rosalind S. Helderman, *'A Propaganda Tool' for Trump: A second federal judge castigates Attorneys Who Filed a Lawsuit Challenging to 2020 Results*, The Washington Post (Jul. 16, 2021).

have been cited by Plaintiffs, ignored statements from Democrat Senators and others who were rallying against the use of voting machines prior to the election due to their inherent vulnerabilities, and further chose to ignore ongoing forensic audits in Arizona, which has already released startling evidence of election integrity issues, and are beginning elsewhere (e.g., Pennsylvania, Georgia, Wisconsin, and Michigan).

10. The Court even recognized during the hearing that Defendants were asking for sanctions based on factual assertions where no facts have been admitted or reviewed in any hearing.

11. Counsel for the Plaintiffs must have the opportunity to submit evidence and testimony relative to their reasonable inquiry and conclusions that Plaintiffs claims were both factually and legally plausible before any court can fairly assess sanctions. Defendants are not entitled to a presumption that facts are frivolous merely because a court finds a lack of standing.

12. Much was made about information "on the internet" and from "media sources." Counsel for the Plaintiffs each have a right to testify, subject to cross-examination, before this Court rules on these very important matters.

13. Counsel for the Plaintiffs each, and independently, have a right to engage counsel to aid in their defense to assist in the presentation of evidence concerning the reasonable inquiry into the facts of the case and the legal claims made. As stated at the hearing, counsel for the Plaintiffs spent hundreds of hours before filing the Complaint reviewing a mountain of evidence, much of which is cited in the Complaint, before filing the case. That included the legal research necessary to file a class action case on behalf of the Plaintiffs, and other persons similarly situated.

14.     Accordingly, Counsel for the Plaintiffs have a right to due process, which includes the right to testify and present evidence.

15.     Counsel for Plaintiffs has met and conferred with counsel for the Defendants, but all oppose Plaintiffs right to present evidence and receive due process.

16.     Plaintiffs request a hearing in approximately 60 days, with a requirement that any experts so designated be endorsed 28 before the hearing, and any other witnesses and exhibits be exchanged at least 10 days prior to the hearing. Counsel for the Plaintiffs anticipates they will need approximately two days during the hearing.

17.     Defendants have accused counsel for Plaintiffs of sanctionable conduct, which could he interpreted to include violations of the Rules of Professional Conduct. These charges are serious, and will have serious consequences regarding Plaintiffs' counsels' reputation, and possibly the ability to continue to practice law.

18.     As predicted, after the hearing counsel for Plaintiffs have received a barrage of hateful and negative emails and voicemails from third parties that read about the hearing in the news.

19.     Also as predicted, counsel for the Defendants admitted at the hearing that they have been working in coordinated fashion, and that they appear in tandem all over the country.

20.     Additionally, all Defendants agreed, that the purpose for seeking sanctions was to send a message to others to not challenge the official narrative of a secure election.

21.     Moreover, counsel for Ms. Whitmer and Ms. Benson, and counsel for Tom Wolf and Kathy Boockvar, are also the Attorney Generals for the State of Michigan and the Commonwealth of Pennsylvania. As such, the Associate Attorney Generals and the elected Attorney Generals are operating under color of their official authority, apparently representing

persons in their individual capacity, in coordination with other corporations and a non-profit organization. That is state action as defined under 42 U.S.C. § 1983, and is evidence of the continuing nature of the constitutional right violations committed by the Defendants, through their attorneys.

WHEREFOR, For the reasons above, Plaintiffs' counsel respectfully requests that this Court grant plaintiffs' request for an evidentiary hearing to allow Plaintiffs the opportunity to submit evidence and testimony supporting their counsel's reasonable inquiry and the plausibility of their claims.

Dated this 21st day of July, 2021.

Respectfully submitted,

*PLAINTIFFS COUNSEL:*

By: *s/Ernest J. Walker*  
Ernest J. Walker (MI P58635)  
ERNEST J. WALKER LAW OFFICE  
1444 Stuart St.  
Denver, CO 80204  
(720) 306-0007  
ernestjwalker@gmail.com  

By: *s/ Gary D. Fielder*  
Gary D. Fielder (CO 19757)  
LAW OFFICE OF GARY FIELDER  
1444 Stuart St.  
Denver, CO 80204  
(720) 306-0007  
gary@fielderlaw.net  

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 21, 2021, a copy of the foregoing document was electronically filed with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Gary D. Fielder*  
Gary D. Fielder, Esq.  
Law Office of Gary Fielder  
1444 Stuart St.  
Denver, CO 80204  
(720)306-0007  
gary@fielderlaw.net