IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03747-NRN

KEVIN O'ROURKE,
NATHANIEL L. CARTER,
LORI CUTUNILLI,
LARRY D. COOK,
ALVIN CRISWELL,
KESHA CRENSHAW,
NEIL YARBROUGH, and
AMIE TRAPP,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., a Delaware corporation,
FACEBOOK, INC., a Delaware corporation,
CENTER FOR TECH AND CIVIC LIFE, an Illinois non-profit organization,
MARK E. ZUCKERBERG, individually,
PRISCILLA CHAN, individually,
BRIAN KEMP, individually,
BRAD RAFFENSPERGER, individually,
GRETCHEN WHITMER, individually,
JOCELYN BENSON, individually,
TOM WOLF, individually,
KATHY BOOCKVAR, individually,
TONY EVERS, individually,
ANN S. JACOBS, individually,
MARK L. THOMSEN, individually,
MARGE BOSTELMAN, individually,
JULIE M. GLANCEY,
DEAN KNUDSON, individually,
ROBERT F. SPINDELL, JR, individually, and
DOES 1-10,000,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge N. Reid Neureiter

    It is hereby ORDERED that Plaintiffs' Counsels' Motion for an Evidentiary Hearing (Dkt. #134), filed on July 21, 2021, is DENIED.

Plaintiffs' counsel have moved the Court to "set the matter for hearing on Defendants' several motions for sanctions to allow counsel for Plaintiffs the opportunity to testify and otherwise present admissible evidence to establish their reasonable inquiry into the plausibility of their factual and legal claims made in the Complaint and other pleadings filed by Plaintiffs." Dkt. #134 at 1.

To be blunt, that train left the station last Friday. The sanctions motions have been argued and submitted.

The Court gave fair notice well in advance that it would hold a motions hearing on Defendants' motions on July 16, 2021. (*See* Dkt. #104—Minute Order of June 1, 2021 setting Motion Hearing for July 16, 2021). The Court also gave advance notice that the Parties should be prepared to discuss at the July 16, 2021 hearing, among other things, "The appropriate legal standard for a reasonable pre-filing inquiry under Rule 11 of the Federal Rules of Civil Procedure and whether reliance on press/media reports, or factual allegations made in other lawsuits, is enough to satisfy the requirement of a reasonable pre-filing inquiry." Dkt. #130. The Parties were also asked to be prepared to discuss "[t]he relevance, if any" of a number of published governmental reports, and media statements, seeming to contradict the factual allegations of the Plaintiffs' Complaint. *Id.*

If Plaintiffs' counsel had felt the need to retain their own lawyers, or present witnesses or documentary evidence in opposition to Defendants' sanctions motions, the time to make such a request was in their respective written oppositions to the motions for sanctions, or even at the hearing itself. But in opposing the sanctions motions, neither Mr. Fielder nor Mr. Walker provided affidavits defending or describing their "reasonable inquiry," nor any exhibits, and neither made any request to present witness testimony or documentary exhibits at the motions hearing.

Plaintiffs' counsel suggests that they learned for the first time at the July 16 Motion Hearing that "it appears that all Defendants have alleged that counsel for Plaintiffs did not engage in a reasonable inquiry, factually or legally, before filing the Complaint and Amended Complaint, in this matter." Dkt. #134 at 2. But this was obvious from the day of the filing of the first sanctions motion. Nearly all the motions all sought sanctions under Rule 11, which requires certification, after "inquiry reasonable under the circumstances," that legal contentions are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that factual contentions "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11. *See, e.g.,* Dkt. #109 at 14 (Michigan Defendants' Motion, citing Rule 11 and arguing that "Plaintiffs' incorporation and reliance on the 'facts' as pled in other cases strongly indicates that Plaintiffs made no effort to determine for themselves whether their legal claims were well grounded in the facts before filing their frivolous claims against the Michigan Defendants"); Dkt. #98 at 5 (Dominion's Sanctions Motion, "Here, Plaintiffs' counsel has

violated Rule 11 for several reasons, including that: (1) Plaintiffs' claims are not warranted under the law because Plaintiffs lack Article III standing under their theory of the case; and (2) Plaintiffs' counsel failed to conduct 'an inquiry reasonable under the circumstances' into the factual bases for the claims.").

The Court rejects the suggestion that Plaintiffs' counsel learned for the first time at the July 16 sanctions hearing that the scope and reasonableness of inquiry into the factual and legal basis for the lawsuit would be a major focus of the hearing.

The Court does take issue with one factual assertion in Plaintiffs' counsels' motion. Counsel suggests that "the Court specifically accused Plaintiffs' counsel during the hearing of merely being a "propaganda tool" repeating "Trump lies." Dkt. #134 at ¶ 8.

To be clear, the comment was made it the context of the Court's inquiry as to why the Amended Complaint contained President Trump's retweet of an OANN "report" that "Dominion deleted 2.7 million trump votes" (*see* Dkt. #48-1 at 74, ¶ 579) and what reasonable inquiry was made as to the truth of that allegation before including it in a public filing:

> THE COURT: And including President Trump's Tweet that was repeated on the One American News Network that 22 million votes [sic] were shifted from me to President Biden, or something to that effect.
> Why did you include that?
>
> MR. FIELDER: He was the President of the United States at the time. I mean, whether you disagree with him or just don't like him or love him, it doesn't really matter. He was the President.
>
> THE COURT: So you're parroting what the guy who lost the -- now seems to have lost the election was saying about you wanted to retain [sic]. Did you do anything to verify that?
>
> MR. FIELDER: It seemed to be connecting all of the other dots that were out there, that there was hacking, that these systems were vulnerable to hacking, and that they were hacked, and that through the adjudication process and other means, which are now coming to light with regard to getting ballots into the system so that the ballot numbers match the votes, all of this is coming out.
>
> THE COURT: Did it ever occur to you that you might be being used, wittingly or unwittingly, as a propaganda tool for the ex-President to file this lawsuit and repeat his statements, and other people who are repeating statements in his favor? Did that ever occur to you that possibly I'm just repeating stuff that the President is lying about?

>MR. FIELDER: Of course it occurred to me. I tried to analyze it. I looked at it. I was engrossed in it at all times.

Transcript of July 21, 2021 Hearing (Dkt. #133 at 31:8-32:12).

The Court did not accuse counsel of being a propaganda tool. Instead, the Court was asking whether counsel had considered the possibility that he was being used as a propaganda tool, attempting to ascertain what counsel had done to independently verify factual assertions of the former President before including them in a public pleading. Counsel agreed that the possibility had occurred to him.

The Motion for an Evidentiary Hearing (Dkt. #134) is DENIED.

Date: July 21, 2021