**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-3747-NRN

KEVIN O'ROURKE, NATHANIEL L. CARTER,
LORI CUTUNILLI, LARRY D. COOK,
ALVIN CRISWELL, KESHA CRENSHAW,
NEIL YARBROUGH, and AMIE TRAPP,

Plaintiffs, on their own behalf
and of a class of similarly
situated persons,

v.

DOMINION VOTING SYSTEMS INC.,
a Delaware corporation, FACEBOOK, INC.,
a Delaware corporation, CENTER FOR TECH
AND CIVIC LIFE, an Illinois non-profit organization,
MARK E. ZUCKERBERG, individually,
PRISCILLA CHAN, individually,
BRIAN KEMP, individually, BRAD
RAFFENSPERGER, individually, GRETCHEN WHITMER,
individually, JOCELYN BENSON, individually,
TOM WOLF, individually, KATHY BOOCKVAR,
individually, TONY EVERS, individually,
ANN S. JACOBS, individually, MARK L. THOMSEN,
individually, MARGE BOSTELMAN, individually,
JULIE M. GLANCEY, DEAN KNUDSON,
individually, ROBERT F. SPINDELL, JR,
individually, and DOES 1-10,000,

Defendants.

---

**DOMINION VOTING SYSTEMS, INC.'S NOTICE OF FAILURE
TO REACH STIPULATION ON SANCTIONS FEE AWARD**

---

Defendant Dominion Voting Systems, Inc. ("Dominion"), by and through undersigned counsel, hereby files this Notice of Failure to Reach Stipulation on Sanctions Fee Award

("Notice"), and in support states as follows:

1. Pursuant to the Court's Order Granting Defendants' Motion for Sanctions ("Order"), dated August 3, 2021, undersigned counsel has repeatedly attempted to confer in good faith with Plaintiffs' counsel to reach a stipulation regarding the attorneys' fees and expenses Dominion incurred in (1) preparing and arguing its Motion to Dismiss and (2) preparing and arguing its opposition to Plaintiffs' Motion for Leave to Amend the Complaint.

2. Dominion and Plaintiffs' counsel have been unable to reach a stipulation regarding a reasonable figure that would establish an appropriate sanctions award pursuant to the Court's order, despite undersigned counsel's repeated efforts to confer and engage in a meaningful dialogue.

3. Specifically, in an effort to streamline the conferral process and alleviate unnecessary disputes related to the sanctions award, undersigned counsel proposed to Plaintiffs' counsel the possibility of reaching an agreement for a reduced liquidated figure of costs and fees to comprise the sanctions award.

4. On August 11, 2021, undersigned counsel called Plaintiffs' counsel to discuss this proposal and left two voicemails requesting a follow up from Plaintiffs' counsel.

5. Plaintiffs' counsel did not return undersigned counsel's telephone calls.

6. That same day, undersigned counsel also sent an email to Plaintiffs' counsel seeking to confer regarding a sanctions award.

7. Plaintiffs' counsel did not respond directly to this email correspondence.

8. Undersigned counsel followed up yet again with Plaintiffs' counsel via email, on August 12, 2021 and August 16, 2021, respectively, seeking to discuss a potential liquidated costs and fees amount.

9. Plaintiffs' counsel's first response to these five conferral attempts occurred via email on August 16, 2021, in which Mr. Ernest Walker stated that Plaintiffs' counsel would not agree to a stipulated sanctions award amount until after they received Dominion's detailed billing records.

10. In response to this correspondence, and pursuant to the Court's Order, Dominion submitted its detailed billing records to Plaintiffs' counsel by email on August 17, 2021.

11. These billing records included the records of each attorney working on this litigation, as well as the time spent on specific tasks, with accompanying hourly rates.

12. In the email attaching these billing records, Dominion voluntarily reduced the total incurred to align with the billing rates reflected in the 2017 Economic Survey referenced in the Court's Order.

13. Additionally, in a further effort to confer in good faith, undersigned counsel proposed that it was willing to begin discussions at an amount much lower than this reduced figure.

14. Plaintiffs' counsel did not respond to undersigned counsel's August 17, 2021 conferral email.

15. Undersigned counsel then followed up with Plaintiffs' counsel on August 25, 2021, offering yet again to engage in a meaningful dialogue regarding the sanctions award.

16. Plaintiffs' counsel's first response to these conferral efforts occurred just yesterday, August 26, 2021, by email.

17. Rather than engage with undersigned counsel, Plaintiffs' counsel stated that the only number it would stipulate to would be a sanctions award of only $10,000.00 to Dominion, which is significantly less than the total actual costs and fees incurred by Dominion. Plaintiffs' counsel further misrepresented undersigned counsel's conferral emails.

18. Undersigned counsel reached out again to begin discussions, but did not receive a response.

19. Therefore, despite undersigned counsel's best efforts, the parties have been unable to stipulate as to a reasonable figure that would establish an appropriate sanctions award.

20. Accordingly, pursuant to the Court's Order, Dominion files this Notice to inform the Court of the parties' failure to reach a stipulation. Dominion will submit to the Court its billing records and an accompanying brief supporting its fee request within the next seven days.

Dated August 27, 2021

    s/ *Stanley L. Garnett*_____
    Stanley L. Garnett
    David B. Meschke
    Amanda K. Houseal
    Bridget C. DuPey
    Brownstein Hyatt Farber Schreck, LLP
    410 Seventeenth Street
    Suite 2200
    Denver, CO  80202-4432
    Phone: 303.223.1100
    Email: sgarnett@bhfs.com
    dmeschke@bhfs.com
    ahouseal@bhfs.com
    bdupey@bhfs.com

    Attorneys for Defendant Dominion Voting Systems, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of August 2021, a true and correct copy of the foregoing DOMINION VOTING SYSTEM INC.'S NOTICE OF FAILURE TO REACH STIPULATION ON SANCTIONS FEE AWARD was electronically filed with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                                                   s/ *Stanley L. Garnett*
                                                                                    Stanley L. Garnett