**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-3747-NRN

KEVIN O'ROURKE, NATHANIEL L. CARTER,
LORI CUTUNILLI, LARRY D. COOK,
ALVIN CRISWELL, KESHA CRENSHAW,
NEIL YARBROUGH, and AMIE TRAPP,

Plaintiffs, on their own behalf
and of a class of similarly
situated persons,

v.

DOMINION VOTING SYSTEMS INC.,
a Delaware corporation, FACEBOOK, INC.,
a Delaware corporation, CENTER FOR TECH
AND CIVIC LIFE, an Illinois non-profit organization,
MARK E. ZUCKERBERG, individually,
PRISCILLA CHAN, individually,
BRIAN KEMP, individually, BRAD
RAFFENSPERGER, individually, GRETCHEN WHITMER,
individually, JOCELYN BENSON, individually,
TOM WOLF, individually, KATHY BOOCKVAR,
individually, TONY EVERS, individually,
ANN S. JACOBS, individually, MARK L. THOMSEN,
individually, MARGE BOSTELMAN, individually,
JULIE M. GLANCEY, DEAN KNUDSON,
individually, ROBERT F. SPINDELL, JR,
individually, and DOES 1-10,000,

Defendants.

---

**DOMINION VOTING SYSTEMS, INC.'S BRIEF IN SUPPORT OF
ITS REQUEST FOR REASONABLE ATTORNEYS' FEES AND
EXPENSES**

---

Defendant Dominion Voting Systems, Inc. ("Dominion"), by and through undersigned

counsel, hereby files this Brief in Support of Its Request for Reasonable Attorneys' Fees and

Expenses ("Brief"), and in support states as follows:

**Certificate of Compliance with D.C.COLO.LCivR 7.1(a):** On August 3, 2021, the Court granted Defendants' motion for sanctions and ordered Dominion and the other defendants to submit their billing records to Plaintiffs' counsel so that the parties may attempt to confer and stipulate to a reasonable figure that would establish an appropriate sanction award. Dominion submitted its billing records but was unable to reach an agreement with Plaintiffs' counsel on an appropriate sanction award. Pursuant to this Court's Order, Dominion now submits to the Court its billing records and an accompanying brief supporting its fee request.[1]

## INTRODUCTION

In granting Defendants' motions to sanction Plaintiffs' counsel, the Court emphasized Plaintiffs' counsel's failure to conduct a diligent factual inquiry before filing this litigation and the objective frivolity of the claims asserted. These deficiencies, the Court determined, warranted a sanctions award in the form of Defendants' reasonable attorneys' fees incurred for both (1) preparing and arguing their motions to dismiss and (2) preparing and arguing their opposition to Plaintiffs' Motion for Leave to Amend the Complaint. *See* ECF No. 136, at 66–67. Dominion now seeks an award of $78,944.00 in attorneys' fees incurred in relation to these tasks—a reasonable figure in light of the complexity of this case, the severity of the allegations made by Plaintiffs, and the frivolous and burdensome strategy employed by Plaintiffs' counsel throughout this litigation.

---

[1] Dominion contemporaneously submits these billing records subject to the Protective Order entered by the Court on August 17, 2021. *See generally* ECF No. 141.

## LEGAL STANDARD

It is within the court's discretion to determine the reasonableness of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine a reasonable fee award, the court first calculates the lodestar amount of the fee. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). A lodestar calculation involves multiplying the number of hours an attorney expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 461 U.S. at 433. Accordingly, the lodestar calculation requires the court to consider the reasonableness of both the hours expended and the hourly billing rate.

First, in determining the reasonableness of the hours expended, a court considers several factors, including: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to specific task. *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 538, 542 (10th Cir. 2000). Second, the court must also consider the reasonableness of the hourly rate sought, which is determined based on the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

## ANALYSIS

### I. THE TOTAL NUMBER OF HOURS EXPENDED BY COUNSEL FOR DOMINION IS REASONABLE.

Dominion was represented in this matter by Brownstein Hyatt Farber Schreck, LLP ("BHFS"), and seeks a total of $78,944.00 in attorneys' fees for work performed by BHFS. (Ex. A, Declaration of Stanley L. Garnett ("Garnett Decl."), ¶¶ 1, 11.) BHFS spent a total of 242.3

