**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-3747-NRN

KEVIN O'ROURKE, et al.,

Plaintiffs, on their own behalf and of a class of
similarly situated persons,

v.

DOMINION VOTING SYSTEMS INC., et al.,

Defendants.

---

**FACEBOOK'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR
SANCTIONS FEE AWARD**

---

This Court has "ordered that Plaintiffs' counsel shall jointly and severally pay Defendants' reasonable attorneys [fees] for (1) having to prepare and argue the motions to dismiss, and (2) having to prepare and argue the opposition to the Motion for Leave to Amend."  Dkt. 136 ("Sanctions Order") at 66–67.  In accordance with the Sanctions Order, Defendant Facebook, Inc. now "submit[s] to the Court the records and [this] accompanying brief supporting [its] fee request" for preparing and arguing the relevant motion and opposition.  *Id.* at 67.

Facebook seeks an award of $50,000 for reasonable legal fees for 166.8 hours of work by its attorneys at Gibson, Dunn & Crutcher LLP ("Gibson Dunn") in connection with investigating, researching, drafting, and arguing its Motion to Dismiss and opposition to Plaintiffs' Motion for Leave to Amend.  To arrive at this request, Facebook took the following steps:

- Facebook first reduced the total hours spent on legal work related to these two motions through the exercise of "billing judgment" by Gibson Dunn (i.e., by not requesting compensation for all billable attorney and support staff time for such work);

- Facebook next reduced the hourly rates Gibson Dunn, which is a national law firm, charges, in order to align with the rates in the 2017 Colorado Bar Association survey cited in the Court's Order (i.e., by calculating its reimbursement request using $500 per hour for partner time, $350 per hour for senior associate time, and $300 per hour for associate time); and

- Facebook finally subtracted nearly $10,000 more from the $59,760 resulting from a straightforward multiplication of these reduced hours and reduced rates to reach the final requested amount of $50,000 (i.e., Facebook applied more than a 15% further reduction).

Facebook respectfully submits its request is reasonable and appropriate to defend a case where Plaintiffs sought $1.6 *billion* in damages plus fees and costs on behalf of a purported nationwide class of 160 million voters in a heavily publicized suit challenging the results of the 2020 presidential election in multiple states.  *See* Dkt. 1.

A.      **Facebook's Attorney Hours Are Reasonable**

While all of Plaintiffs' claims against Facebook are frivolous on multiple grounds, Facebook's counsel had to review and analyze a sprawling purported class action complaint that ran more than 220 pages, including multiple attachments, and more than four hundred paragraphs, in order to prepare its motion-to-dismiss arguments. Plaintiffs' counsel asserted a variety of constitutional and other statutory claims against Facebook, demanding the company's counsel research and prepare arguments related to Article III standing, personal jurisdiction, and numerous other statutory and constitutional legal grounds for the initial Motion to Dismiss, as well as prepare and draft a Reply in support of these arguments. *See* Dkt. 23 (Facebook Mot. to Dismiss). Similarly, Facebook's counsel had to conduct additional research and prepare new arguments to respond to Plaintiffs' Motion for Leave to Amend, which sought to add 152 Plaintiffs, four Defendants, six new causes of action, and 473 paragraphs of disparate and often contradictory allegations to the action. *See* Dkt. 63 (Facebook's Opp. to Mot. for Leave to Amend).

Despite the lack of factual or legal merit of this case, in each instance, Facebook's counsel had to defend against multiple asserted claims and respond to these unwieldy allegations to avoid any waiver of its potential defenses in an expansive case this Court has described as alleging a "vast conspiracy" seeking to "represent 160 million American registered voters" and obtain a "determination . . . that the actions of multiple state legislatures, municipalities, and state courts in the conduct of the 2020 election should be declared legal nullities." Dkt. 136 at 5. Facebook's counsel efficiently handled the initial investigation into these allegations, the development of defenses, the drafting and revision of its filings, and hearing preparation, as well as Facebook's response to Plaintiffs' counsel's attempt to change the scope of the action in an amended complaint

based on specious RICO claims and allegations aimed at Facebook, its employees, its social media platform, and its alleged charitable activities.

