IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03747

KEVIN O'ROURKE, et at.,
Plaintiff(s),

v.

DOMINION VOTING SYSTEMS INC., et al.
Defendants.

## PLAINTIFF' COUNSEL' OBJECTION TO ATTORNEY FEES

COMES NOW Plaintiffs' counsel and hereby respectfully requests that the Court reduce the amount of attorney fees requested by the Defendants, Dominion Voting Systems, Inc. (Dominion), Facebook, Inc. (Facebook), and Center for Technology and Civic Life (CTCL).

As grounds therefore, Plaintiffs' counsel states as follows:

1. As a part of the Court's *Order Granting Defendants' Motion for Sanctions (Dkt ##98, 101, 102, 103, &109)* (*Sanctions Order*), Plaintiffs' counsel was given an opportunity to object to respond to the submissions of the Defendants requesting attorney fees.

2. Pursuant to the Court's direction, the Defendants each submitted their requests for fees associated with filing and arguing their motions to dismiss, and responding to the Plaintiffs' motion to amend their complaint. *Sanctions Order*, p. 67.

3. Here, the Defendants made the following requests:

   A. Dominion submitted a request for $78,944.00.

   B. CTCL submitted a request for f $64,012.24.

1

       C.       Facebook submitted a request for $50,000.00.

       D.       The Attorney General from the State of Michigan submitted a request for $4,900; and,

       E.       The Attorney General from the Commonwealth of Pennsylvania submitted a requests for $6,162.50.

4. As the Court is aware, in determining the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a reasonable fee. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-65 (1986); Cooper v. Utah, 894 F.2d 1169, 1171 (10th Cir.1990).

5. The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983); *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir.1997).

6. "This subsidiary reasonableness inquiry is controlled by the overriding consideration of whether the attorney's hours were "necessary" under the circumstances." *See Robinson v. City of Edmond*, 160 F. 3d 1275, 1281 (10th Cir. 1998).

7. "The prevailing party must make a `good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Jane L. v. Bangerter*, 61 F. 3d 1505, 1510 (10th Cir. 1998)(*quoting Hensley*, 461 U.S. at 434).

8. A district court should approach this reasonableness inquiry "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients..." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983).

2

9. Here, the grossly disparate amounts between the requests for fees made by the offices of two separate attorney generals, as compared to the requests made by Dominion, CTCL and Facebook is instructive of the reasonable of the fees requested.

10. Accordingly, Plaintiffs' counsel hereby objects to any awarded amount greater than $10,000.

11. "[T]here is no question that a district court may rely on its general experience as well as its closer familiarity with a case to evaluate the parties' arguments on a fees issue. *Robinson*, 160 F. 3d at 1285-1286.

12. "In this respect, a district court may well decide to go below the amount of a fee request put in controversy by the parties — in this sense, the court's discretion is not absolutely constrained by the amount of a fee request put in controversy by the parties." *Id*. at 1286.

13. Noting the punitive nature of sanctions, generally, and the extreme differences in resources available to Plaintiffs' counsel, as opposed to those available to CTCL, Facebook and Dominion, Plaintiffs' counsel hereby respectfully requests that it impose only a reasonable sanction, as described above.

WHEREFORE, Plaintiffs' counsel hereby respectfully requests that the Court limit any award of attorney fees imposed as a sanction against Plaintiffs' counsel to the reasonable amount of $10,000 to CTCL, Facebook and Dominion, respectively.

By: *s/ Gary D. Fielder*
Gary D. Fielder (CO 19757)
1435 Stuart St.
Denver, CO 80204
(303) 650-1505
gary@fielderlaw.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 28, 2021, a copy of the foregoing document was electronically filed with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Gary D. Fielder*
Gary D. Fielder, Esq.
1435 Stuart St.
Denver, CO 80204
(303)650-1505
gary@fielderlaw.net