IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03747-NRN

KEVIN O'ROURKE,
NATHANIEL L. CARTER,
LORI CUTUNILLI,
LARRY D. COOK,
ALVIN CRISWELL,
KESHA CRENSHAW,
NEIL YARBROUGH, and
AMIE TRAPP,

Plaintiffs,

v.

DOMINION VOTING SYSTEMS INC., a Delaware corporation,
FACEBOOK, INC., a Delaware corporation,
CENTER FOR TECH AND CIVIC LIFE, an Illinois non-profit organization,
MARK E. ZUCKERBERG, individually,
PRISCILLA CHAN, individually,
BRIAN KEMP, individually,
BRAD RAFFENSPERGER, individually,
GRETCHEN WHITMER, individually,
JOCELYN BENSON, individually,
TOM WOLF, individually,
KATHY BOOCKVAR, individually,
TONY EVERS, individually,
ANN S. JACOBS, individually,
MARK L. THOMSEN, individually,
MARGE BOSTELMAN, individually,
JULIE M. GLANCEY,
DEAN KNUDSON, individually,
ROBERT F. SPINDELL, JR, individually, and
DOES 1-10,000,

Defendants.

**ORDER
DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION FOR
RECONSIDERATION (Dkt. #160) OF SANCTIONS ORDER
(Dkt. #136).**

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter comes before the Court on Plaintiff Counsels' Motion to Modify the Court's Order Imposing Sanctions, Pursuant Fed. R. Civ. P. 59 (Dkt. #160).

Plaintiffs argue variously that (1) they did not act in bad faith in filing the suit; (2) their argument that the individual plaintiffs had Article III standing was not unwarranted; (3) no state officials were ever sued in the case; (4) Plaintiffs' counsel conducted a reasonable inquiry before filing suit; (5) the Amended Complaint was not an effort to unreasonably and vexatiously multiply the proceedings; (6) the reference to a Tweet by President Trump was not sanctionable; (7) sanctions pursuant to Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority are not merited; and (8) sanctions are not required to deter the filing of similar lawsuits.

"The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed." *Seabron v. Am. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012). "Motions to reconsider are generally an inappropriate vehicle to advance 'new arguments, or supporting facts which were available at the time of the original motion.'" *Spring Creek Expl. & Prod. Co.*, LLC, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Arguments raised for the first time in a motion for reconsideration are not properly before the court and generally need not be addressed." *Madison v. Volunteers of Am.*, No. 12-cv-00333-REB-KMT, 2012 WL 1604683, at *1 (D. Colo. May 8, 2012) (quotation omitted).

Rule 59(e) motions may be granted only when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. The basis for granting reconsideration is extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Id.* (citations omitted). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted).

On careful review of Plaintiffs' motion for reconsideration and my order awarding sanctions dated August 3, 2021 (Dkt. #136), I conclude that, with one exception, there is no basis to revisit my decision. There has been no intervening change in controlling law. Plaintiffs point to no new evidence that was previously unavailable. And Plaintiffs have failed to identify any clear error to be corrected or a manifest injustice that needs to be prevented.

The one exception is that Plaintiffs have pointed out an error in my order regarding the basis for the award of sanctions to the Michigan Defendants. In issuing my sanctions order, I mistakenly believed that the Pennsylvania Defendants were the only parties seeking sanctions who did not do so pursuant to Rule 11. *See* Dkt. #136 at 66 (finding that "sanctions are merited under Rule11 (except with respect to Pennsylvania) and 28 U.S.C. § 1927"). Plaintiffs correctly point out that Michigan Governor Gretchen Whitmer and Michigan Secretary of State Jocelyn Benson only

sought sanctions pursuant 28 U.S.C. § 1927 and the Court's inherent authority—not under Rule 11. *See* Dkt. #109 at 2 (Defendants Governor Gretchen Whitmer and Secretary of State Jocelyn Benson's Motion for Sanctions).

For that reason, I modify my sanctions order (Dkt. #136) to make clear that sanctions are awarded to Defendants Michigan Governor Gretchen Whitmer and Michigan Secretary of State Jocelyn Benson on the basis of the Court's inherent authority and pursuant to 28 U.S.C. §1927, but not on the basis of a violation of Rule 11. Notwithstanding this technical correction in the basis for awarding sanctions to the Michigan Defendants, because there were alternative bases to award sanctions to the Michigan Defendants, the order awarding sanctions stands with respect to the Michigan Defendants and as to all the other Defendants who sought sanctions as well.

Wherefore, Plaintiffs' Counsel's Motion to Modify the Court's Order Imposing Sanctions, Pursuant to Fed. R. Civ.P . 59 (Dkt. #160) is denied in substantial part but granted in limited part, as described above with respect to the basis for awarding sanctions to the Michigan Defendants.

Dated:   October 5, 2021
         Denver, Colorado         N. Reid. Neureiter
                                  United States Magistrate Judge