FILED
United States Court of Appeals
Tenth Circuit

May 27, 2022

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| KEVIN O'ROURKE; NATHANIEL L. CARTER; LORI CUTUNILLI; LARRY D. COOK; ALVIN CRISWELL; KESHA CRENSHAW; NEIL YARBROUGH; AMIE TRAPP,<br><br>　　Plaintiffs - Appellants,<br><br>v.<br><br>DOMINION VOTING SYSTEMS, INC., a Delaware corporation; FACEBOOK, INC., a Delaware corporation; CENTER FOR TECH AND CIVIC LIFE; MARK E. ZUCKERBERG, individually; PRISCILLA CHAN, individually,<br><br>　　Defendants - Appellees. | No. 21-1161<br>(D.C. No. 1:20-CV-03747-NRN)<br>(D. Colo.) |

_____

## ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **ROSSMAN**, Circuit Judges.

_____

Plaintiffs appeal from the district court's dismissal of their 42 U.S.C. § 1983 suit for lack of standing. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

After the November 3, 2020, election for President of the United States, eight registered voters from several states filed a class action complaint in the District of Colorado alleging that Defendants (all private entities and individuals) had influenced or interfered with the election in violation of various constitutional provisions. Relying on their status as registered voters for standing, Aplt. App. A at 98, Plaintiffs alleged that Defendants' conduct "hurt[] every registered voter in the country, no matter whose side the voter is on," *id.* at 82; "damaged the Plaintiffs, but more broadly, every registered voter in America, all of whom have an interest in free and fair elections to determine the President of the United States of America," *id.* at 85; and "violated the rights of Plaintiffs and all registered voters in the United States," *id.* at 88. As recompense, they requested a declaratory judgment, a permanent injunction enjoining Defendants "from continuing to burden the rights of the Plaintiffs and all similarly situated registered voters," *id.* at 96, and "nominal" damages of $1,000 per registered voter, totaling approximately $160 billion, *id.* at 99.

Defendants Dominion Voting Systems, Inc., Facebook, Inc. (now known as Meta Platforms, Inc.), and Center for Tech and Civic Life moved to dismiss. Plaintiffs then moved for leave to file an amended complaint. After hearing oral arguments on the motions, the district court dismissed the suit for lack of Article III standing. The court held that Plaintiffs asserted a non-justiciable generalized grievance, because "by their own admission, Plaintiffs' claimed injuries are no different than the supposed injuries experienced by all registered voters." Aplt. App.

F at 1528. "Plaintiffs allege no particularized injury traceable to the conduct of Defendants, other than their general interest in seeing elections conducted fairly and their votes fairly counted." *Id.* at 1530. The court also denied Plaintiffs' motion to amend, holding that their proposed amended complaint failed to remedy the lack of standing.

## DISCUSSION

### I.  Lack of Standing

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). We review de novo a decision regarding a plaintiff's Article III standing. *See Benham v. Ozark Materials River Rock, LLC*, 885 F.3d 1267, 1272 (10th Cir. 2018). "When evaluating a plaintiff's standing at the motion to dismiss stage, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *United States v. Sup. Ct. of N.M.*, 839 F.3d 888, 899 (10th Cir. 2016) (brackets and internal quotation marks omitted).

It is Plaintiffs' burden to establish their standing. *Lujan*, 504 U.S. at 561. To do so, they must show three elements: (1) an injury in fact, that (2) has a causal connection to Defendants' action(s), and that (3) is likely to be redressed by a favorable decision. *See id.* at 560-61.

This appeal involves the first requirement of injury in fact. To establish injury in fact, Plaintiffs must show they suffered "an invasion of a legally protected

3

interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks omitted). "Particularized" "mean[s] that the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1.

In light of the requirement that injury be particularized, the Supreme Court has rejected standing based only on "a generalized grievance shared in substantially equal measure by all or a large class of citizens." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (internal quotation marks omitted). That means that a plaintiff who is "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large . . . does not state an Article III case or controversy." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) (rejecting challenge to Colorado's state redistricting procedures) (internal quotation marks omitted).