3

hours (1) preparing and arguing Dominion's Motion to Dismiss and (2) preparing and arguing Dominion's opposition to Plaintiffs' Motion for Leave to Amend the Complaint. (*Id.* ¶ 6.) This total hourly figure includes work performed by four separate attorneys and one paralegal over the span of more than four months, and it is reasonable when viewed in light of the posture of this baseless litigation and Dominion's position as the lead defendant. (*Id.* ¶¶ 6, 12; *see generally* Ex. B, Billing Records.)[2]

First, the nature of the claims asserted in this litigation—along with the additional meritless claims Plaintiffs attempted to assert in their failed Motion to for Leave to Amend—presented legal issues that had not been explored in depth until the deluge of unsuccessful challenges to the 2020 presidential election. In order to vigorously defend against these claims, counsel for Dominion necessarily had to perform legal research on these legal issues and analyze them in light of Plaintiffs' voluminous complaint and imprecise claims for relief. (Ex. A, Garnett Decl., ¶ 12.) Indeed, this action not only required Dominion's counsel to research the various substantive claims brought against Dominion, it also had to research the numerous other deficiencies with Plaintiffs' Complaint, such as the Court's subject matter jurisdiction and, most importantly, Plaintiffs' lack of standing. Moreover, counsel for Dominion was unable to solely draw on past research given that Plaintiffs were asserting a damages case comparing what transpired during the 2020 election with a mass tort or products liability case.

Second, the convoluted nature of the Complaint required counsel for Dominion to expend considerable time simply deciphering the nature of the claims asserted before they could formulate a strategy on how to address those claims. (*Id.*) For instance, rather than clearly

---

[2] Dominion redacted entries from its billing records that are unrelated to the fees it seeks.

delineate between a substantive due process and procedural due process challenge, Plaintiffs' counsel elected to plead these distinct legal claims together.  And upon careful scrutiny, not even one of the Complaint's 409 paragraphs addressed the constitutionality of insufficient *procedures*, a necessary component of a procedural due process claim.  Likewise, while the Complaint alluded to racial discrimination in support of an equal protection challenge, Plaintiffs did not clearly set forth the purported discrimination, nor did they even attempt to tie Dominion to these alleged discriminatory actions.  At bottom, the nonsensical and meandering nature of Plaintiffs' Complaint (as well as their proposed amended complaint) required counsel for Dominion to spend more time than usual piecing together Plaintiffs' legal theories and assertions and then responding to their deficiencies.

Third, the strategy employed by Plaintiffs' counsel throughout this litigation required counsel for Dominion to operate on dual tracks, simultaneously seeking dismissal of Plaintiffs' original Complaint and opposing Plaintiffs' baseless Motion for Leave to Amend.  (*Id.*)  To be sure, Plaintiffs' counsel was well-aware of the Complaint's myriad deficiencies when they sought the Court's leave to amend, as highlighted in the Rule 11 letters sent to Plaintiffs' counsel and then the motions to dismiss filed by Dominion and the other defendants.  Despite knowing these deficiencies, particularly with respect to Plaintiffs' lack of standing, Plaintiffs' counsel elected to seek the Court's leave to file an amended complaint that failed to address these fatal flaws.  The total hours of expended by Dominion's counsel is reasonable in light of Plaintiffs' counsels insistence on forcing Dominion to operate on these dual (and equally futile) tracks.

Finally, given the nature of the claims asserted by Plaintiffs in this case, it was crucial Dominion provide a prompt and thorough response to adequately defend itself against these

severe—and baseless—allegations. (*Id.*) Dominion has been under constant attack since the 2020 presidential election and did not want this case to inspire a myriad of copy-cat cases. Without a fulsome and immediate response in its defense, Dominion would jeopardize its entire business, of which providing local election officials with secure tools they can use to run elections is paramount.

Taken together, these considerations support the reasonableness of the number of hours Dominion's counsel expended in preparing and arguing Dominion's Motion to Dismiss and opposition to Plaintiffs' Motion for Leave to Amend the Complaint.