In support of this request, Facebook provides contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks down to six-minute increments.  Bergsieker Affidavit, Ex. A; *see First Mercury Ins. Co. v. Wonderland Homes*, 2021 WL 3089155, at *2 (D. Colo. July 22, 2021).

Facebook's documentation demonstrates that the hours expended by Facebook's counsel are authentic, reasonable, and non-duplicative work for which the company is entitled to recover. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.").  In particular, Facebook has exercised "billing judgment" to exclude some time spent on necessary tasks related to drafting, revising, and filing its motion and opposition and asks only for fees related to the core substantive legal work done by attorneys.  *First Mercury*, 2021 WL 3089155, at *2 (explaining "billing judgment").  It is clear from Facebook's billing records that none of the specified tasks for which fees are now requested could have been delegated to a non-professional because they include legal research, communications with the client and with opposing counsel, and drafting and editing briefings.  *Id.*  And the award requested for work on *both* motions here is less than the amount recently awarded to counsel for successfully litigating *one* discovery motion in this District.  *Id.* at *6 (awarding $52,987.50 for single motion to compel).

The hours spent by Facebook's attorneys can be grouped roughly into the following categories, as the detailed records in Exhibit A to the Bergsieker Affidavit reflect:

| Phase of Litigation/Work Done | Hours | Amount |
|---|---|---|
| Initial Investigations of Claims for Motion to Dismiss | 31.8 | $ 11,020 |
| Drafting, Editing, and Finalizing Motion to Dismiss | 33.3 | $ 13,000 |
| Research, Drafting, Editing, and Finalizing Reply In Support of Motion to Dismiss | 19.5 | $ 6,425 |
| Initial Investigation of New Claims and Allegations in Motion for Leave to Amend | 24.8 | $ 8,435 |
| Drafting, Editing, and Finalizing Opposition to Motion for Leave to Amend | 23.8 | $ 9,300 |
| Preparation and Participation in Motion to Dismiss / Motion for Leave to Amend Hearings | 33.6 | $ 11,580 |
| **Total** | **166.8** | $ 59,760 |
| **Further reduction of more than 15%** | | **$50,000** |

These hours are reasonable and appropriate.

## B.    Facebook's Hourly Rates Are Reasonable

Rather than calculate fees based on the normal rates for the national law firm (Gibson Dunn) that represented Facebook in this matter, in accordance with the Court's instruction, Facebook has calculated its attorney's fees request to align more closely with the rates found in the 2017 Colorado Bar Association's *Economics of Law Practice Survey*, taking into account the rise in such rates over the five years since the 2016 collection of information for that survey. Dkt. 136 at 68. To be clear, Facebook is seeking reimbursement for only a portion of the fees it paid to Gibson Dunn to litigate the two motions that are the subject of the Sanctions Order.

Specifically, Facebook is seeking attorney's fees for this request between $300-$350 per associate hour and $500 per partner hour (alongside a further reduction of more than 15%), which is both in line with the 2017 Colorado Bar Association survey and is less than half of the low end of published fee rates being sought for work by Gibson Dunn's peer firms in recent public fee-request filings. *See, e.g.*, Samantha Stokes, *Will Billing Rates for Elite Firms Rise More in 2020?*, The American Lawyer (July 30, 2020), https://www.law.com/americanlawyer/2020/07/30/will-billing-rates-for-elite-firms-rise-more-in-2020/ (reporting on recent filings for other national firms around $1,025 to $1,795 per partner hour and up to $1,165 for associate hours).