Plaintiffs aver that Defendants' conduct with regard to the 2020 Presidential election violated the constitutional rights of every registered voter in the United States. That is a generalized grievance. *See id.* at 442 (holding that the plaintiffs lacked standing because "[t]he only injury plaintiffs allege is that the law—specifically the Elections Clause—has not been followed. This injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past."); *see also Carney v. Adams*, 141 S. Ct. 493, 499 (2020) (generalized grievance that plaintiff, "like all citizens of Delaware,

4

must live and work within a State that (in his view) imposes unconstitutional requirements for eligibility on three of its courts"); *Gill v. Whitford*, 138 S. Ct. 1916, 1930 (2018) (generalized grievance to complain about gerrymandering unless the plaintiff lives in a gerrymandered district); *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (generalized grievance where plaintiffs' "only interest in having the District Court order reversed was to vindicate the constitutional validity of a generally applicable California law"); *Hotze v. Hudspeth*, 16 F.4th 1121, 1124 (5th Cir. 2021) (generalized grievance where "plaintiffs asserted . . . that drive-thru voting hurt the 'integrity' of the election process"); *Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020) (generalized grievance where registered voter based standing on interest in ensuring that only lawful ballots were counted), *cert. denied*, 141 S. Ct. 1379 (2021); *Bognet v. Sec'y Commonwealth of Pa.*, 980 F.3d 336, 349 (3d Cir. 2020) (generalized grievance where "Plaintiffs . . . theorize their harm as the right to have government administered in compliance with the Elections Clause and Electors Clause"), *cert. granted and judgment vacated*, 141 S. Ct. 2508 (2021), *dismissed as moot*, 849 F. App'x 37, 38 (3d Cir. 2021).

Accordingly, no matter how strongly Plaintiffs believe that Defendants violated voters' rights in the 2020 election, they lack standing to pursue this litigation unless they identify an injury to themselves that is distinct or different from the alleged injury to other registered voters. *See Carney*, 141 S. Ct. at 499 ("Lawyers, such as [the plaintiff], may feel sincerely and strongly that Delaware's laws should comply with the Federal Constitution. But that kind of interest does not create

5

standing. Rather, the question is whether [the plaintiff] will suffer a personal and individual injury beyond this generalized grievance[.]" (citation and internal quotation marks omitted)); *Hollingsworth*, 570 U.S. at 706 ("[A] 'generalized grievance,' no matter how sincere, is insufficient to confer standing."); *Diamond v. Charles*, 476 U.S. 54, 66-67 (1986) ("Article III requires more than a desire to vindicate value interests. It requires an injury in fact that distinguishes a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem." (citation and internal quotation marks omitted)). Plaintiffs state generally that they each suffered a "particularized injury," Aplt. Opening Br. at 23, and they recognize that they "must demonstrate a personal stake in the outcome," *id.* at 25 (internal quotation marks omitted). Yet their appellate briefs fail to identify any injury to any named plaintiff that is in any way different than the alleged injuries to every registered voter in the United States. Accordingly, Plaintiffs have not established that the district court erred in dismissing the action for lack of standing.

## II.    Denial of Leave to Amend

We generally review denial of leave to amend for abuse of discretion, "[b]ut when a district court denies leave to amend because amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020) (internal quotation marks omitted).

The proposed amended complaint sought to add 152 additional plaintiffs, bringing the total number of plaintiffs to 160 from 38 states. It further sought to certify a class of all registered voters in the United States, alleging that the class "consist[s] of millions of registered voters that make up the people of the United States of America, and whose rights and interests have been directly burdened." Aplt. App. D at 890. But Plaintiffs fail to show that any of the proposed additional plaintiffs had any injuries that were distinct or different from the injuries allegedly suffered by every registered voter in the United States. Therefore, for the reasons discussed above, the proposed amended complaint failed to establish any plaintiff had Article III standing, and the district court did not err in concluding that allowing amendment would be futile.

## CONCLUSION

The district court's judgment is affirmed.

                                                      Entered for the Court

                                                      Timothy M. Tymkovich
                                                      Chief Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| | | |
|---|---|---|
| Christopher M. Wolpert<br>Clerk of Court | | Jane K. Castro<br>Chief Deputy Clerk |

May 27, 2022

Gary D. Fielder
Law Office of Gary Fielder
1444 Stuart Street
Denver, CO 80204

Ernest J. Walker
Ernest J. Walker Law Office
1444 Stuart Street
Denver, CO 80204

RE:   21-1161, O'Rourke, et al v. Dominion Voting Systems, et al
      Dist/Ag docket: 1:20-CV-03747-NRN

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc: Ryan Thomas Bergsieker
Bridget DuPey
Stanley L. Garnett
Amanda Kristine Houseal
Joshua Seth Lipshutz
Joshua Adam Matz
David Brandon Meschke

CMW/jjh