## II.     THE HOURLY RATES SOUGHT ARE REASONABLE IN LIGHT OF THE PREVAILING MARKET RATE.

The hourly rates charged sought by Dominion's counsel comports with the prevailing market rate for similar-sized firms in Colorado. As noted above, Dominion seeks $78,944.00 in attorneys' fees, which accounts for the work of four attorneys and one paralegal. BHFS billed Dominion at or below its standard 2021 rates: (1) $656.25 per hour for Stanley L. Garnett, a shareholder with nearly four decades of litigation experience; (2) $330.00 per hour for David B. Meschke; (3) $270.00 per hour for Bridget C. DuPey; (4) $360.00 per hour for Sean S. Cuff; and (5) $310.00 per hour for Catherine Olguin. (Ex. A, Garnett Decl., ¶ 7; *see also* Ex. B, Billing Records.)

Because some of these hourly rates, though reasonable, are above the rates included in the resource referenced by the Court in its sanctions order—the Colorado Bar Association's *Economics of Law Practice Survey*—Dominion has reduced most of the rates above to reach its lodestar calculation of $78,944.00. (Ex. A, Garnett Decl., ¶¶ 9–10.) This equates to a reduction of nearly $20,000.00. (*Id.* ¶¶ 5, 11, 16.) Specifically, Dominion has reduced the rates sought to:

(1) $475.00 per hour for Stanley L. Garnett, a shareholder with nearly four decades of litigation experience; (2) $300.00 per hour for David B. Meschke, a sixth-year associate; (3) $270.00 per hour for Sean S. Cuff, who along with Bridget C. DuPey, is a second-year associate; and (4) $150.00 per hour for Catherine Olguin, an experienced paralegal.  (*Id.* ¶ 9.)  On average, this equals a rate of $330.42 per hour for work performed by attorneys.  (*Id.* ¶ 10.)  This average hourly rate aligns with the rates reported in the *Economics of Law Practice Survey* for similar-sized firms with similar levels of expertise and experience in the local legal community, as well as other decisions within this District.[3]  *See, e.g.*, *Porter v. 1st Choice After Sch. Kare*, No. 1:20-cv-01028-RN-NRN, 2021 WL 1662716, at *1 (D. Colo. Apr. 28, 2021) (finding an hourly rate of $450 for an experienced attorney reasonable); *QFA Royalties LLC v. Q of O, LLC,* No. 15-CV-00461-CMA-MJW, 2016 WL 915753, at *3 (D. Colo. Mar. 10, 2016) (explaining "this Court has found $425 to be a reasonable hourly rate for an experienced senior attorney and $285 to be a reasonable hourly rate for an associate attorney").

Moreover, Dominion's counsel made a concerted effort to allocate many of the tasks performed in this litigation to attorneys with a lower hourly rate.  Indeed, roughly 180 of the 242.3 hours expended by Dominion's counsel were billed by associate-level attorneys at the reduced rate of $300 per hour or less.  (*See* Ex. B, Billing Records.)  And the tasks performed by these three associates—including researching and drafting the various motions in this litigation—were reasonable in light of their level of experience.

---

[3] *See* COLORADO BAR ASSOCIATION, ECONOMICS OF LAW PRACTICE SURVEY 35 (2017) (noting the mean hourly billing rate for firms with 250 or more attorneys is $328.00 per hour, with the 75th percentile billing at a rate of $475.00 per hour); *id.* at 40 (noting the 75th percentile for hourly billing rates for paralegal services is $150.00 per hour for paralegals with five or more years of experience).

Because the hourly rates sought by Dominion for BHFS's work aligns with the average market rates for similar-sized firms in Colorado, and because Dominion's counsel appropriately allocated tasks to attorneys with lower hourly billing rates, the amount Dominion requests in attorneys' fees is reasonable.

## **CONCLUSION**

For the foregoing reasons, Dominion respectfully requests that this Court award Dominion its reasonable attorneys' fees in the amount of $78,944.00.

Dated September 3, 2021.

s/ *Stanley L. Garnett*_____
Stanley L. Garnett
David B. Meschke
Amanda K. Houseal
Bridget C. DuPey
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO  80202-4432
Phone: 303.223.1100
Email: sgarnett@bhfs.com
dmeschke@bhfs.com
ahouseal@bhfs.com
bdupey@bhfs.com

Attorneys for Defendant Dominion Voting Systems, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of September 2021, a true and correct copy of the foregoing **DOMINION VOTING SYSTEM INC.'S BRIEF IN SUPPORT OF ITS REQUEST FOR REASONABLE ATTORNEYS' FEES AND EXPENSES** was electronically filed with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ *Stanley L. Garnett*
Stanley L. Garnett