Moreover, the rates Facebook used in calculating its attorney's fee request also are aligned with the standards used by other courts in this District. *See, e.g.*, *Merrill et al. v. Contract Freighters, Inc.*, 2021 WL 3742242, at *4 (D. Colo. Aug. 24, 2021) (collecting cases); *see also First Mercury*, 2021 WL 3089155, at *4–5 (awarding $365-$700 per hour). Indeed, multiple courts in this District have recognized *The 47th Annual Survey of Law Firm Economics* prepared by ALM Intelligence and The National Law Journal ("NLJ Survey") as "reflective of hourly rates for large national law firms in Denver . . . indicat[ing], as of January 1, 2019, equity partners . . . in the ninth decile of survey respondents charged $650 as their billable hourly rate; the upper quartile of equity partners at firms of over 150 lawyers bills $685 per hour, and the ninth decile bills $775; and those with eight to 10 years of experience bill $500 in the ninth decile, while those with four to five years of experience in the ninth decile bill $330 an hour." *Merrill*, 2021 WL 3742242, at *4 (finding these "hourly rates from the NLJ Survey are generally consistent with rates previously awarded in this District in employment litigation or analogous matters" and collecting cases); *see* Bergsieker Affidavit, Ex. B. Such rates would be especially appropriate in

this matter because Plaintiffs' counsel chose to file improperly a purported nationwide class action of breathtaking scope and remedy inappropriately in Colorado.  Yet Facebook in its request for fees has chosen a fee of $500 per partner (prior to an off-the-top final reduction)—materially below these rates for partners at large national firms in Denver with 15 years or more of experience— and despite the fact that the subject matter is more complex and specialized than some of these cases.  *E.g.*, *Merrill*, 2021 WL 3742242, at *4 (reporting higher recent rates).  Likewise, Facebook requests a rate of $300-$350 for associates (prior to the off-the-top final reduction), which is again in line with recent sanctions award rates for associates in this District.  *Id.*; *see also First Mercury*, 2021 WL 3089155, at *2.

Accordingly, after considering all of these factors and recent practice in this District, Facebook requests the following hourly rates for each billing professional on this case (prior to the final off-the-top reduction described *supra* at pp. 1–2):

| Billing Professional | Title | Rate |
|---|---|---|
| Joshua Lipshutz | Partner and Chief Operating Officer | $ 500 |
| Ryan Bergsieker | Partner | $ 500 |
| Natalie Hausknecht | Senior Associate | $ 350 |
| Craig Streit | Associate | $ 300 |

These rates are reasonable in this case given the nature of the claims in this case and the qualifications of Facebook's attorneys.  *See* Bergsieker Affidavit ¶¶ 3–7.

On the basis of these attorneys' experience and expertise, Facebook thus submits that its fee request of $50,000, which is derived from the number of hours for the tasks described herein

multiplied by the specific rates for each attorney also described herein *plus* a final further fee reduction of more than 15%, is reasonable. *See Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015) (holding "lodestar amount" that is "a product of the number of attorney hours reasonably expended and a reasonable hourly rate" is an "acceptable approach to determine the reasonableness of a fee request" in the context of court-imposed sanctions).

### C.   Conclusion

Facebook respectfully submits that its request for the attorney's fees included herein are reasonable in light of the claims, damages, filings, and relief sought in this case.

Dated:  September 3, 2021

Respectfully submitted,


/s/ Ryan T. Bergsieker

Joshua S. Lipshutz
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, NW
Washington, DC  20036
Telephone:      202.955.8217
Facsimile:      202.530.9614
Email:          jlipshutz@gibsondunn.com

Ryan T. Bergsieker
Natalie J. Hausknecht
**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street, Suite 4200
Denver, CO  80202-2642
Telephone:      303.298.5700
Facsimile:      303.298.5907
Email:          rbergsieker@gibsondunn.com
                nhausknecht@gibsondunn.com

*Attorneys for Facebook, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2021, I electronically filed a copy of the foregoing

Facebook's Memorandum of Law in Support of Application for Sanctions Fee Award  with the

Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all

counsel of record.

*/s/ Ryan T. Bergsieker*
Ryan T. Bergsieker